UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA TANTAROS,

        Petitioner,

    -against-

FOX NEWS NETWORK, LLC., THE ESTATE
OF ROGER AILES, WILLIAM SHINE,
SUZANNE SCOTT, DIANNE BRANDI, and
IRENA BRIGANTI,

        Respondents.

**Case No. _____**

[Index No. 156936/2019 in the New York
State Supreme Court for New York
County]

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq.*, Respondents Fox News Network, LLC. ("Fox

News"), Suzanne Scott, Dianne Brandi, and Irena Briganti (collectively, the "Fox Parties")

hereby remove to this Court the action captioned *Andrea Tantaros v. Fox News Channel, LLC.[1],*

*The Estate of Roger Ailes, William Shine, Suzanne Scott, Dianne Brandi, and Irena Briganti,*

Index No. 156936/2019 (N.Y. Sup. Ct., County of New York, July 15, 2019) ("State Court

Action"). This Court has removal jurisdiction because this is a civil action "of which the district

courts have original jurisdiction" and an action "founded on a claim or right arising under…the

laws of the United States." 28 U.S.C. § 1441 *et seq.*; 28 U.S.C. § 1331. In particular, federal

question jurisdiction exists because Andrea Tantaros ("Petitioner" or "Tantaros") has brought a

claim that necessarily raises a "federal issue, actually disputed and substantial, which a federal

forum may entertain without disturbing any congressionally approved balance of federal and

state judicial responsibilities." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable &*

---

[1] Petitioner's filings erroneously identified Fox News as "Fox News Channel, LLC."

*Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016).

In further support of this Notice, the Fox Parties allege:

1.      On or about July 15, 2019,[2] Petitioner commenced the State Court Action against the Fox Parties, William Shine, and the Estate of Roger Ailes ("Respondents") by filing a Petition and Proposed Order to Show Cause in the Supreme Court of New York, New York County.   The Petition and Proposed Order to Show Cause are attached hereto as Exhibit B, at Docs 1 and 12 respectively.

2.      No Respondent received a copy of the Petition before July 15, 2019 and no Respondent has been properly served.[3]  Accordingly, this action is timely removed within thirty (30) days after service in accordance with 28 U.S.C. § 1446(b).

3.      No "process, pleadings, and orders" have been "served upon" the Fox Parties in the State Court Action.  28 U.S.C. § 1446(a).   However, the Fox Parties attach copies of all pleadings and orders included on the Docket Sheet in the State Court Action as Exhibit B.

4.      In compliance with U.S.C. § 1446(d), Fox Parties shall file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, and will serve Petitioner and all other Respondents with this Notice of Removal promptly after the filing of this Notice.

5.      Venue is proper in this Court because the Supreme Court of the State of New York, New York County is located within the Southern District of New York.

---

[2] The Docket Sheet for this action is attached as Exhibit A.

[3] On July 29, 2019, Petitioner filed an Affidavit of Service that stated that Respondents had been served by U.S. Mail.  *See* Exhibit B, Doc. 20.  However, service by mail is only complete upon return to Petitioner of a signed acknowledgment of receipt by each party or that party's attorney.  N.Y. C.P.L.R. § 312-a(b)(1).  Accordingly, service has not currently been effectuated.

A.     **Background**

6.     On May 11, 2016, Fox News initiated American Arbitration Association ("AAA") Case No. 01-16-0001-7288 (the "Arbitration") by filing an Initial Demand for Arbitration against Petitioner Andrea Tantaros alleging a breach of her September 12, 2014 Employment Agreement ("Employment Agreement") (Exhibit B, Doc. 20). The Demand was made pursuant to Paragraph 8 of Exhibit A of her Employment Agreement (the "Arbitration Clause"), which provides for mandatory arbitration of "[a]ny controversy, claim or dispute arising out of or relating to [the Employment Agreement] or [Petitioner's] employment."

7.     On August 22, 2016, Petitioner filed a Complaint in the Supreme Court of New York County (Index No. 157054/2016) (the "2016 Court Action") against the Fox Parties, Roger Ailes ("Ailes") and William Shine ("Shine"), in which she alleged sexual harassment, retaliation, and tortious interference with business expectancy.

8.     Less than a week later, on August 29, 2016 the Fox Parties moved to compel arbitration of Petitioner's claims in the 2016 Court Action ("Motion to Compel") pursuant to the Arbitration Clause.  Petitioner opposed the Motion to Compel.

