UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA TANTAROS,<br><br>                Petitioner,<br><br>  -against-<br><br>FOX NEWS NETWORK, LLC,<br>THE ESTATE OF ROGER AILES,<br>WILLIAM SHINE, SUZANNE SCOTT,<br>DIANNE BRANDI, and ANDREA BRIGANTI,<br><br>                Respondents. | Case No. 1:19-cv-07131-ALC-RWL<br><br>New York County Supreme Court<br>Index No. 156936/2019 |

## PETITIONER'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO REMAND

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Tel.: 212-545-4600

FEIN & DELVALLE, PLLC
300 New Jersey Avenue NW
Washington, DC 20001
Tel.: 202-465-8727

*Counsel to Petitioner, Andrea Tantaros*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STANDARD OF REVIEW ........................................................................................................ 2

ARGUMENT ............................................................................................................................... 3

I. Respondents Fail to Carry their Burden of Proving that Petitioner's State Law Claim Under CPLR 7515 Necessarily Raises a Federal Issue ............................... 3

II. Respondents Fail to Demonstrate that any Federal Issue Under the Federal Arbitration Act is Substantial ........................................................................................ 5

III. Respondents Fail to Carry their Burden of Proving that Federal Jurisdiction Would Not Disrupt the Federal-State Balance Approved by Congress ................................ 6

CONCLUSION ............................................................................................................................ 7

## TABLE OF AUTHORITIES

**CASES**                                                                                                                                    **Page(s)**

*Burns v. Windsor Ins. Co.*,
  31 F.3d 1092 (11th Cir. 1994) ......................................................................................... 2

*DIRECT TV, Inc. v. Imburgia*,
  136 S. Ct. 463 (2015) ..................................................................................................... 6

*Franchise Tax Bd. v. Construction Laborers Vacation Trust*,
  463 U.S. 1 (1983) ............................................................................................................ 2

*Gaitor v. Peninsular & Occidental S.S. Co.*,
  287 F.2d 252 (5th Cir. 1961) ......................................................................................... 2

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ......................................................................................... 2

*Gunn v. Minton*,
  568 U.S. 251 (2013) ............................................................................................... 3, 5, 7

*Kindred Nursing Ctrs. Ltd. P'ship v. Clark*,
  137 S. Ct. 1421 (2017) ................................................................................................... 6

*Marmet Health Care Ctr. Inc. v. Brown*,
  565 U.S. 530 (2012) ....................................................................................................... 6

*McCulloch v. Maryland*,
  17 U.S. 316 (1819) ......................................................................................................... 4

*Meritcare Inc. v. St. Paul Mercury Ins. Co.*,
  166 F.3d 214 (3d Cir. 1999) .......................................................................................... 2

**STATUTES AND RULES**

CPLR,
  7515 ................................................................................................................... *passim*

Federal Arbitration Act,
  9 U.S.C. 2 ......................................................................................................... *passim*

Supremacy Clause of Article VI of the United States Constitution ................................... 2, 3, 4, 6

Title VII of the Civil Rights Act of 1964,
  42 U.S.C. 2000e ............................................................................................................ 3

Petitioner Andrea Tantaros respectfully submits this Memorandum of Law in Support of her motion to remand this action to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. 1447(c).

**PRELIMINARY STATEMENT**

On February 15, 2017, Justice David B. Cohen of the Supreme Court of the State of New York, New York County, entered an Order interpreting the Federal Arbitration Act, 9 U.S.C. 2, granting Respondents' motion to compel arbitration of Petitioner's sexual harassment allegations. ECF 1 ¶ 9.  The arbitration order pivoted on a mandatory arbitration provision in Petitioner's employment contract with Respondent Fox News Channel.[1]  At present, Respondent Estate of Roger Ailes is beseeching Justice Cohen to grant unauthorized interlocutory review of the arbitration Panel's order making the Estate a co-Respondent in the arbitration. That procedural frolic remains pending before Justice Cohen.

Provoked by the procedural and substantive unconscionability of employer-dictated mandatory arbitration of sexual harassment allegations or claims, the New York State legislature enacted section 7515 of the Civil Practice Law and Rules (CPLR) on April 12, 2018.  The new statute made mandatory arbitration provisions in employment contracts governing sexual harassment—a species of unconscionability—null, void and unenforceable.

Relying exclusively on state law, *i.e.*, CPLR 7515, Petitioner filed suit in the New York Supreme Court.  The suit is assigned to the same Justice Cohen who earlier decided Respondents' motion to compel arbitration in their favor by dint of the Federal Arbitration Act. Petitioner's suit, based exclusively on state law, seeks a declaratory judgment that Petitioner cannot be compelled to continue to arbitrate her sexual harassment allegations and claims in

---

[1] Fox News Channel now identifies itself as Fox News Network, LLC but has not filed any notice of name change.

