UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA TANTAROS,<br><br>    Petitioner,<br><br> -against-<br><br>FOX NEWS NETWORK, LLC,<br>THE ESTATE OF ROGER AILES,<br>WILLIAM SHINE, SUZANNE SCOTT,<br>DIANNE BRANDI, and ANDREA BRIGANTI,<br><br>    Respondents. | Case No. 1:19-cv-07131-ALC-RWL<br><br>New York County Supreme Court<br>Index No. 156936/2019 |

**PETITIONER'S SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO REMAND**

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Tel.: 212-545-4600

FEIN & DELVALLE, PLLC
300 New Jersey Avenue NW
Washington, DC 20001
Tel.: 202-465-8727

*Counsel to Petitioner, Andrea Tantaros*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT.........................................................................................................................1

I.   THE DOCTRINE OF CONSTITUTIONAL AVOIDANCE REQUIRES ADDRESSING RESPONDENTS' STATE LAW DEFENSES BEFORE ADDRESSING CONSTITUTIONAL PREEMPTION UNDER THE FAA....................................................1

II.   JUDICIAL EFFICIENCY, FEDERAL-STATE COMITY, ADDED DELAY AND EXPENSE MILITATE AGAINST REMOVAL ...............................................................3

III.  REMOVAL IS UNNECESSARY FOR UNIFORM INTERPRETATION OF THE FAA ....4

IV.  CPLR 7515 DOES NOT PRESENT A SUBSTANTIAL FEDERAL ISSUE.......................4

V.   REMOVAL WOULD DISRUPT THE FEDERAL-STATE BALANCE STRUCK BY CONGRESS .....................................................................................................................5

CONCLUSION......................................................................................................................6

## TABLE OF AUTHORITIES

**CASES**                                                                                          **Page(s)**

*Ashwander v. TVA,*
   297 U.S. 288 (1936) ..........................................................................................2

*DIRECT TV, Inc. v. Imburgia,*
   136 S. Ct. 463 (2015) ........................................................................................4

*Erie Railroad v. Tompkins,*
   304 U.S. 64 (1938) ............................................................................................2

*Fidelity Union Trust v. Field,*
   311 U.S. 169 (1940) ...................................................................................... 2-3

*Gunn v. Minton,*
   568 U.S. 251 (2013) ..........................................................................................4

*Kindred Nursing Ctrs. Ltd. P'Ship v. Clark,*
   137 S. Ct. 1421 (2017) ......................................................................................4

*Marmet Health Care Ctr., Inc. v. Brown,*
   565 U.S. 530 (2012) ..........................................................................................4

*Moore v. Sims,*
   442 U.S. 415 (1979) ..........................................................................................4

*Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,*
   477 U.S. 619 (1986) ..........................................................................................4

*West v. American Tel. & Tel. Co.,*
   311 U.S. 223 (1940) ..........................................................................................3

**STATUTES & RULES**

CPLR 7515 ........................................................................................................*passim*

28 U.S.C. § 1257 .......................................................................................................4
28 U.S.C. § 1291 .......................................................................................................4
28 U.S.C. § 1447(c) ..................................................................................................1

Federal Arbitration Act ("FAA") ........................................................................*passim*

U.S. Const., art. VI, cl. 2 ("Supremacy Clause") ............................................. 1, 2, 5

New York State Const., art. VI, § 3(b)(9) .................................................................3

Pursuant to the Order of the Court dated August 5, 2019 (ECF 12), Petitioner Andrea Tantaros respectfully submits this Supplemental Memorandum of Law in Further Support of her motion to remand this action to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. 1447(c).

## PRELIMINARY STATEMENT

Petitioner addresses the following issues requested by the Court:  1) the need to interpret CPLR 7515 before deciding Respondents' Federal Arbitration Act (FAA) preemption argument; and 2) the impact of removal on judicial efficiency as well as additional delay and expense to the parties.

Petitioner also addresses Respondents' argument for uniformity in the interpretation of the FAA and the substantiality of the federal issue. During the conference call on August 5th, Respondents affirmed that if removal were granted, they will argue CPLR 7515 defenses of non-retroactivity, waiver, or otherwise in addition to Federal Arbitration Act preemption.

These issues fortify the conclusion that Respondents' Notice of Removal is without merit and that Petitioner's Motion to Remand should be granted.

