UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREA TANTAROS,

        Petitioner,

-against-

FOX NEWS NETWORK, LLC,
THE ESTATE OF ROGER AILES,
WILLIAM SHINE, SUZANNE SCOTT,
DIANNE BRANDI, and ANDREA BRIGANTI,

        Respondents.

---

Case No. 1:19-cv-07131-ALC-RWL

New York County Supreme Court
Index No. 156936/2019

**PETITIONER'S REPLY MEMORANDUM OF LAW
<u>IN FURTHER SUPPORT OF MOTION TO REMAND</u>**

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Tel.: 212-545-4600

FEIN & DELVALLE, PLLC
300 New Jersey Avenue NW
Washington, DC 20001
Tel.: 202-465-8727

*Counsel to Petitioner, Andrea Tantaros*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

I.   THE FOX PARTIES MISINTERPRET CPLR 7515..............................................................2

II.  REMANDING THIS CASE WOULD NOT DISTURB THE FEDERAL INTEREST
     IN UNIFORM ENFORCEMENT OF THE FAA ..................................................................4

III. ACCEPTING FEDERAL JURISDICTION WOULD DISRUPT THE
     CONGRESSIONALLY-APPROVED BALANCE BETWEEN FEDERAL AND STATE
     COURTS ..................................................................................................................................5

IV.  CONSTITUTIONAL AVOIDANCE – ABSTENTION ........................................................5

CONCLUSION................................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**  **Page(s)**

*Gunn v. Minton,*
  568 U.S. 251 (2013) ........................................................................................................... 1, 5

*Latif v. Morgan Stanley & Co, LLC,*
  No. 18-cv-11528 (DLC), 2019 WL 2610985 (S.D.N.Y. June 26, 2019) ............................. 1, 4

*Meacham v. Knolls Atomic Power Lab.,*
  554 U.S. 84 (2008) ................................................................................................................. 1

*Rhode Island Fishermen's Alliance, Inc.
v. Rhode Island Department of Environmental Management,*
  585 F.3d 42 (1st Cir. 2009) ................................................................................................. 3-4

*United States v. Taylor,*
  686 F.3d 182 (3d Cir. 2012) ............................................................................................... 1-2

*Younger v. Harris,*
  401 U.S. 37 (1971) ................................................................................................................. 4


**STATUTES & RULES**

CPLR 7515 ............................................................................................................... *passim*

28 U.S.C. § 1257(a) .................................................................................................. 2, 4, 7

Civil Rights Act of 1964 ............................................................................................... 1, 4

Federal Arbitration Act .............................................................................................. *passim*

U.S. Const., art. VI, cl. 2 ("Supremacy Clause") ........................................................... 5, 6

Petitioner Andrea Tantaros respectfully submits this Reply Memorandum of Law in further support of her motion to remand this action to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. 1447(c).

## PRELIMINARY STATEMENT

Contrary to the argument advanced by Respondents (the "Fox Parties"), the issue before the Court is federal question subject matter jurisdiction. It is not whether *Latif v. Morgan Stanley & Co, LLC,* No. 18-cv-11528 (DLC), 2019 WL 2610985, at *3-4 (S.D.N.Y. June 26, 2019), correctly interpreted CPLR 7515 and the Federal Arbitration Act ("FAA").

In *Latif,* federal question jurisdiction was anchored to claims arising under Title VII of the Civil Rights Act of 1964 and both parties urged the Court to decide whether CPLR 7515 conflicted with the FAA. There was no competing state forum to decide the question. In this case, in contrast, Petitioner's claims arise exclusively under state law; and Petitioner objects to having her state law claim removed from the congressionally-authorized jurisdiction of the New York Supreme Court presided over by Justice David Cohen.

The Fox Parties' attempt to smuggle their case for removal into that "'special and small category' of cases," *Gunn v. Minton,* 568 U.S. 251, 258 (2013), in which a claim originating under state rather than federal law nevertheless meets federal question jurisdiction, is nonsense. Among other things, their argument pivots on an absurd interpretation of CPLR 7515 in defiance of common sense and the United States Supreme Court's canon of statutory construction that the burden of pleading and proving a statutory exception is on the party claiming its benefits. *See, e.g., Meacham v. Knolls Atomic Power Lab.,* 554 U.S. 84, 91 (2008) (repeating "the familiar principle that '[w]hen a proviso…carves an exception out of the body of a statute or contract those who set up such exception must prove it'"), quoting *Javierre v. Cent. Altagracia,* 217 U.S. 502, 508 (1910); *United States v. Taylor,* 686 F.3d 182, 190 & n.5 (3d Cir. 2012) (compiling

"numerous Supreme Court decisions" for the proposition that "where the statute contains…an exception, the defendant bears the burden of proving it").

