# Fein & DelValle, PLLC
300 New Jersey Avenue NW, Suite 900
Washington, D.C. 20001
Tele: 202.465.8727
Fax: 202.347.0130

*Bruce E. Fein, Esquire*  *Email: bruce@feinpoints.com*
*W. Bruce DelValle, Esquire*  *brucedelvalle@gmail.com*

October 29, 2019

**By ECF**

Hon. Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *Tantaros v. Fox News Network, LLC, et al.* / Case No. 19-7131

Dear Judge Carter:

      With all due respect to principal trial counsel for the Fox Parties, Matthew L. Lampe, Petitioner Andrea Tantaros does not concur with his refusal follow the recent precedent of Peter Calamari in this very case to ask this Court to waive Your Honor's Rule 3.A and permit an alternate lawyer from the deep bench of Jones Day to attend Your Honor's Status Conference scheduled for November 5, 2019.

      The undersigned sent the following email to the Fox Parties c/o Katrina Yost on October 26, 2019:

    Dear Katrina,

    We would respectfully request that you follow the precedent of your colleague Peter Calamari in this case. As you know, Mr. Calamari submitted an October 16, 2019 letter to Judge Carter asking leave of Court, notwithstanding Individual Rule 3.A, that despite his position as lead trial counsel for the Estate of Roger Ailes, Kimberly Carson attend the then scheduled October 22, 2019 Conference in his place. Judge Carter granted Mr. Calamari's request the next day on October 17, 2019.

    We thus respectfully request that you, based on the Calamari precedent, ask Judge Carter for leave of Court to have an alternate attorney from your very deep bench attend the November 5, 2019 Conference in place of Matt Lampe, principal trial counsel like Mr. Calamari. If Judge Carter denies your request, we would be willing to re-engage.

    Thank you in advance for your consideration in our endeavor to move this case out o[f] the horse latitudes.

Sincerely,
Bruce Fein
Counsel for Andrea Tantaros

Neither Mr. Lampe nor Ms. Yost displayed the professional courtesy of responding to my suggestion to follow the Calamari precedent or perhaps resolve the scheduling issue by jointly agreeing to have this Court decide the outstanding remand motion on the papers with no further argument. Instead, Mr. Lampe raced to file a request to a further postponement of the November 5, 2019 Status Conference.

Mr. Lampe's entire argument for bypassing the Calamari precedent is unconvincing. He states, "The Fox Parties believe this is an inappropriate solution as it would deprive the Fox Parties of their principal trial counsel." It speaks volumes that Mr. Lampe refrains from arguing that the Fox Parties would suffer prejudice at the Status Conference if an alternate from Jones Day's deep bench appeared in his place. The remand issue before the Court is a pure question of law. It does not require mastery of a factual record. And it seems to Petitioner Tantaros that since the Fox Parties initiated this action and caused additional delay by filing a Notice of Removal from Judge Cohen's courtroom, they should make reasonable efforts to keep the case moving which the Calamari precedent does.

Finally, Mr. Lampe's assertion that another postponement of the Status Conference would be "without prejudice to any parties" is wrong. It would be prejudicial to Petitioner Tantaros. Her case has idled for more than three years through a variety of tactics to avoid a decision on the merits. Justice delayed is justice denied.

Accordingly, Petitioner submits that this Court should permit a Jones Day alternate to appear at the November 5, 2019 Status Conference in lieu of Mr. Lampe, notwithstanding Your Honor's Rule 3.A. Petitioner also suggests the Court may consider deciding the Remand Motion on the papers submitted by the parties, without more.

Respectfully submitted,

/S/ *Bruce Fein*

Bruce Fein