UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREA TANTAROS,

        Petitioner,

  -against-

FOX NEWS NETWORK, LLC,
THE ESTATE OF ROGER AILES,
WILLIAM SHINE, SUZANNE SCOTT,
DIANNE BRANDI, and ANDREA BRIGANTI,

        Respondents.

Case No. 1:19-cv-07131-ALC-RWL

---

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION
TO CERTIFY THE COURT'S ORDER DENYING REMAND
<u>FOR INTERLOCUTORY REVIEW PURSUANT TO 27 U.S.C. § 1292(b)</u>**

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Tel.: 212-545-4600

FEIN & DELVALLE, PLLC
300 New Jersey Avenue NW
Washington, DC 20001
Tel.: 202-465-8727

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND .......................................................................................................................... 3

ARGUMENT ................................................................................................................................ 4

I. Findings of Subject Matter Jurisdiction Involving a Novel Question
of State Law Provide a Compelling Justification for Interlocutory Review ...................... 4

II. The Court's Federal Question Subject Matter Jurisdiction Decision Meets the
Requirements For Section 1292(b) Certification ............................................................... 5

    A. The Order Involves a Controlling and Dispositive Question of Law ...................... 5

    B. There are Substantial Grounds for Difference of Opinion....................................... 6

    C. An Immediate Appeal May Instantly Terminate the Litigation.............................. 10

CONCLUSION........................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                                         **Page(s)**

*In re A2P SMS Antitrust Litig.*,
  No. 12 Civ. 2656, 2015 WL 876456 (S.D.N.Y. Mar. 2, 2015) .................................................. 11

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) .................................................................................................................... 9

*Capitol Records, LLC v. Vimeo, LLC*,
  972 F. Supp. 2d 537 (S.D.N.Y. 2013) ......................................................................................... 3

*City of New York v. Beretta U.S.A. Corp.*,
  524 F.3d 384 (2d Cir. 2008) ........................................................................................................ 5

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
  545 U.S. 308 (2005) .................................................................................................................... 4

*Gunn v. Minton*,
  568 U.S. (2013) ........................................................................................................................... 4

*Kindred Nursing Centers, Ltd. P'ship v. Clark*,
  137 S. Ct. 1421 (2017) ................................................................................................................ 9

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro
Amministrazione Straordinaria, et al.*,
  921 F.2d 21 (2d Cir. 1990) .................................................................................................. 1, 3, 5

*Lamps Plus, Inc. v. Varela*,
  139 S. Ct. 1407 (2019) ................................................................................................................ 9

*McKelvey v. United States*,
  260 U.S. 353 (1922) .................................................................................................................... 7

*Meacham v. Knolls Atomic Power*,
  554 U.S. 84 (2008) ...................................................................................................................... 7

*Nalezenec v. Blue Cross of W. N.Y.*,
  172 A.D.2d 1004 (4th Dep't 1991) ............................................................................................. 8

*New York University Medical Center v. N.L.R.B.*,
  156 F.3d 405 (2d Cir. 1998) ........................................................................................................ 7

*N.L.R.B. v. Kentucky River Community Care, Inc.*,
  532 U.S. 706 (2001) .................................................................................................................... 7

*Sprint PCS L.P. v. Connecticut Siting Council*,
  222 F.3d 113 (2d Cir. 2000) .................................................................................................. 4

*United States v. Taylor*,
  686 F.3d 182 (3d Cir. 2012) .................................................................................................. 7

*Vaden v. Discover Bank*,
  556 U.S. 49 (2009) ........................................................................................................ *passim*

**STATUTES & RULES**

9 U.S.C. § 2 ..................................................................................................................................... 8

22 NYCRR § 500.27 ....................................................................................................................... 5

28 U.S.C. § 1292 (b) .............................................................................................................. *passim*

28 U.S.C. § 1338 ............................................................................................................................. 9

28 U.S.C. § 1441 ............................................................................................................................. 3

N.Y. Constitution, Article VI, § 3(b)(9) ........................................................................................ 5

N.Y. CPLR § 7515 ................................................................................................................ *passim*

Petitioner Andrea Tantaros respectfully submits this Memorandum of Law in support of her motion to certify the Court's Opinion & Order dated December 17, 2019 denying her motion to remand for lack of federal question subject matter jurisdiction (ECF 40, the "**Order**") for interlocutory review pursuant to 28 U.S.C. § 1292(b).

