UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA TANTAROS,<br><br>             Petitioner,<br><br>-against-<br><br>FOX NEWS NETWORK, LLC., THE ESTATE OF ROGER AILES, WILLIAM SHINE AND IRENA BRIGANTI,<br><br>             Respondents. | **Case No. 1:19-cv-07131-ALC-RWL**<br><br>New York County Supreme Court<br><br>Index No. 156936/2019 |

**MEMORANDUM OF LAW OF FOX NEWS NETWORK, LLC,
SUZANNE SCOTT, DIANNE BRANDI AND IRENA BRIGANTI
IN OPPOSITION TO MOTION TO CERTIFY THE COURT'S ORDER DENYING
REMAND FOR INTERLOCUTORY REVIEW PURSUANT TO [28] U.S.C. § 1292 (B)
OF PETITIONER ANDREA TANTAROS**

JONES DAY
250 Vesey Street
New York, 10281-1047
Tel: 212.326.3939

*Attorneys for Respondents
Fox News Network, LLC,
Suzanne Scott, Dianne Brandi,
and Irena Briganti*

COMMON INTEREST PRIVILEGE
ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT DOCTRINE

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................1

PROCEDURAL HISTORY.............................................................................................................2

ARGUMENT ...................................................................................................................................3

I. SECTION 1292(B) DOES NOT PERMIT CERTIFICATION OF THE ORDER.............3

    A. There is No Controlling Question of Law ............................................................4

    B. There is No Substantial Ground for Difference of Opinion ..................................6

    C. Immediate Appeal will not Materially Advance the Ultimate Termination
       of the Litigation.....................................................................................................10

II. THE COURT SHOULD NOT EXERCISE ITS DISCRETION TO CERTIFY THE
ORDER .............................................................................................................................13

CONCLUSION..............................................................................................................................14

# TABLE OF AUTHORITIES

Page

**CASES**

*Abortion Rights Mobilization, Inc. v. Regan*,
    552 F. Supp. 364 (S.D.N.Y. 1982)................................................................................5, 11

*Beck Chevrolet Co., Inc. v. General Motors LLC*,
    11 Civ. 2856, 2012 WL 12925023 (S.D.N.Y. Aug. 23, 2012) ..........................................11, 13

*California Pub. Emps' Ret. Sys. v. WorldCom, Inc.*,
    368 F.3d 86 (2d Cir. 2004)..................................................................................................8

*Chicago, Rock Island & Pac. R.R. Co. v. Stude*,
    346 U.S. 574 (1954)............................................................................................................5

*Cunningham v. Cornell Univ.*,
    No. 16-cv-6525, 2018 WL 10323056, at *1 (S.D.N.Y. Oct. 11, 2018).....................................3

*German by German v. Fed. Home Loan Mortg. Corp.*,
    896 F. Supp. 1385 (S.D.N.Y. 1995).......................................................................................3

*Green v. Humana at Home, Inc.*,
    No. 16 Civ. 7586, 2019 WL 3729390, at *3 (S.D.N.Y. Aug. 8, 2019) ............................3, 5, 13

*In re Extended Stay, Inc.*,
    No. 11 Civ. 7782, 2012 WL 491436, at * 3 (S.D.N.Y. Feb. 14, 2012) ..............................12, 13

*In re Facebook, Inc., IPO Secs. & Derivative Litig.*,
    986 F. Supp. 2d 524 (S.D.N.Y. 2014).........................................................................4, 5, 6, 7

*In re Flor*,
    79 F.3d 281 (2d Cir. 1996)................................................................................................4, 7

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
    488 F.3d 112 (2d Cir. 2007)............................................................................................5, 13

*In re NASDAQ Mkt. Makers Antitrust Litig.*,
    938 F. Supp. 232 (S.D.N.Y. 1996)......................................................................................13

*In re Oxford Health Plans, Inc.*,
    182 F.R.D. 51 (S.D.N.Y. 1998) ...................................................................................10

*In re Sterling*,
    No. 1:17-cv-00248, 2018 WL 1157970, at *3 (S.D.N.Y. Mar. 2, 2018)...................3

*In re WorldCom, Inc. Secs. Litig.*,
    No. 02 Civ.3288, 2003 WL 22953644, at *5 (S.D.N.Y. Dec. 16, 2003)..................6