9.     After briefing and oral argument, the New York Supreme Court granted the Fox Parties' Motion to Compel on February 15, 2017. Consistent with the Employment Agreement, the Arbitration resumed before a three-person panel of AAA arbitrators (the "Arbitration Panel").

10.     Petitioner filed an Answer and counterclaims in the Arbitration on May 5, 2017 in which she named, in addition to Fox News, Dianne Brandi, Irena Briganti, Suzanne Scott, William Shine, and Roger Ailes as individual Respondents.[4]  Her counterclaims included sexual

---

[4] After Ailes' death, Petitioner released Ailes from the Arbitration but then subsequently joined the Estate of Roger Ailes (the "Ailes Estate") over the Ailes Estate's objection.

harassment, retaliation, and tortious interference with business expectancy.  Thereafter, the

parties engaged in multiple years of discovery in arbitration.

11.     On July 11, 2018, Section 7515 of the New York Civil Practice Law and Rules

("Section 7515") took effect.  Section 7515's principal provision states that "[*e*]*xcept where

inconsistent with federal law*, no written contract, entered into on or after the effective date of

this section shall contain a prohibited clause as defined in paragraph two of subdivision (a) of

this section." N.Y. CPLR § 7515(b)(i) (emphasis added). *See also id.* § 7515(b)(iii) ("*Except

where inconsistent with federal law*, the provisions of such prohibited clause as defined in

paragraph two of subdivision(a) of this section shall be null and void") (emphasis added.)

Paragraph two of subdivision (a) of Section 7515 defines a prohibited clause as "any clause or

provision in any contract which requires as a condition of the enforcement of the contract or

obtaining remedies under the contract that the parties submit to mandatory arbitration to resolve

any allegation or claim of an unlawful discriminatory practice of sexual harassment."

12.     Between July 11, 2018 and July 15, 2019, the parties engaged in discovery and

briefing on motions to compel discovery in the arbitration, including a motion to compel

Tantaros to produce discovery she had repeatedly refused to provide.  On January 21, 2019, the

Arbitration Panel ruled on the motions to compel, requiring Tantaros to provide the requested

discovery, and ordered her to do so a second time on April 12, 2019.

13.     On June 17, 2019, Petitioner filed a motion to reconsider the discovery orders

issued by the Arbitration Panel.  On July 1, 2019, the Fox Parties filed a motion to dismiss

("Motion to Dismiss") Petitioner's claims in the Arbitration based on her repeated and willful

failures to comply with the Arbitration Panel's discovery orders, to which Petitioner responded

4

on July 7, 2019.  The Fox Parties filed a reply in support of the Motion to Dismiss on July 15, 2019.

14.     On the same day that the Fox Parties filed the reply completing the briefing of their Motion to Dismiss, Tantaros filed her Petition in the State Court Action.

**B.      The Petition**

15.     The Petition seeks a declaratory judgment that Section 7515 shields Petitioner from being compelled to arbitrate her sexual harassment "allegations, claims and defense [sic]." (Exhibit B, Doc. 1, at 1)  The Petition also purports to seek a temporary restraining order ("TRO") preventing Respondents from pursuing their claims and defenses relating to Petitioner's sexual harassment claims in the Arbitration while the Petition is pending and a preliminary and permanent injunction against arbitration of Petitioner's sexual harassment claims based on Section 7515.  (*Id.*).

16.     On July 17, 2019, Petitioner requested that the Arbitration Panel stay its decisions on the two pending motions in the arbitration.  On July 18, 2019, the Fox Parties informed the Arbitration Panel that they did not oppose Petitioner's request.  Therefore, the TRO and preliminary injunction requests are moot.

**C.      Federal Question Jurisdiction**

17.     Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States."  This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves a state law claim that implicates significant federal issues.

18.    Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *accord NASDAQ OMX Grp., Inc. v. UBS Secs., Inc.*, 770 F.3d 1010, 1020 (2d Cir. 2014). All four elements are met here.