AAA Case No. 01-16-0001-7288.  (Respondents have maneuvered to protract the arbitration *for over three years* to financially drain and traumatize Petitioner and evade their day of reckoning).

Fearful of losing before Justice Cohen, Respondents have resorted to classic forum shopping.  They filed in this Court a Notice of Removal on July 30, 2019 under 28 U.S.C. 1441 *et seq.*, *see* ECF 1, based on a preposterous theory of federal question jurisdiction under 28 U.S.C. 1331 that would threaten a tsunami of copycat removals and disrespect federal-state comity expounded in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny.  State judges are every bit as bound to uphold federal law as are federal judges. The Supremacy Clause of Article VI of the United States Constitution is categorical: "This Constitution, and the laws of the United States which shall be made in pursuance thereof…shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."

## STANDARD OF REVIEW

There is a strong presumption against removal. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, removal statutes are strictly construed. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217-18 (3rd Cir. 1999).  Any doubts about removal are to be resolved in favor of remand.  That is because federal court jurisdiction is limited, and removal deprives plaintiffs of their chosen forum. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10-11 (1983); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A removing defendant or respondent bears the burden of proof of establishing federal court jurisdiction.  *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252 (5th Cir. 1961).

## ARGUMENT

Respondents do not and could not argue that Petitioner's CPLR 7515 claim in New York Supreme Court arises under federal law within the meaning of 28 U.S.C. 1331. In *Gunn v. Minton,* 568 U.S. 251 (2013), the Court reaffirmed the centuries-old understanding that a suit arises under federal law when federal law creates the cause of action. *Id.* at 257. Writing for the Court, Chief Justice John Roberts explained that the "creation" test for determining federal question jurisdiction "admits of only extremely rare exceptions…." *Id.* The latter must satisfy an exacting four-part test in which Respondents bear the burden of proof. Chief Justice Roberts elaborated:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

*Id.* at 258.

The substantiality inquiry looks to the importance of the issue to the federal system as a whole; its significance to the parties to the immediate suit should be disregarded. *Id.* at 260. And as regards upsetting the federal-state balance approved by Congress, it speaks volumes that Congress has refrained from excluding state court jurisdiction over claims arising under the Federal Arbitration Act and from preempting state laws complementing the federal employment prohibition against sexual harassment enshrined in Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*.

**I.    Respondents Fail to Carry their Burden of Proving that Petitioner's State Law Claim Under CPLR 7515 Necessarily Raises a Federal Issue**

Under the Supremacy Clause of Article VI of the United States Constitution, every state statute must yield to a superior federal law or to the Constitution irrespective of whether that subordination is expressed in the text of the state statute creating the cause of action. Chief

3

Justice John Marshall declared in *McCulloch v. Maryland*, 17 U.S. 316, 426 (1819): "This great principle is, that the constitution and the laws made in pursuance thereof are supreme; that they control the constitution and laws of the respective States, and cannot be controlled by them."

Respondents magnify a flea into an elephant in giving dispositive significance to superfluous language in CPLR 7515 stating its application must not be "inconsistent with federal law." Respondents' Notice of Removal (ECF 1), ¶ 19.  The Supremacy Clause places that same limitation on CPLR 7515 and every other state law enacted in the past and to be enacted in the future. Every state law cause of action requires interpretation of federal statutes or the U.S. Constitution to determine if there is an inconsistency.  CPLR 7515 stated the obvious without legal significance.

Suppose CPLR 7515 imposed a civil fine of $10,000 on any employer who included a mandatory arbitration provision for sexual harassment allegations or claims when the fine was not inconsistent with the Eighth Amendment's prohibition of "excessive fines." In a suit brought to enforce the CPLR 7515 fine in state court, Respondent's zany theory of federal question jurisdiction would justify removal to federal court because application of the state law was contingent on its compliance with the Eighth Amendment. Indeed, it is difficult to imagine any state law cause of action that could avoid removal under Respondents' preposterous theory of federal question jurisdiction.  Respondents would turn Chief Justice Roberts' doctrine that exceptions to the "creation" test admit of "only extremely rare exceptions" on its head.  Even assuming Respondents' federal question theory has a featherweight of plausibility, it falls far short of overcoming the strong presumption against removal.