## ARGUMENT

I.    **THE DOCTRINE OF CONSTITUTIONAL AVOIDANCE REQUIRES ADDRESSING RESPONDENTS' STATE LAW DEFENSES BEFORE ADDRESSING CONSTITUTIONAL PREEMPTION UNDER THE FAA**

If the Court were to endorse Respondents' quest for removal, the doctrine of constitutional avoidance would compel an interpretation of CPLR 7515 without guidance from New York State courts prior to addressing FAA preemption. Respondents' Notice of Removal pivots on the argument that CPLR 7515 is unconstitutional under the Supremacy Clause because it is contrary to the Federal Arbitration Act. The FAA defense is Respondents' sole theory of

federal question subject matter jurisdiction.  Respondents have represented to the Court, however, that they will also seek dismissal of Petitioner's CPLR 7515 claim not because it is preempted by the FAA, but because of Petitioner's alleged waiver of her CPLR 7515 rights and/or the non-retroactivity of the law. These are purely issues of state law. If removal were to be granted, the doctrine of constitutional avoidance would require the Court first to strive for an interpretation of CPLR 7515 that would obviate the need to determine whether it was unconstitutional under the Supremacy Clause.

In authoritatively elaborating seven discrete branches of the constitutional avoidance doctrine in *Ashwander v. TVA,* 297 U.S. 288, 347 (1936) (concurring opinion), Justice Louis Brandeis explained, among other things:

> The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. This rule has found most varied application. Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.

Thus, if the Court were to endorse Respondents' removal petition on the atextual theory that a Supremacy Clause defense (*i.e.*, the FAA) to a state law CPLR 7515 claim law also constitutes a cause of action arising under federal law for purposes of subject matter jurisdiction, the constitutional avoidance doctrine would compel the Court to decide purely state law issues to possibly avoid the FAA constitutional preemption question: whether CPLR 7515 is retroactive; and whether Petitioner has waived her CPLR 7515 rights. These twin state law issues, moreover, have yet to be addressed by a New York court. Under *Erie Railroad v. Tompkins,* 304 U.S. 64 (1938) and its progeny, this Court has no independent authority to interpret CPLR 7515. It must bow to what it speculates would be the interpretation of CPLR 7515 if it were addressed by the New York Court of Appeals or authoritative subordinate state tribunals. *Id.* at 78; *Fidelity Union*

2

*Trust v. Field*, 311 U.S. 169 (1940); *West v. American Tel. & Tel. Co.*, 311 U.S. 223 (1940). In undertaking this task, this Court would thus be more engaged in stargazing than judging, in guessing how New York State courts would interpret CPLR 7515 if given the chance.[1]

Respondents ask the Court to accept removal on a dubious federal question theory of subject matter jurisdiction but then switch gears to decide the case under state law, *i.e.*, that CPLR 7515 is non-retroactive, and that its protections have been waived by Petitioner. However, the doctrine of constitutional avoidance and absence of any authoritative state court construction of CPLR 7515 only serve to fortify Petitioner's Motion to Remand.

## II.   JUDICIAL EFFICIENCY, FEDERAL-STATE COMITY, ADDED DELAY AND EXPENSE MILITATE AGAINST REMOVAL

This case was removed from New York State Supreme Court Justice David Cohen. He is deeply immersed in the facts and relevant law. On Respondents' motion, Justice Cohen previously ordered arbitration of the disputes between Petitioner and Respondents under the FAA prior to the enactment of CPLR 7515.

Removal would require the Court to retrace steps already take by Justice Cohen. If Respondents were sincere in seeking removal of Petitioner's CPLR 7515 claim to federal court to ensure a uniform interpretation of the FAA, they would have sought removal of Petitioner's earlier state law claims from Justice Cohen on the same pioneering federal question theory. Instead, they allowed the FAA issue to be decided by Justice Cohen, which he resolved in their favor.