The Fox Parties shoot themselves in the foot by arguing the rarity of Petitioner's case (Opp. at 11), which undermines their contention that Petitioner's case has federal system-wide importance. *Id.* at 7. The cynicism of the Fox Parties reaches its high-water mark in asserting that "Respondents have every confidence in Justice Cohen" (*id.* at 13), while simultaneously seeking to divest him of jurisdiction by seeking removal. If Respondents were sincere, they would have permitted Justice Cohen to interpret CPLR 7515 and the FAA instead of taking a costly and protracted detour to this Court. Finally, the Fox Parties tacitly concede that uniform enforcement of the FAA would be undisturbed by remand to the New York Supreme Court because errors in the state court system can be and have been corrected through the certiorari jurisdiction of the United States Supreme Court. *See* 28 U.S.C. 1257(a). The Fox Parties have no case law or argument to the contrary. On that ground alone, Petitioner's motion to remand should be granted.

## ARGUMENT

### I. THE FOX PARTIES MISINTERPRET CPLR 7515

The Fox Parties misleadingly suggest that that the text of CPLR 7515 references the FAA. It does not. The pertinent text prohibits mandatory arbitration clauses, "Except where inconsistent with *federal law…."* In ordinary parlance, federal law means the entire corpus of federal law, including all 50 volumes of the United States Code, hundreds of thousands of federal regulations promulgated in C.F.R. and every judicial decision interpreting the United States Constitution, a federal statute, or federal regulation. The FAA is a tiny portion of federal law. As noted above, canons of statutory construction teach that the *exception* to the prohibition on mandatory arbitration is a defense that must be pleaded and proved by the party claiming its benefits, *i.e.*, the defendant. It is not part of the plaintiff's cause of action.

2

The Fox Parties nevertheless preposterously maintain that under CPLR 7515, plaintiffs must plead and prove the absence of an exception to the general prohibition on mandatory arbitration as an "essential element" of a CPRL 7515 claim. They predictably cannot cite any support for such an outlandish theory of statutory interpretation. And if the Fox Parties actually believed their theory, they would be arguing a straightforward case of federal question jurisdiction because Petitioner's affirmative claim would arise under federal law, including the FAA.

The FAA, however, creates no substantive rights. It determines only how substantive rights created under other laws shall be enforced. It does not create legal norms governing behavior outside the courtroom.

The Fox Parties ignore where their theory takes them. The exception to the CPLR 7515 prohibition reaches the entire corpus of federal law. Tolstoy's *War and Peace* is a short story in comparison. If the Fox Parties were correct that the CPLR 7515 exception is an essential element of an affirmative CPLR 7515 claim, then the plaintiff would need to allege and prove the complaint's consistency with the entire staggering corpus of federal law. CPLR 7515 complaints would exceed tens of millions of pages. Hard copies would overwhelm the storage capacities of federal courts. Nothing more is necessary to discredit the Fox Parties.

In sum, Petitioner's CPLR 7515 claim does not have as an "essential element" proof of the non-applicability of the statutory exceptions to the general prohibition on mandatory arbitration clauses.

Contrary to the Fox Parties' argument in the Opp. at 3-4, Petitioner's case under CPLR 7515 is clearly distinguishable from *Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Department of Environmental Management,* 585 F.3d 42 (1st Cir. 2009). There, plaintiff's state law claim incorporated substantive federal law regarding retroactive control dates for lobster

3

catches. Federal law was not made an exception to the state rule, but was part of the rule itself. Petitioner's case is quite different. Her CPLR 7515 claim arises exclusively under state law. Federal law comes into play as an exception that must be pleaded and proved by the Fox Parties as a defense. And as *Rhode Island Fishermen's Alliance* correctly noted, "a federal preemption defense to a state-law cause of action is insufficient to confer federal question jurisdiction on a federal court." 585 F.3d at 49-50. Further, the FAA creates no substantive rights, unlike in *Rhode Island* where pertinent federal law was substantive, not procedural.

*Latif* is not to the contrary. Federal question jurisdiction in *Latif* rested on Title VII of the Civil Rights Act of 1964, not on the FAA or CPLR 7515. Contrary to the Fox Parties' mischaracterization, not a single word in *Latif* states or implies that a necessary element of a CPLR 7515 claim is alleging and proving the absence of the statutory exception for inconsistency with federal law.  Indeed, in *Latif* itself the FAA was invoked by the *defendant* in a motion to compel arbitration.