## PRELIMINARY STATEMENT

Petitioner respectfully submits the Order should be certified for interlocutory review because each of the requirements under 28 U.S.C. § 1292(b) is satisfied. In particular, the Order: (1) involves a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

A challenge to the District Court's subject matter jurisdiction involves a controlling question of law. *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, et al.*, 921 F.2d 21, 24 (2d Cir. 1990) ("[W]e have granted certification when the order involved issues of in personam and subject matter jurisdiction"). A question of law is "controlling" if reversal of the District Court's order would terminate the litigation. *Id.* That understanding fits Petitioner's case like a glove. Petitioner's motion to remand argued the absence of subject matter jurisdiction. The Order rejected Petitioner's argument. If the Order is reversed on appeal, the proceedings before this Court would automatically terminate.

The Order overlooked that a claim under the Federal Arbitration Act ("**FAA**"), without more, does not confer federal question subject matter jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49 (2009). The FAA gets a party nowhere on that score. Accordingly, adding an FAA issue to a purely state law claim cannot logically create federal question jurisdiction. Like adding zero

1

to zero still leaves zero, adding a non-federal question to a non-federal question still leaves a non-federal question. The Court should not have undertaken its *Gunn-Grable* analysis because a federal question is not created by either the FAA or CPLR 7515.

CPLR 7515 prohibits and nullifies provisions in employment contracts that mandate arbitration of sexual harassment claims, "[e]xcept where inconsistent with federal law." Part 1 of the *Grable-Gunn* test requires that the state law claim "necessarily raise" a federal issue. Even if the putative FAA exception were deemed an element of a CPLR 7515 claim, there would still be no federal question subject matter jurisdiction. As noted above, the FAA does not raise a federal question. *Varden*, *supra*. In a case of first impression, Petitioner respectfully submits that the Court erred by interpreting the statutory exception as part of Petitioner's claim instead of as a defense that must be proven by the parties claiming its benefit as required by a time-honored canon of statutory construction.

In such circumstances, Petitioner respectfully submits that the most prudent course is for the Court to certify the Order for interlocutory review by the United States Court of Appeals for the Second Circuit, which has the authority to seek an authoritative construction of CPLR 7515 from the New York Court of Appeals. This Court did not have that option.

There are also substantial grounds for difference of opinion as to whether the putative federal issue under the FAA which this Court found raised by CPLR 7515 is "substantial" as to "the federal system as a whole," another *Grable-Gunn* requirement for establishing federal question jurisdiction over a state law claim. CPLR 7515 applies to a small fraction of mandatory arbitration clauses in employment contracts, *i.e.,* those based on claims or allegations of sexual harassment. Carving that tiny sliver out from the preemptive ambit of the FAA does not threaten enforcement of mandatory arbitration provisions generally.

Another substantial ground for difference of opinion is whether the federal interest in the FAA is "capable of resolution in federal court without disrupting the federal-state balance approved by Congress," still another *Grable-Gunn* requirement for establishing federal question subject matter jurisdiction over state law claims. Congress gave state courts concurrent jurisdiction with federal courts over the FAA. Congress trusted state courts to faithfully interpret the federal statute. That federal-state balance would be disrupted if every CPLR 7515 claim filed in state court could be removed to federal court, a result ordained by this Court's Order. "Given the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to play as enforcers of agreements to arbitrate." *Vaden*, 556 U.S. at 59.

Finally, the third prong of the Section 1292(b) test is clearly satisfied in this case, i.e., whether an immediate appeal may materially advance the ultimate termination of the litigation. Courts "place particular weight" on the third factor. *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (quotation omitted). If the Order is reversed on appeal, the federal case will immediately terminate for lack of federal question subject matter jurisdiction. *See Klinghoffer,* 921 F.2d at 25.