*Karagjozi v. Bruck*,
    No. 17-63, 2017 WL 3528002, at *3 (D. N.J. Aug. 16, 2017) ................................11

*Lewis v. Lycoming*,
    No. 11-6475, 2012 WL 12904149, at *1 (E.D. Penn. Aug. 6, 2012) ................................11, 12

*Marmet Health Care Ctr., Inc. v. Brown*,
    565 U.S. 530 (2012).................................................................................................9

*Martens v. Smith Barney, Inc.*,
    238 F. Supp. 2d 596 (S.D.N.Y. 2002)..........................................................4, 10, 13

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    473 U.S. 614 (1985).................................................................................................9

*Noble v. Weinstein*,
    No. 17-cv-09260, 2019 WL 3940125, at *3 (S.D.N.Y. Aug. 5, 2019)....................7

*Perry v. Thomas*,
    482 U.S. 483 (1987).................................................................................................9

*Preston v. Ferrer*,
    552 U.S. 346 (2008).................................................................................................9

*Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't of Envtl. Mgmt.*,
    585 F.3d 42 (1st Cir. 2009).....................................................................................9

*Scott v. Chipotle Mexican Grill, Inc.*,
    No. 12 Civ. 8333, 2013 WL 5782440, at *1 (S.D.N.Y. Oct. 25, 2013) ...............3, 5

*Southland Corp. v. Keating*,
    465 U.S. 1 (1984).....................................................................................................9

*Stone v. Patchett*,
    No. 08 CV 5171, 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009) ................5, 12

*Wausau Bus. Ins. Co. v. Turner Constr. Co.*,
    151 F. Supp. 2d 488 (S.D.N.Y. 2001) ................................................................................ 8

*Westwood Pharmaceuticals, Inc. v. Nat'l Fuel Gas Distrib. Corp.*,
    964 F.2d 85 (2d Cir. 1992) ............................................................................................... 10

*Wilkins v. Am. Export–Isbrandtsen Lines, Inc.*,
    401 F.2d 151 (2d Cir. 1968) ............................................................................................... 5

*Williston v. Eggleston*,
    410 F. Supp. 2d 274 (S.D.N.Y. 2006) ................................................................................ 7

**STATUTES**

28 U.S.C. § 1292 .............................................................................................................. passim

28 U.S.C. § 1331 ....................................................................................................................... 1

9 U.S.C. § 1 *et seq.* .................................................................................................................. 1

CPLR § 7515 ..................................................................................................................... passim

## INTRODUCTION

Every aspect of Andrea Tantaros' motion to certify this case for interlocutory appeal (Docket 48) is wrongheaded. Tantaros casts this Court's December 17, 2019 Order (Docket 40) (the "Order") as deciding a controlling legal question of subject matter jurisdiction. In fact, the Court decided a remand motion by applying well-settled U.S. Supreme Court precedent to the facts of this case. Tantaros claims that reversal of the Court's order would "terminate" this case and promote efficiency. In fact, reversal would simply send this case back to the state courts, while proceeding in this Court means immediate briefing on a motion to dismiss and near-term federal court guidance about the interplay between the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA") and CPLR § 7515—guidance that could preclude actions like this one and save significant federal and state court resources. Tantaros posits that the Court lacks jurisdiction because the FAA does not confer federal jurisdiction. In fact, jurisdiction is conferred by 28 U.S.C. § 1331, because Tantaros' state law claim undoubtedly arises under a federal statute—the FAA. The federal nature of the statute is key. Tantaros claims that there are substantial grounds for disagreement with the Court's decision without citing a single contrary case. The reality is that there is not a single decision contrary to the Order. Finally, Tantaros asserts that the federal issue here is not substantial, because § 7515 "[c]arv[es] a tiny sliver out of the preemptive ambit of the FAA." Mem. in Supp. of Pet's. Mot. to Certify at 2. In reality, the precedent set by this "tiny sliver" would inevitably lead to the FAA's death by a thousand cuts. That risk is exactly why the federal interest in this case is so strong and exactly why the Court's Order is correct.

Granting Tantaros' petition not is warranted under 28 U.S.C. § 1292. Interlocutory appeals are reserved for exceptional circumstances, and Tantaros' petition presents none warranting this rare relief. Her request for certification to appeal denial of remand ignores a fundamental tenet of federal law: appeals are not to be presented in piecemeal fashion but are

reserved for final orders.  The position advocated by Tantaros would, if accepted, authorize appeal to the Circuit of any order denying dismissal or remand based on issues questioning jurisdiction, whether personal and/or subject-matter.