19.    A federal issue is "necessarily raised" by Tantaros' Petition because it is based on CPLR Section 7515, which *expressly* requires interpretation of federal law.  In particular, Section 7515's purported prohibition on mandatory arbitration of sexual harassment claims states on its face that it applies only when it is not  "inconsistent with federal law." N.Y. CPLR § 7515(b)(i), (iii).   In addition, the Petition specifically raises federal law because it challenges this Court's decision in *Latif v. Morgan Stanley & Co. LLC*, No. 18CV11528 (DLC), 2019 WL 2610985, at *4 (S.D.N.Y. June 26, 2019) that the Federal Arbitration Act, 9 U.S.C. 2  ("FAA") preempts Section 7515.(Exhibit B, Doc. 3 at 11-12)

20.    The federal issue is "actually disputed," as Petitioner contends that the FAA does not preempt Section 7515, while Fox Parties and the other Respondents contend that the FAA preempts the ban on mandatory arbitration and requires that the arbitration agreement be enforced according to its terms.[5]

21.    The federal issue is "substantial," as uniform and proper application of the FAA is a substantial federal interest. Accordingly, the United States Supreme Court has repeatedly recognized federal jurisdiction over cases in which state courts have announced state-law rules

---

[5] Consistent with their unwavering position that this matter belongs in arbitration, the Fox Parties plan to file a motion to compel arbitration at the earliest appropriate opportunity. They have not waived or diminished, and do not intend to waive or diminish, their substantive right to arbitration by seeking removal of the State Court Action to this Court.  *See Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 529 (S.D.N.Y. 2015) ("[T]he mere act of removing [a] claim from state to federal court is hardly the sort of aggressive participation in litigation that [gives] rise to waiver.")

that are inconsistent with the FAA.  *See, e.g.*, *Kindred Nursing Ctrs. Ltd. P'Ship v. Clark*, 137 S. Ct. 1421 (2017); *DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463 (2016); *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530 (2012).

22.     Finally, recognizing federal jurisdiction here would not threaten the Congressionally approved federal-state balance.  There are few cases like this one, where a petitioner relies solely on a state statute that by its very terms calls for assessing whether its provisions "are consistent with federal law", and where the preemption issue is actually in dispute and central to the disposition of the claim, as it is here.

**D.     Consent of the Other Respondents**

23.     The Fox Parties have been authorized to report that Shine and the Ailes Estate have consented to the removal of this action.  The consent of Shine and the Ailes Estate to removal is attached hereto to as Exhibit C.

WHEREFORE, the Fox Parties pray that the above action now pending against them in the Supreme Court of the State of New York, County of New York, be removed therefrom to this Court.

Dated: July 30, 2019                    Respectfully submitted,


                                        /s/Kristina A. Yost
                                        Matthew W. Lampe
                                        Kristina A. Yost
                                        JONES DAY
                                        250 Vesey Street
                                        New York, 10281-1047
                                        Tel: 212.326.3939
                                        Fax: 212.755.7306
                                        mwlampe@jonesday.com
                                        kyost@jonesday.com

                                        *Attorneys for Respondents*
                                        *Fox News Network, LLC, Suzanne Scott,*
                                        *Dianne Brandi, and Irena Briganti*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2019 I caused the attached Notice of Removal to be served on the parties listed below via the New York State Courts Electronic Filing system by filing a true and correct copy of the Notice of Filing of Removal on the docket of *Tantaros v. Fox News Channel, et al*., Index No. 156936/2019 (N.Y. Sup. Ct., County of New York, July 15, 2019). I further certify that on the 31st day of July, 2019, I caused the attached Notice of Removal to be served on the parties listed below via First-Class U.S. Mail, with a courtesy copy sent by electronic mail:

Jonathan Askin
250 Joralemon Street
Brooklyn, NY 11201-3700
Phone:  718-780-0622
Email: jonathan.askin@brooklaw.edu

Bruce Fein
Fein & DelValle, PLLC
300 New Jersey Ave. NW
Washington, DC 20001
Phone: 202-465-8727
Email: bruce@feinpoints.com

*Attorneys for Petitioner*

Peter E. Calamari
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Phone: 212-849-7171
Email: petercalamari@quinnemanuel.com

*Attorney for Respondent Estate of Roger Ailes*

Thompson & Knight LLP
900 Third Avenue, 20th floor,
New York, NY  10022
Phone: 212-751-3341
Email: marion.bachrach@tklaw.com

*Attorney for Respondent William Shine*

/s/ Kristina A. Yost
_____
*Attorney for Respondents Fox News
Network, LLC, Suzanne Scott, Dianne
Brandi, and Irena Briganti*