4

**II.     Respondents Fail to Demonstrate that any Federal Issue Under the Federal Arbitration Act is Substantial**

As Chief Justice Roberts decreed in *Gunn,* the substantiality test turns on the importance of an issue to the federal system as a whole, not on its importance to the immediate litigants to the suit. 568 U.S. at 260.  The Federal Arbitration Act, 9 U.S.C. 2, applies to millions of arbitration agreements involving commerce.  In contrast, CPLR 7515 applies to a miniscule fraction of all arbitrations under the FAA.  The state law's impact on the federal system regarding arbitration is trifling.  Respondents do not argue otherwise.  Indeed, they agree that "There are few cases like this one…."  Respondents' Notice of Removal (ECF 1), ¶ 22.

Respondents errantly argue that the substantiality test is satisfied because "uniform and proper application of the FAA is a substantial federal interest." *Id.,* ¶ 21.  Substantiality, however, must be measured against the entire sweep of applications of the FAA.  And CPLR 7515 applies to only a miniscule subset of arbitration agreements subject to the FAA.

Moreover, if Congress were worried about recurring state court stumbles in interpreting the FAA, it would have conferred exclusive federal court jurisdiction over FAA suits as it has over other federal statutes, *e.g.,* 28 U.S.C. 1338.  Finally, if the question of the FAA's preemption of CPLR 7515 arises frequently, it will soon be resolved in the federal system in suits to compel arbitration of sexual harassment allegations or claims; if it does not arise frequently, it is unlikely to implicate substantial federal interests. *See Gunn, supra,* 568 U.S. at 262.

Respondents also vastly overstate the federal interest in uniformity.  Federal courts routinely interpret federal statutes differently.  Conflicts often remain unresolved for years until the United States Supreme Court grants certiorari to resolve them.

The feebleness of Respondent's argument is reinforced by the three cases they reference to support of their ludicrous theory of substantiality. Notice of Removal (ECF 1), ¶ 21. None involve federal question jurisdiction or removal: *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S. Ct. 1421 (2017); *DIRECT TV, Inc. v. Imburgia*, 136 S. Ct. 463 (2015); *Marmet Health Care Ctr.Inc. v. Brown*, 565 U.S. 530 (2012). Those cases are not even within the penumbra or emanations of the federal question and removal statutes.

### III. Respondents Fail to Carry their Burden of Proving that Federal Jurisdiction Would Not Disrupt the Federal-State Balance Approved by Congress

Indeed, as amplified above, Respondents' theory of federal jurisdiction would transform removals of state law causes of action from a tiny acorn into a giant oak. Every state law claim filed in state court with a potential Supremacy Clause defense would be removed to federal court. Plaintiffs would be denied their choice of forum on an industrial scale. Federal dockets would congest more than rush hour traffic in Manhattan.

Additionally, New York's interest in deterring the epidemic of sexual harassment in the workplace by ensuring victims a judicial forum for redress under CPLR 7515 is both overwhelming and undisturbing to any federal interest. Mandatory arbitration of sexual harassment allegations or claims emboldens serial violators like Respondent Fox News Channel to persist by hiding their vulgar and repugnant misconduct in the darkness of arbitration. Associate Justice Louis D. Brandeis famously instructed, "Sunlight is said to be the best of disinfectants; the electric light the most efficient policeman."

There is no countervailing federal interest in depriving a sexual harassment victim of her choice of forum in vindicating her rights under CPLR 7515 in state court. If Congress were concerned about the competence or bias of state tribunals regarding questions arising under the FAA, it would have made federal jurisdiction over causes of action arising under the FAA

exclusive rather than concurrent. Moreover, Respondents have presented zero evidence that state courts in general or Justice Cohen in particular cannot be trusted to interpret the FAA fairly or impartially. In any event, Chief Justice Roberts declared in *Gunn* that the possibility that a state court will incorrectly resolve a state claim is not by itself enough to trigger federal question jurisdiction, even if the potential error finds its root in a misunderstanding of federal law. 568 U.S. at 263.

## CONCLUSION

For the reasons above, the Court should grant Petitioner's Motion to Remand, award Petitioner her costs and expenses, including attorneys' fees, incurred as a result of Respondents' legally deficient notice of removal, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 5, 2019

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

/s/ Demet Basar
Demet Basar
Daniel Tepper
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 686-0114
basar@whafh.com
tepper@whafh.com

FEIN & DELVALLE, PLLC
Bruce Fein (*pro hac vice motion forthcoming*)
300 New Jersey Avenue NW
Washington, DC 20001
Tel.: 202-465-8727
bruce@feinpoints.com

*Counsel to Petitioner, Andrea Tantaros*

805621

7