Pending before Justice Cohen is a challenge to the arbitration Panel's decision to include the Estate of Roger Ailes as a co-Respondent to Petitioner's counterclaims.  For the Court to

---

[1] A United States District Court is not authorized to seek an authoritative advisory interpretation of CPLR 7515 by the New York Court of Appeals under the New York State Constitution, Article VI, Section 3(b)(9).

grant removal would divide issues derived from a common nucleus of operative fact between this Court and Justice Cohen. That would run contrary to the strong policy against piecemeal litigation to conserve judicial resources that finds expression, among other things, in the final judgment rule of 28 U.S.C. 1291 and prohibition on splitting a cause of action. Removal would also disrespect New York State courts contrary to the spirit of federal-state comity ordained by *Younger v. Harris*, 401 U.S. 37 (1971), which applies in both criminal and non-criminal proceedings. *See also Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619 (1986); *Moore v. Sims*, 442 U.S. 415 (1979). Removal would disrespect Justice Cohen's proven ability to fairly and impartially interpret the FAA, which is what *Younger* abstention discountenances. Removal would also further delay the proceedings and saddle Petitioner with needless additional expense.

## III.   REMOVAL IS UNNECESSARY FOR UNIFORM INTERPRETATION OF THE FAA

Removal is not necessary to promote a uniform interpretation of the FAA. Indeed, the four key cases relied upon by Respondents all involve state interpretations of the FAA reversed by the United States Supreme Court exercising its power to review state court decisions involving a federal question under 28 U.S.C. 1257(a): *Gunn v. Minton*, 568 U.S. 251 (2013); *Kindred Nursing Ctrs. Ltd. P'Ship v. Clark*, 137 S. Ct. 1421 (2017); *DIRECT TV, Inc. v. Imburgia*, 136 S. Ct. 463 (2015); and *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530 (2012). This demonstrates that FAA uniformity can be achieved notwithstanding state court jurisdiction over the federal statute.

## IV.   CPLR 7515 DOES NOT PRESENT A SUBSTANTIAL FEDERAL ISSUE

*Gunn* teaches that the substantiality test for smuggling state law claims into federal question subject matter jurisdiction requires an examination of "the importance of the issue to the

4

federal system as a whole." 568 U.S. at 260.  Paragraph 22 of Respondents' Notice of Removal (ECF 1) concedes that the federal issue here – FAA preemption of CPLR 7515's prohibition of mandatory arbitration of sexual harassment claims or allegations – is of trivial importance to the FAA's application to the full spectrum of arbitration agreements in commerce numbering hundreds of thousands.  Indeed, Respondents expressly concede that "[t]here are very few cases like this one…." *Id.* As Chief Justice John Roberts instructed in *Gunn,* the bedrock federal question doctrine that a suit arises under the law that creates the cause of action "admits of only extremely rare exceptions…" 568 U.S. at 257.  Petitioner's suit arises under state law, CPLR 7515. Respondents have failed to show their potential federal Supremacy Clause defense to Petitioner's state cause of action falls within that extremely rare domain.

## V.     REMOVAL WOULD DISRUPT THE FEDERAL-STATE BALANCE STRUCK BY CONGRESS

Respondents' imaginative theory of federal question jurisdiction would smash the federal-state balance struck by Congress into smithereens. According to Respondents, every state law cause of action that might encounter a federal Supremacy Clause defense (*i.e.,* all of them), becomes, *ipso facto*, a federal cause of action subject to removal. The impact on this Court's docket alone would be staggering. In 2018, state law claims filed in state courts within the jurisdiction of this Court approximated 928,976.[2] That number dwarfs the number of cases filed annually in this Court by several orders of magnitude. Indeed, in the *entire federal court system* the number of civil cases filed in 2018 was only 277,010.[3] This Court would become a court of general rather than limited jurisdiction contrary to the federal-state balance struck by Congress.

---

[2] Derived from https://www.nycourts.gov/legacypdfs/18_UCS-Annual_Report.pdf (last accessed August 12, 2019).
[3] https://www.uscourts.gov/statistics-reports/federal-judicial-caseload-statistics-2018 (last accessed August 12, 2019).

## CONCLUSION

For the foregoing reasons and in Petitioner's Memorandum of Law in Support of Motion to Remand (ECF 11), the Court should grant Petitioner's Motion to Remand, award Petitioner her costs and expenses, including attorneys' fees, incurred as a result of Respondents' legally deficient notice of removal, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 12, 2019

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**

/s/ Demet Basar
Demet Basar
Daniel Tepper
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 686-0114
basar@whafh.com
tepper@whafh.com

FEIN & DELVALLE, PLLC
Bruce Fein (*admitted pro hac vice*)
300 New Jersey Avenue NW
Washington, DC 20001
Tel.: 202-465-8727
bruce@feinpoints.com

*Counsel to Petitioner, Andrea Tantaros*

805714

6