## II. REMANDING THIS CASE WOULD NOT DISTURB THE FEDERAL INTEREST IN UNIFORM ENFORCEMENT OF THE FAA

Even accepting the Fox Parties' argument of a substantial federal interest in uniform application of the FAA, it would not be disturbed by granting Petitioner's motion to remand. State courts are every bit as capable and devoted to correctly interpreting federal law as federal courts. Indeed, that is the premise of the abstention doctrine under *Younger v. Harris,* 401 U.S. 37 (1971).  Moreover, the United States Supreme Court can and does correct state misinterpretations of the FAA via certiorari under 28 U.S.C. 1257(a) to ensure uniformity. Every case cited by the Fox Parties unwittingly supports that truth. They refrain from suggesting that Justice Cohen would not fairly, impartially, and correctly interpret the FAA in this very case. That without more defeats the Fox Parties' case for removal.

Additionally, matters that will seldom arise within the ambit of the FAA do not have the sort of significance necessary to establish federal jurisdiction. *Gunn,* 568 U.S. at 258.  The Fox Parties concede that Petitioner's case is "the rare case," which destroys their frolic for removal. Mem. at 11. The Fox Parties impliedly insult New York courts as untrustworthy tribunals for interpreting the FAA. But they cannot point to a single supporting example.

### III. ACCEPTING FEDERAL JURISDICTION WOULD DISRUPT THE CONGRESSIONALLY-APPROVED BALANCE BETWEEN FEDERAL AND STATE COURTS

The absurdity of the Fox Parties' argument that an "essential element" of a plaintiff's CPLR 7515 claim is pleading and disproving application of exceptions for inconsistencies with federal law discredits their denial that acceptance of federal jurisdiction here would leave the congressionally-approved balance between federal and state courts undisturbed. Indeed, the Fox Parties' theory of federal question jurisdiction would revolutionize the balance. Every express or implied Supremacy Clause exception to a cause of action arising under state law would become an "essential element" of the state claim conferring original jurisdiction on federal courts. The number of cases filed or removed to federal court would climb exponentially.

### IV. CONSTITUTIONAL AVOIDANCE – ABSTENTION

The Fox Parties ludicrously argue that the doctrine of constitutional avoidance would be undisturbed by this Court's determination of the federal preemption issue under the FAA and the Supremacy Clause, and that foregoing an interpretation of state law that would moot or alter the constitutional question. The Fox Parties argue that the Supremacy Clause is not a *constitutional* mandate that makes state laws bow to federal law. But the Supremacy Clause enjoys equal dignity with all other constitutional provisions. The Fox Parties' attempted demotion of the Supremacy Clause to a mere statute does not wash.

The constitutional avoidance doctrine would require this Court to venture out like a pioneer to interpret CPLR 7515, as would New York courts in seeking to avoid a clash with the Supremacy Clause. This Court would be required to decide whether CPLR 7515 covers mandatory arbitration clauses regarding sexual harassment claims negotiated before enactment of the statute with no guidance from authoritative state courts. The Court would also be required to decide whether CPLR 7515 reflects a generally applicable state law prohibition against enforcement of procedurally or substantively unconscionable contracts with no guidance from state courts. The FAA would not be offended by such a generally applicable state law prohibition.

These considerations underscore the wisdom and prudence of this Court's remanding the case to the New York Supreme Court to make these novel state law determinations in deciding Petitioner's CPLR 7515 claim.

The Fox Parties incorrectly argue in the Opp. at 18 in defense of federal question jurisdiction that CPLR 7515 applies prospectively only so that Petitioner cannot claim its benefits and her case should be dismissed without ever addressing federal law. If that is true, however, removal is improper because the Fox Parties are arguing the case should be decided on a pure state law question of retroactivity over which federal courts have no original jurisdiction.

**CONCLUSION**

The Fox Parties fail to establish any reasonable basis for removal. Among other things, they make no attempt to reconcile their purported confidence in Justice Cohen with their speedy abandonment of his courtroom and race to this Court. Is there a better definition of forum shopping and delay for the sake of delay? Why would the Fox Parties make an extended and costly detour to this Court if they wished a prompt and inexpensive outcome in a case where they claim to hold a royal flush? The Fox Parties would not lose ultimate access to a federal forum by accepting Justice Cohen's jurisdiction. The United States Supreme Court would remain open to review any state court errors in the interpretation of the FAA under 28 U.S.C. 1257(a).

For the reasons above and those set forth in Petitioner's moving and supplemental briefs, the motion to remand should be granted together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 6, 2019

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

/s/ Demet Basar
Demet Basar
Daniel Tepper
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
basar@whafh.com
tepper@whafh.com

FEIN & DELVALLE, PLLC
Bruce Fein (*admitted pro hac vice*)
300 New Jersey Avenue NW
Washington, DC 20001
Tel.: (202) 465-8727
bruce@feinpoints.com

*Counsel to Petitioner, Andrea Tantaros*

806066