## BACKGROUND

Petitioner Andrea Tantaros filed a state action under CPLR 7515 against Respondents seeking relief from mandatory arbitration of her sexual assault claims. *Andrea Tantaros v. Fox News Channel, LLC, The Estate of Roger Ailes, William Shine, Suzanne Scott, Dianne Brandi, and Irene Brigandi*, Index No. 156963/2019 (Sup. Ct., N.Y. Co.). Respondents removed the state action to federal court pursuant to 28 U.S.C. § 1441. Petitioner moved to remand the case to state court based on lack of federal question subject matter jurisdiction.

The Court denied Petitioner's motion to remand in the Order at issue. The Court concluded that the United States Supreme Court's four-part test for determining whether a claim

arising under state law creates federal question subject matter jurisdiction fashioned in *Gunn v. Minton*, 568 U.S. 257 (2013), and *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), was satisfied. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

## ARGUMENT

The Order should be certified for interlocutory review for the reasons below.

**I.    Findings of Subject Matter Jurisdiction Involving a Novel Question of State Law Provide a Compelling Justification for Interlocutory Review**

If subject matter jurisdiction is ultimately found wanting on appeal, then everything that transpired before the Court that was based on an affirmative finding of subject matter jurisdiction is null and void. The time and resources of the Court and litigants would have been wasted. Interlocutory review of a decision resting on subject matter jurisdiction is compelling to avoid that risk.

It is further compelling where, as here, the Court, respectfully, erred in finding that federal question subject matter jurisdiction existed. The FAA does not confer federal question subject matter jurisdiction. *Vaden*, *supra*.

Moreover, this Court addressed a novel issue of state law in finding the existence of subject matter jurisdiction. No other federal or state court has considered whether the statutory exception contained within CPLR 7515 is an element of the state law claim. This Court was required to speculate as to how the exception would be interpreted by the New York Court of Appeals. *Sprint PCS L.P. v. Connecticut Siting Council*, 222 F.3d 113, 115-16 (2d Cir. 2000) ("It is our job to predict how the forum state's highest court would decide the [state law] issues

4

before us, and, to the extent there is any ambiguity in the state statutes under consideration, to carefully predict how the highest court of the state would resolve the uncertainty or ambiguity.") (internal citations and quotations omitted).  State law questions may be certified to the New York Court of Appeals by the United States Court of Appeals for the Second Circuit, but not by U.S. District Courts.  *See* N.Y. Constitution, Article VI, §3(b)(9); 22 NYCRR § 500.27.  That further weighs in favor of granting Petitioner's motion for interlocutory appeal to the Second Circuit to obtain an authoritative construction of CPLR 7515 from New York's highest court.

## II.     The Court's Federal Question Subject Matter Jurisdiction Decision Meets the Requirements For Section 1292(b) Certification

A District Court may certify an order for interlocutory review when it (1) "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and where (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292 (b); *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 391 (2d Cir. 2008).

### A.     The Order Involves a Controlling and Dispositive Question of Law

If the Order denying Petitioners' motion to remand is reversed, the litigation automatically terminates, and the case is returned to New York County Supreme Court.  Subject matter jurisdiction inherently involves a controlling question of law because, if subject matter jurisdiction is lacking, the case immediately ends.  *Klinghoffer,* 921 F.2d at 24 ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the litigation.").

### B. There are Substantial Grounds for Difference of Opinion

There are substantial grounds for difference of opinion as to whether Petitioner's state law claim under CPLR 7515 satisfies federal question subject matter jurisdiction under the four-part *Grable-Gunn* test. Among other things, the test requires that a federal issue necessarily be raised by Petitioner's CPLR 7515 claim. As previously mentioned, CPLR 7515 prohibits mandatory arbitration of sexual harassment claims or allegations and makes pre-existing mandatory arbitration clauses null and void, "[e]xcept where inconsistent with federal law."

The state statute does not raise a federal question for purposes of subject matter jurisdiction. To reiterate, the FAA does not confer federal question subject matter jurisdiction. *Vaden*, *supra*. Adding an FAA issue to a purely state law claim under Section 7515 cannot create federal question jurisdiction. Adding a non-federal question to a non-federal question still leaves a non-federal question.

Petitioner respectfully submits the Court erred in interpreting CPLR 7515 as requiring Petitioner to allege and prove as part of her state law claim that the prohibition on mandatory arbitration is not inconsistent with federal law. "This makes consistency with federal law a necessary element of [a] well-pleaded state claim[]." Order at 7 (quotation and citation omitted). The Court maintained that making the beneficiary of a CPLR 7515 FAA exception plead and prove its applicability would render parts of the statute superfluous, a result disfavored by canons of statutory construction. *Id.* at 7-8.