For all of these reasons and the additional reasons identified below, Tantaros' Motion should be denied.

## PROCEDURAL HISTORY

On July 15, 2019, Tantaros commenced a declaratory judgment action in the New York State Supreme Court against Fox News Channel, LLC[1] ("Fox"), Dianne Brandi, Irena Briganti, Suzanne Scott (collectively, the "Fox Parties"), as well as William Shine and the Ailes Estate.  In her action, she sought a declaratory judgment that her arbitration agreement with Fox was void pursuant to CPLR. § 7515.  On July 30, 2019, the Fox Parties removed her case to federal court on the ground that § 7515 expressly incorporates federal law and necessarily raises a federal question pursuant to the *Grable-Gunn* doctrine.  Notice of Removal at 1 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (Tantaros' claim necessarily raises a "federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.")).  On August 5, 2019, Tantaros filed a motion to remand the case, arguing that subject matter jurisdiction was lacking under the *Grable-Gunn* doctrine.  On November 19, 2019, after the motion was fully briefed, the Court held an oral argument.

On December 17, 2019, the Court issued the Order denying Tantaros' remand motion.  In a well-reasoned and thorough opinion, the Court concluded that it could exercise subject matter

---

[1] Tantaros incorrectly named Fox News Channel instead of Fox News Network, LLC, which is the correct Respondent in this matter.

jurisdiction under the *Grable-Gunn* doctrine. In particular, the Court found that (i) the Petition "necessarily raised" a federal question because § 7515, made establishing consistency with federal law a necessary element; (ii) the federal issue is "substantial" to the federal system due to the strong federal interest in the uniform enforcement of the FAA; and (iii) the issue was capable of resolution in federal court without disrupting the federal-state balance because it involves the "proper and uniform enforcement of one of the most significant statutes Congress has passed." Op. & Order at 7-10.

## ARGUMENT

I.   **SECTION 1292(B) DOES NOT PERMIT CERTIFICATION OF THE ORDER.**

Tantaros cannot satisfy the heavy burden exacted by § 1292(b). The Second Circuit "'urge[s] the district courts to exercise great care in making a § 1292(b) certification,' because it is a 'rare exception to the final judgment rule that generally prohibits piecemeal appeals.'" *Scott v. Chipotle Mexican Grill, Inc.*, No. 12 Civ. 8333, 2013 WL 5782440, at *1 (S.D.N.Y. Oct. 25, 2013) (Carter, J.) (internal citations omitted). Tantaros' request for certification cites no exceptional circumstances and provides no reason for the Court to make such a rare exception to the final judgment rule.

While a district court has "unfettered discretion" to *deny* a motion to certify an order under § 1292(b), *Green v. Humana at Home, Inc.*, No. 16 Civ. 7586, 2019 WL 3729390, at *3 (S.D.N.Y. Aug. 8, 2019), its power to *grant* certification "is strictly limited to the precise conditions set forth in the statute." *Cunningham v. Cornell Univ.*, No. 16-cv-6525, 2018 WL 10323056, at *1 (S.D.N.Y. Oct. 11, 2018) (citing *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959)); *In re Sterling*, No. 1:17-cv-00248, 2018 WL 1157970, at *3 (S.D.N.Y. Mar. 2, 2018) (Carter, J.) (three-prong test for § 1292(b) certification is a "strict standard"); *German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995)

("Each prong [of the § 1292(b) test] must be satisfied."). Accordingly, the Second Circuit has held that interlocutory appeals should only be granted in "exceptional circumstances." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (internal citations omitted).

A district court may certify an order for interlocutory appeal *only* if three criteria are satisfied: (i) the order involves a controlling question of law (ii) as to which there is a substantial ground for difference of opinion, and (iii) an "immediate appeal from [that] order may materially advance the ultimate termination of the litigation." *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) (citing 28 U.S.C. § 1292(b)). Tantaros bears "the burden of showing that all three of the substantive criteria are met." *Id.* at 529 (citing *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005)). She does not carry that burden.

### A.   There is No Controlling Question of Law.

Tantaros does not identify a single "controlling question of law." In order to identify such a question, she needs to show that it is both "controlling" and a "question of law." Here, she does neither.