Petitioner respectfully submits there is substantial ground for a difference of opinion about whether the FAA is a necessary element of a CPLR 7515 claim. This is a case of first impression. This Court pointed to no other case in which the party claiming the benefit of a statutory exception was relived of the burden of pleading and proving it and did not cite any New York State court cases to support its decision.

6

Moreover, the Court's interpretation contradicts the time-honored canon of statutory construction that the burden of pleading and proving a statutory exception is on the party claiming its benefits, *i.e.*, the Respondents.  *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 91 (2008); *N.L.R.B. v. Kentucky River Community Care, Inc.*, 532 U.S. 706, 711 (2001); *United States v. Taylor*, 686 F.3d 182, 190 & n.5 (3d Cir. 2012).  In *McKelvey v. United States*, 260 U.S. 353, 357 (1922), the United States Supreme Court elaborated:

> By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it.

The United States Court of Appeals for the Second Circuit underscored in *New York University Medical Center v. N.L.R.B.*, 156 F.3d 405, 413 (2d Cir. 1998): "The applicable rule of statutory construction is that the party claiming the benefit of such an exception must demonstrate its applicability", *citing FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45 (1948).

Petitioner respectfully submits that, contrary to the Order, placing the burden of pleading and proving CPLR 7515's exception on Respondents does not make the language of the exception inoperative or superfluous. It gives independent meaning to every word.  It simply places the burden of pleading and proving the statutory exception on the parties claiming its benefits.

Petitioner respectfully submits that CPLR 7515 is best interpreted as making the FAA exception available to Respondents as a defense, which does not establish federal question jurisdiction.  *Vaden*, 556 U.S. at 60 ("Federal jurisdiction cannot be predicated on an actual or anticipated defense:  It is not enough that the plaintiff alleges some anticipated defense to his

cause of action and asserts that the defense is invalidated by some provision of [federal law].") (quotation and citation omitted).

The *Grable-Gunn* test also asks whether the federal issue putatively raised by the state law claim is "substantial" to "the federal system as a whole." Order at 8. This Court held in the affirmative. It acknowledged that CPLR 7515 reached only mandatory arbitration of sexual harassment claims, a small subset of all mandatory arbitration clauses. *Id.* But the Court reasoned that a precedent shielding CPLR 7515 from FAA preemption would reach a broad swath of mandatory arbitration agreements. *Id.* at 9. The Court further reasoned that uniform enforcement of the FAA advanced a substantial federal interest. *Id.* at 8.

Petitioner respectfully submits that CPLR 7515's application to mandatory arbitration of sexual harassment allegations, notwithstanding the FAA, would not necessarily cast a cloud over mandatory arbitration provisions covering different subjects. Mandatory arbitration of sexual harassment claims is uniquely procedurally and substantively unconscionable. The terms are dictated by employers. And arbitral secrecy and expense hugely handicap sexual harassment victims to the benefit of culpable employers. Sunshine is necessary to give the victims of sexual harassment bargaining power against typically well-heeled employers.

Procedural and substantive unconscionability under New York law is grounds at law or in equity for revocation of any contract. *See*, *e.g.*, *Nalezenec v. Blue Cross of W. N.Y.*, 172 A.D.2d 1004 (4th Dep't 1991). If mandatory arbitration of sexual harassment claims is unconscionable under New York law, CPLR 7515 would not be preempted by the FAA. It permits non-enforcement of arbitration agreements on "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Mandatory arbitration of claims other than sexual harassment is not generally unconscionable, and thus raise FAA preemption issues different from

8

Petitioner's CPLR 7515 claim.  In other words, shielding Petitioner's CPLR 7515 claim from FAA preemption on the grounds of unconscionability of mandatory arbitration of sexual harassment claims would not shield other prohibitions on mandatory arbitration from preemption.