In considering whether a "controlling" question of law exists, the Court should consider, among other things, whether reversal of the remand decision "could significantly affect the conduct of the action." *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) (internal citations omitted). Here, the effect of reversal of the remand decision would not be "significant[]" as it has no bearing on the merits of Tantaros' Petition and will not otherwise "avoid protracted and expensive litigation." *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002) (internal citations omitted). The Fox Parties will soon move to dismiss the Petition on purely legal grounds—with no need for potentially lengthy trial or other evidentiary proceedings—and Tantaros will be able to appeal any final order dismissing her case as a matter of right in short order.

Moreover, only a "pure" question of law is considered "controlling" for purposes of the first prong of § 1292(b).  *Green v. Humana at Home, Inc.*, No. 16 Civ. 7586, 2019 WL 3729390, at *3 (S.D.N.Y. Aug. 8, 2019) (internal citations omitted); *accord Scott v. Chipotle Mexican Grill, Inc.*, No. 12 Civ. 8333, 2013 WL 5782440, at *1 (S.D.N.Y. Oct. 25, 2013) (Carter, J.).  Where "[the proposed appeal] turns on…whether the district court properly *applied* settled law to the facts or evidence of a particular case," questions of law do not control.  *In re Facebook, Inc.*, 986 F. Supp. 2d at 536 (emphasis added) (internal citations omitted); *accord Stone v. Patchett*, No. 08 CV 5171, 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009); *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982).  Indeed, any question that would require the Second Circuit to review the application of law to fact falls outside the permissible scope of interlocutory appeals and is better left to a proper appeal after final judgment.  *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 121, 124 (2d Cir. 2007).

Here, Tantaros does not identify a single controlling "question of law."  Rather, she seeks an interlocutory appeal to require the Second Circuit to review the Court's "application of law to the facts presented by the parties."  *Patchett*, 2009 WL 1544650, at *2.  Indeed, because they typically involve the application of settled principles to particular facts, "the denial of a motion to remand is generally not the proper subject of an interlocutory appeal."  *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d at 121 (2d Cir. 2007) (citing 28 U.S.C. § 1291).  "[A]n order denying a motion to remand may normally be reviewed only after entry of a final judgment."  *Id.*; *see also Chicago, Rock Island & Pac. R.R. Co. v. Stude*, 346 U.S. 574, 578 (1954); *Wilkins v. Am. Export–Isbrandtsen Lines, Inc.*, 401 F.2d 151, 151 (2d Cir. 1968).

This rule makes sense because certifying for interlocutory appeal the factual determinations of remand orders would open the appellate floodgates.

This Court's Order unquestionably applied law to facts. For example, the Court expressly considered factual matters in applying the *Grable/Gunn* requirements that a putative federal question be substantial to the federal system as a whole and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. These matters included the number of arbitrations potentially affected by the spread of state anti-arbitration laws and the volume of cases that would be affected by recognition of federal jurisdiction. *See* Op. & Order at 8-9. This kind of analysis and conclusion does not satisfy § 1292(b)'s "controlling question of law" requirement, regardless of whether important legal issues are "embedded" in it. *In re WorldCom, Inc. Secs. Litig.*, No. 02 Civ.3288, 2003 WL 22953644, at *5 (S.D.N.Y. Dec. 16, 2003) (denying Section 1292(b) certification of question that required "analysis of facts" despite "important legal issues embedded in the question").

Tantaros asserts that the Order involves a controlling question of law because it implicates subject-matter jurisdiction, which "inherently involves a controlling question of law because, if subject matter jurisdiction is lacking, the case immediately ends." Mem. in Supp. of Pet's. Mot. to Certify at 5. This argument misses the point. It matters not whether the question could end the case if it is not a controlling question of *law*, and here it is not.

**B.     There is No Substantial Ground for Difference of Opinion.**

Similarly, Tantaros fails to demonstrate a substantial ground for a difference of opinion on whether federal jurisdiction exists under the *Grable/Gunn* test as a whole or even in part. A substantial ground for difference of opinion may exist when "[(i)] there is conflicting authority on the issue, or [(ii)] the issue is particularly difficult and of first impression for the Second Circuit." *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 539

(S.D.N.Y. 2014) (internal citations omitted).  While the existence of an issue of first impression may satisfy the "demanding standard" of § 1292(b)'s second requirement, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

Rather, "the movant must show 'substantial doubt' that the district court's order was correct." *Noble v. Weinstein*, No. 17-cv-09260, 2019 WL 3940125, at *3 (S.D.N.Y. Aug. 5, 2019) (internal citations omitted).  The same showing of substantial doubt is required even when the putative issue of first impression is deemed "difficult."  *Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006).