Petitioner further submits, respectfully, that the Court erred in assuming that federal interest in uniform application of the FAA could be secured only by entrusting FAA interpretations exclusively to federal courts.  Congress permitted state courts to interpret the FAA by refraining from conferring exclusive jurisdiction over the statute as it has over other subjects such as patents or copyrights.  *See, e.g.,* 28 U.S.C. § 1338 ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights").  In this very case, New York Supreme Court Judge David Cohen applied the FAA in an earlier phase of this litigation to the benefit of Respondents.  *See* Appendix, Transcript of February 15, 2017 hearing at 3 *et seq*.  "[S]tate courts have a prominent role to play as enforcers of agreements to arbitrate." *Vaden*, 556 U.S. at 59.

Moreover, the cases relied upon by the Court in support of its holding undercut the assumption that uniformity will be defeated unless federal courts exclusively the FAA.  *See* Order at 8.  The cases cited show that the United States Supreme Court ensures uniformity when either federal or state courts err through exercise of its certiorari jurisdiction.  They also show that a federal tribunal does not ensure a correct FAA interpretation. *Kindred Nursing Centers, Ltd. P'ship v. Clark*, 137 S. Ct. 1421 (2017) (certiorari to Kentucky Supreme Court); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) (certiorari to U.S. Court of Appeals for the Ninth Circuit); *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019) (certiorari to the U.S. Court of Appeals for the Ninth Circuit).  Accordingly, there is substantial ground for difference of opinion

9

as to whether the putative federal issue raised by Petitioner's CPLR 7515 claim was "substantial" to the system of enforcing the FAA as a whole.

The *Grable-Gunn* test further asks whether the federal interest implicated by the state law claim is "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Order at 9. There is substantial ground for disagreement with the Court's affirmative conclusion. *Id.* at 9-10. The decision by Congress to permit state courts to exercise concurrent jurisdiction over the FAA is disrupted by this Court's decision holding that CPLR 7515 claims raise federal questions. It cripples the concurrent jurisdiction of state courts over the FAA and denies plaintiffs their customary choice of forum in litigating state law claims. Every CPLR 7515 claim filed in New York state courts under this Court's Order will be immediately removable to federal courts. State courts will thus be ousted from interpreting the FAA, contrary to the concurrent jurisdiction ordained by Congress. "[S]tate courts have a prominent role to play as enforcers of agreements to arbitrate." *Vaden*, 556 U.S. at 59.

The Court's observation that Petitioner's underlying sexual harassment-retaliation claims based on state law will not be resolved by a federal court does not lessen the disruption occasioned by this Court's decision to the federal-state concurrent jurisdiction balance struck by Congress over the FAA. Federal and state courts will no longer be equal partners. The latter will be subservient to the former in CPLR 7515 litigation. Accordingly, there is a substantial ground for difference of opinion over whether federal question subject matter jurisdiction over CPLR 7515 state claims would or would not disrupt the federal-state jurisdictional balance struck by Congress.

   **C.**  <u>**An Immediate Appeal May Instantly Terminate the Litigation**</u>

The third prong of the Section 1292(b) test asks whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." This prong overlaps

with the first prong asking whether a controlling question of law is presented. *In re A2P SMS Antitrust Litig.*, No. 12 Civ. 2656, 2015 WL 876456, at *5 (S.D.N.Y. Mar. 2, 2015). For the reasons above, Petitioner respectfully submits that an immediate appeal of the Court's Order denying Petitioner's motion to remand for lack of federal question subject matter jurisdiction may instantly terminate the litigation. If the Order is reversed by the United States Court of Appeals for the Second Circuit, the case will be immediately dismissed for lack of subject matter jurisdiction and return to the New York Supreme Court where it began.

## CONCLUSION

For the reasons above, Petitioner respectfully requests the Court certify for interlocutory review, pursuant to Section 1292(b), its December 17, 2019 Order denying Petitioner's motion for remand and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 6, 2020

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

/s/ Daniel Tepper
Demet Basar
Daniel Tepper
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 686-0114
basar@whafh.com
tepper@whafh.com

FEIN & DELVALLE, PLLC
Bruce Fein (*pro hac vice motion forthcoming*)
300 New Jersey Avenue NW
Washington, DC 20001
Tel.: 202-465-8727
bruce@feinpoints.com

*Counsel to Petitioner, Andrea Tantaros*

807969