Here, Tantaros does not, and cannot, claim that there is any authority contrary to the Court's Order.  Indeed, she emphasizes that she seeks to certify a question of "first impression." Mem. in Supp. of Pet's. Mot. to Certify at 6.  But Tantaros does nothing to show, nor does she even assert, that this issue of first impression is "particularly difficult." *In re Facebook, Inc.*, 986 F. Supp. 2d at 539 (S.D.N.Y. 2014).  She does not demonstrate that there is "substantial doubt" as to the correctness of the Order. *Noble*, 2019 WL 3940125, at *3.

The Order concluded that all four prongs of the *Grable-Gunn* doctrine were satisfied and that the Court has jurisdiction over Tantaros' claims. *See* Op. & Order 6-10.  As to the first prong, the Order concluded that the Petition "necessarily raises" federal law because establishing consistency with federal law is an essential element of a § 7515 claim. *See* Op. & Order 1.  The Order similarly correctly concluded that the federal interest in resolving the claim is substantial due to the significant federal interest in ensuring uniform application of the FAA. *See* Op. & Order 8-9.  The Court further held that accepting jurisdiction would not disrupt the federal-state

balance because the FAA is one of the most significant statutes Congress has passed. *See* Op. & Order 9-10.

Tantaros concedes that the claim is actually disputed. She has not cited any authority that contradicts or undermines any of these findings, and therefore has not shown that there is "substantial doubt" as to the correctness of the Order. Her "mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion." *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001).

Nor do Tantaros' specific arguments as to why the Order is purportedly wrong create "substantial doubt" as to its correctness. *First*, Tantaros incorrectly argues that the Court "overlooked" the fact that "the FAA does not confer federal question subject matter jurisdiction." Mem. in Supp. of Pet's. Mot. to Certify at 1. Although this argument is new to Tantaros, it is not new to the Court. During oral argument on the Motion for Remand, the Court raised this issue with counsel for Respondents *sua sponte* and held in its Order that "the lack of a [express jurisdictional] grant is not dispositive of [*Grable-Gunn* jurisdiction]." (citing *NASDAQ OMX Grp., Inc. v. UBS Secs., LLC*, 770 F.3d 1010, 1028 (2d Cir. 2014)). Tantaros' Motion raises no "substantial doubt" as to whether this finding was correct. Indeed, it is in line with other Second Circuit authority on this issue. *See California Pub. Emps' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 101 (2d Cir. 2004) (affirming District Court's acceptance of bankruptcy removal jurisdiction over claims based on Securities Act claims despite "unambiguous" anti-removal language in Securities Act itself).

*Second*, Tantaros argues that the Court wrongly turned § 7515's statutory "exception" into an essential element of Tantaros' claim. Mem. in Supp. of Pet's. Mot. to Certify at 7. However, Tantaros has not raised anything close to "substantial doubt" as to the correctness of

this ruling. The Court's Order was grounded in precedent cited by the Fox Parties, including *Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't of Envtl. Mgmt.*, 585 F.3d 42 (1st Cir. 2009)—a case where the First Circuit found that wording extremely similar to § 7515's language made consistency with federal law an essential element of the plaintiff's claim. New York law is also well settled that the type of language in § 7515 is an "exception" rather than a "proviso," which makes it an element of Tantaros' claim. Transcript of Oral Argument at 12, *Tantaros v. Fox News Channel*, No. 19 Cv. 7131 (S.D.N.Y. 2019) (citing *Rowell v. Janvrin*, 151 N.Y. 60 (1896)).[2] In her Motion, Tantaros cites *no* on-point authority that is contrary to these cases or the Court's findings, and thus has not shown that there is "substantial doubt" that the Court correctly ruled on this issue.

*Third*, Tantaros argues, for the first time, that the Court erred in concluding that the federal issue is "substantial," because, according to Tantaros, mandatory arbitration of sexual harassment claims is "uniquely…unconscionable" and may therefore be forbidden without any systemic impact on the enforcement of arbitration agreements generally. Mem. in Supp. of Pet's. Mot. to Certify at 8-9. This is patently incorrect. The Supreme Court has concluded time and again that various state statutes seeking to carve out specific claims from arbitration violate the FAA. *See, e.g., Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533-34 (2012) (per curiam); *Preston v. Ferrer*, 552 U.S. 346, 353 (2008); *Perry v. Thomas*, 482 U.S. 483, 489 (1987); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 623 n.10 (1985); *Southland Corp. v. Keating*, 465 U.S. 1, 10-11 (1984). Section 7515 and its progeny are

---

[2] The Fox Parties raised this distinction at oral argument because Tantaros argued in her Reply that consistency with federal law was an "exception" and wrongly concluded that it therefore could not be an essential element of her claim.

no different. Accordingly, this argument similarly does not create "substantial doubt" as to the correctness of the Order.

*Fourth*, Tantaros states that the Court wrongly concluded that exercising jurisdiction here would not disrupt the federal-state balance approved by Congress because the FAA allows for concurrent jurisdiction. Mem. in Supp. of Pet's. Mot. to Certify at 9. As the Order notes, the Second Circuit has already conclusively found that the lack of an express jurisdictional grant is not dispositive as to whether jurisdiction exists, and thus, this does not create any "substantial doubt" as to the correctness of the Order. Op. & Order at 9 n.4.

Accordingly, Tantaros has not demonstrated that there are substantial grounds for a difference of opinion as to the existence of subject matter jurisdiction or as to the applicability of any prong of the *Grable-Gunn* test.

### C. Immediate Appeal will not Materially Advance the Ultimate Termination of the Litigation.

Section 1292(b)'s third requirement, that an immediate appeal must materially advance ultimate termination of the litigation, is "strictly construed." *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (internal citations omitted); *see also Westwood Pharmaceuticals, Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 88 (2d Cir. 1992) (dismissing appeal under § 1292(b) because it was "not clear" that appeal would advance termination of litigation). Courts certify orders under § 1292(b) when "early appellate review 'might avoid protracted and expensive litigation.'" *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002) (internal citations omitted). Generally, this condition is met only when an immediate appeal "'promises to advance the time for trial or to shorten the time required for trial.'" *In re Oxford Health Plans, Inc.*, 182 F.R.D. at 53 (citing 16 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure § 3930* at 432 (2d ed. 1996). Even

matters of first impression are generally properly certified for interlocutory review only when certification "would avoid a lengthy trial and 'determination was likely to have precedential value for a large number of other suits . . . now pending.'" *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982) (citing *Brown v. Bullock*, 294 F.2d 415, 417 (2d Cir. 1961) (Friendly, J.))

Here, there is clearly no prospective trial to be advanced, shortened, or avoided. Instead, the Fox Parties will move to dismiss the case on purely legal grounds, and Tantaros will be able to appeal any final order dismissing her case as a matter of right in short order. Accordingly, allowing interlocutory appeal at this juncture will only delay a dispositive ruling in this case rather than advance the litigation. *See Lewis v. Lycoming*, No. 11-6475, 2012 WL 12904149, at *1 (E.D. Penn. Aug. 6, 2012) ("An interlocutory appeal [of an order denying remand] would delay the ultimate termination of this litigation, not advance it."). Given the weakness of Tantaros' petition, it is probable that the Second Circuit will, itself, decline interlocutory review, making an immediate appeal wasteful.

Tantaros asserts that the third prong is necessarily satisfied because a reversal of the Order would terminate the federal case. Mem. in Supp. of Pet's. Mot. to Certify at 10-11. While some courts have concluded that the termination of a federal case is enough to show termination of the litigation, the prevailing view is that a remand back to state court will *not* advance the ultimate termination of the litigation and lead only to additional state court proceedings. *See, e.g.*, *Karagjozi v. Bruck*, No. 17-63, 2017 WL 3528002, at *3 (D. N.J. Aug. 16, 2017) ("[A]n immediate appeal on a remand order dispute does not satisfy the third criterion because '[a] mere change in forum would not materially advance termination of litigation [.]'") (internal citations omitted); *Beck Chevrolet Co., Inc. v. General Motors LLC*, 11 Civ. 2856, 2012 WL 12925023

(S.D.N.Y. Aug. 23, 2012) ("A denial of remand does not involve a question of law that can influence the outcome of a case, and an immediate appeal will not materially advance the ultimate termination of the litigation."); *Lewis v. Lycoming*, No. 11-64775, 2012 WL 12904149, at *1 (E.D. Penn. Aug. 6, 2012) ("[A]n interlocutory appeal of the order denying remand would not 'materially advance the ultimate termination of the litigation' because it would not 'eliminate (1) the need for trial; (2) complex issues that would complicate the trial; or (3) issues that would make discovery more costly or burdensome.'") (internal citations omitted); *In re Extended Stay, Inc.*, No. 11 Civ. 7782, 2012 WL 491436, at * 3 (S.D.N.Y. Feb. 14, 2012); *Stone v. Patchett*, No. 08 CV 5171, 2009 WL 1544650, at *3 (S.D.N.Y. June 3, 2009) (movant failed to show interlocutory review of motion to dismiss would materially advance the termination of the litigation because "all that would result would be the shifting of this litigation . . . from the Southern District of New York to the Illinois Circuit Court").

Moreover, as this Court has noted, if Tantaros' interpretation of the legal standard were correct, it would open the floodgates to interlocutory appeals of every single order denying remand:

> Although there may be controlling questions of law here as to which there are substantial grounds for disagreement, I find that an immediate appeal would not advance the termination of this litigation to the degree that it presents an "exceptional circumstance[ ]" justifying leave to appeal an interlocutory order. . . . At most, the resolution of this appeal would finally determine whether this action proceeds in the Bankruptcy Court or New York state court. If that were a sufficient concern to grant leave to appeal an interlocutory order, then *every* decision not to abstain and remand would be immediately appealable.

*In re Extended Stay, Inc.*, 2012 WL 491436, at *3 (internal citations omitted). Thus, the Court should find that termination of the federal court case would be insufficient to satisfy the third condition required for interlocutory appeal.

- 12 -

**II.    THE COURT SHOULD NOT EXERCISE ITS DISCRETION TO CERTIFY THE ORDER.**

Even if the Court were to find that Tantaros' Petition technically satisfied all three of § 1292(b)'s requirements (which it does not), it would retain complete discretion to deny certification "for 'any reason…' including 'the system-wide costs and benefits of allowing the appeal.'"  *Green v. Humana at Home, Inc*., No. 16 Civ. 7586, 2019 WL 3729390, at *3 (S.D.N.Y. Aug. 8, 2019) (internal citations omitted).  In exercising their discretion over § 1292(b) motions, district courts must be careful not to "'open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.'"  *Martens v. Smith Barney, Inc*., 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002).  Nor should they be guided by their desire for early clarification, as § 1292(b) is not meant to "'provide early review of difficult rulings in hard cases.'"  *Id.*

Based, in part, on these well-established principles, the Second Circuit disfavors interlocutory appeal from orders denying remand.  *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d at 121, 124 (2d Cir. 2007); *Beck Chevrolet Co., Inc. v. General Motors LLC*, 11 Civ. 2856, 2012 WL 12925023, at *1 (S.D.N.Y. Aug. 23, 2012); *In re Extended Stay, Inc.*, No. 11 Civ. 7782, 2012 WL 491436, at *3 (S.D.N.Y. Feb. 14, 2012); *In re NASDAQ Mkt. Makers Antitrust Litig.*, 938 F. Supp. 232 (S.D.N.Y. 1996).

There is no reason to depart from this well-established law here. If the Court declines to certify, the Fox Parties will shortly move to dismiss Tantaros' Petition, and Tantaros can appeal any dismissal as a matter of right and challenge the Court's Order denying remand.  To certify interlocutory appeal now would simply prolong this litigation and create precedent for certifying "a vast number of appeals" of orders denying remand.  The "system-wide costs" of granting the

Motion to Certify clearly outweigh any benefits, making interlocutory appeal clearly inappropriate. Therefore, the Court should deny Tantaros' Motion to Certify.

## CONCLUSION

For the reasons stated herein, the Fox Parties respectfully request that this Court deny Tantaros' Motion to Certify.

Dated: March 9, 2020

Respectfully submitted,

*/s/ Matthew W. Lampe*
Matthew W. Lampe
Kristina A. Yost
Stefan M. McDaniel
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7309
mwlampe@jonesday.com
kyost@jonesday.com
smmcdaniel@jonesday.com

*Attorneys for Respondents Fox News Network, LLC, Dianne Brandi, Irena Briganti and Suzanne Scott*