UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREA TANTAROS,

                    Petitioner,

        -against-

FOX NEWS NETWORK, LLC,  THE ESTATE
OF ROGER AILES, WILLIAM SHINE,
SUZANNE SCOTT, DIANNE BRANDI, and
ANDREA BRIGANTI,

                Respondents.

Case No. 1:19-cv-07131-ALC-RWL

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETITIONER'S
MOTION TO CERTIFY THE COURT'S ORDER DENYING REMAND
<u>FOR INTERLOCUTORY REVIEW PURSUANT TO 27 U.S.C. § 1292(b)</u>**

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Tel.: 212-545-4600

FEIN & DELVALLE, PLLC
300 New Jersey Avenue NW
Washington, DC 20001
Tel.: 202-465-8727

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 2

A.       The Order Involves a Controlling Question of Law ................................................. 3

B.       There are Substantial Grounds for Difference of Opinion Regarding the
         Correctness of the Order ........................................................................................... 4

C.       An Immediate Appeal may Materially Advance the Litigation ................................ 6

D.       The Court Should Exercise its Discretion to Certify the Order ............................... 8

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

## CASES                                                                         Page(s)

*In re A2P SMS Antitrust Litigation,*
  No. 12 Civ. 2656,
  2015 U.S. Dist. LEXIS 24909 (S.D.N.Y. Mar. 2, 2015) ............................................................1

*Brown v. Board of Education,*
  347 U.S. 483 (1954) .............................................................................................................3-4

*In re Extended Stay, Inc.,*
  No. 11 Civ. 7782, 2012 U.S. Dist. LEXIS 18448 (S.D.N.Y. Feb. 14, 2012) ...........................8

*Karagjozi v. Bruck,*
  No. 17-63, 2017 U.S. Dist. LEXIS 130762 (D.N.J. Aug. 16, 2017) ..........................................7

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Montonave Achille Lauro in
Amministrazione Straordinaria, et al.,*
  921 F.2d 21 (2d Cir. 1990) ........................................................................................................1

*Lewis v. Lycoming,*
  No. 11-6475, 2012 U.S. Dist. LEXIS 195250 (E.D. Pa. Aug. 6, 2012) .....................................7

*McKelvey v. United States,*
  260 U.S. 353 (1922) .............................................................................................................4-5

*People v. Devinny,*
  227 N.Y. 397 (1919) ..................................................................................................................5

*People v. Kollender,*
  169 Misc. 995 (1939) .................................................................................................................5

*People v. Odematt,*
  39 Misc. 2d 217, 240 N.Y.S. 2d 295 (1963) ..............................................................................5

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development, LLC,*
  282 P.3d 1217 (Cal. Sup. Ct. 2012) ...........................................................................................6

*Rhode Island Fisherman's Alliance, Inc. v. Rhode Island Department of Environmental
Management,*
  585 F.3d 42 (1st Cir. 2009) ........................................................................................................6

*Rowell v. Janvrin,*
  151 N.Y. 60 (1896) ....................................................................................................................5

*Vaden v. Discover Bank*,
   556 U.S. 49 (2009),
   *superseded by statute on other grounds*, *Vermont v. MPHJ Tech. Investments, LLC*,
   803 F.3d 635 (Fed. Cir. 2015)...................................................................................1, 4

*In re WorldCom, Inc. Securities Litigation*,
   No. 02 Civ. 3288,
   2003 U.S. Dist. LEXIS 22718 (S.D.N.Y. Dec. 16, 2003) ...........................................4

## **STATUTES AND RULES**

28 U.S.C. § 158.........................................................................................................7
28 U.S.C. § 1331....................................................................................................1, 3
28 U.S.C. § 1441(a)....................................................................................................1
28 U.S.C. § 1292(b)........................................................................................... *passim*

CPLR § 7515....................................................................................................... *passim*

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* .................................................. *passim*
   9 U.S.C. § 2.......................................................................................................2, 6

Petitioner Andrea Tantaros ("Petitioner") respectfully submits this Reply Memorandum of Law in further support of her motion to certify the Court's Opinion & Order dated December 17, 2019 denying her motion to remand for lack of federal question subject matter jurisdiction (ECF 40, the "**Order**") for interlocutory review pursuant to 28 U.S.C. § 1292(b).

## PRELIMINARY STATEMENT

In their opposition to Petitioner's motion to certify the Order, Respondents deny that this Court's December 17, 2019 Order decided a controlling legal question of subject matter jurisdiction.  Opposition Memorandum ("Op. Mem.") at 1.  In fact, the Court's entire decision concerned subject matter jurisdiction. Nothing else was involved.  The removal statute invoked by Respondents, 28 U.S.C. § 1441(a), makes subject matter jurisdiction a gatekeeper.

Respondents note that reversal of this Court's order would not terminate the litigation *in toto* because proceedings in state court would follow.  Respondents do not dispute, however, that reversal would terminate the federal case at hand.  It would avoid the risk of squandering time and resources in federal court addressing state law matters over which it has neither subject matter jurisdiction nor expertise.  These considerations justify interlocutory review.  *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Montonave Achille Lauro in Amministrazione Straordinaria, et al.*, 921 F.2d 21, 24 (2d Cir. 1990); *In re A2P SMS Antitrust Litigation*, No. 12 Civ. 2656, 2015 U.S. Dist. LEXIS 24909, at *12 (S.D.N.Y. Mar. 2, 2015).

Respondents do not quarrel with the clear law that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, does not establish federal question subject matter jurisdiction under 28 U.S.C. § 1331.  *Vaden v. Discover Bank*, 556 U.S. 49 (2009), *superseded by statute on other grounds*, *Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 643 (Fed. Cir. 2015). Respondents, nevertheless, attempt to utilize the FAA as a jurisdictional hook to force another non-federal claim, CPLR § 7515, in a federal court when it plainly should be before the state

1

judge who was first invested with the case and who is in the best position to rule on this important question of first impression of New York state law under the particular facts of this case. Op. Mem. 1.

Respondents dispute that there are substantial grounds for questioning this Court's Order because it presented a case of first impression. *Id.* But such cases are more likely, rather than less likely, to provoke judicial stumbles because there is no well-trodden path to follow.

Finally, Respondents hyperbolically insist the FAA would die of a thousand cuts if Petitioner's CPLR § 7515 claim were sustained over an FAA preemption defense. *Id.* Not true. The state statute rests upon a legislative finding that mandatory arbitration of sexual harassment claims imposed by employers on employees is procedurally and substantively unconscionable and a ground under New York law or equity to revoke any contract. To uphold section 7515 would leave the FAA undisturbed because the federal law expressly creates arbitration exceptions "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

If the Order is not reversed, this Court will assume the role of a state judge in interpreting section 7515 with no guidance from the New York Court of Appeals or any other state court. It will confront novel issues of state law over which it has no expertise. This Court will be acting as a surrogate for New York Supreme Court Judge David Cohen, from whom the case was removed and who is familiar with its prolonged background beginning May 11, 2016, nearly four years ago. In order to allow a New York state judge to interpret section 7515, this action should be remanded to Judge Cohen, who is a state judge expert in interpreting state law and knowledgeable about the long history of the case.

## **ARGUMENT**

2

Contrary to Respondents' anemic opposition, Petitioner's motion to certify easily satisfies the tripartite test of 28 U.S.C. § 1292(b).  Petitioner has demonstrated that  (1) the Order involved a controlling question of law regarding federal question subject matter jurisdiction; (2) there is substantial ground for difference of opinion regarding the correctness of the Order in a case of first impression; and (3) an immediate appeal of the Order may substantially advance the ultimate termination of the litigation by ending the federal case immediately, obviating the risk of squandering federal judicial resources on state law issues over which there is no federal subject matter jurisdiction, and accelerating a final state court decision.

### A.        The Order Involves a Controlling Question of Law

In the Order, the Court decided a controlling question of law:  namely, whether a claim arising under CPLR § 7515 raises a federal question within the original jurisdiction of federal district courts under 28 U.S.C. § 1331.  There were no facts before the Court.  Indeed, Respondents have yet to answer Petitioner's declaratory judgment action or move for dismissal. Subject matter jurisdiction decided by this Court's Order was the controlling question of law. The Order addressed nothing else.

Respondents are unable to point to a single fact introduced into the record of this proceeding by either party or by the Court via judicial notice or otherwise.  This Court made no findings of fact.  Respondents boldly maintain that this Court's Order turned on facts rather than the law of federal question subject matter jurisdiction because the Court considered, among other things, the potential precedential impact on administration of the FAA.  Op. Mem. 6.  That argument erases the distinction between fact and law.  Indeed, such reasoning would deny that the United States Supreme Court decision in *Brown v. Board of Education*, 347 U.S. 483, 493-95 and n.11 (1954), involved a controlling question of law under the Fourteenth Amendment

because it considered how segregated schooling adversely affected the hearts and minds of minority students.

Respondents unwittingly provide support for Petitioner's argument by summoning *In re WorldCom, Inc. Securities Litigation*, No. 02 Civ. 3288, 2003 U.S. Dist. LEXIS 22718, at *15 (S.D.N.Y. Dec. 16, 2003). There, the District Court explained: "The Second Circuit has identified an order involving subject matter jurisdiction as an example of an order raising a 'controlling' question of law." (citation omitted). The District Court added: "The first question of law…is controlling. It involves a question of federal subject matter jurisdiction." *Id.* at *16. In contrast, the District Court determined that legal questions that implicated "findings of fact" were not controlling for purposes of interlocutory review. It speaks volumes that Respondents are unable to point to a single finding of fact in this Court's denial of Petitioner's motion to remand.

**B.      There are Substantial Grounds for Difference of Opinion Regarding the Correctness of the Order**

Respondents do not dispute that the FAA, standing alone, does not create federal question subject matter jurisdiction. *Vaden v. Discover Bank*, *supra*. Neither do Respondents dispute that CPLR § 7515, divorced from the FAA, would not establish federal question jurisdiction. Respondents never explain how two provisions of law—both of which raise non-federal questions—when added together can raise a federal question. Op. Mem. 8. That is a logical impossibility, just as adding zero to zero can never yield anything more than zero.

Respondents additionally do not dispute the cardinal canon of construction that statutory exceptions must be pled and proved by the party claiming its benefits. *See*, *e.g.*, *McKelvey v. United States*, 260 U.S. 353, 357 (1922) ("[A] pleading founded on a general provision defining the elements…of a right conferred, need not negative the matter of an exception made by a

proviso or other distinct clause…and…it is incumbent on one who relies on such an exception to set it up and establish it."). Thus, the Order contravened controlling law to the extent it required Petitioner, and not Respondents (the party benefitting from the exception), to bear the burden of pleading and proving the CPLR §7515(b)(iii) statutory exception.

Respondents wrongly assert that *Rowell v. Janvrin*, 151 N.Y. 60 (1896) supports placing on Petitioner the burden of pleading and proving the exception. Op. Mem. 9.  That ancient case drew a now obsolete distinction between an "exception" and a "proviso." The semantic distinction was virtually erased in *People v. Odematt*, 39 Misc. 2d 217, 240 N.Y.S. 2d 295 (1963); *People v. Kollender*, 169 Misc. 995, 999-1000 (1939); and *People v. Devinny*, 227 N.Y. 397 (1919).  In the latter case, the New York Court of Appeals amplified:  "The two classes of provisions—exceptions and provisos—frequently come closely together and the rule of differentiation ought to be so applied as to comply with the requirements of common sense and reasonable pleading." 227 N.Y. at 401. In *Rowell*, *supra*, the New York Court of Appeals stated: "An exception exempts something absolutely from the operation of a statute by express words in the enacting clause; a proviso defeats its operation conditionally."  151 N.Y. at 67.

Even under *Rowell*, CPLR § 7515 creates a proviso, not an exception, to its prohibition on mandatory arbitration of sexual harassment allegations.  Subsection 7515(b)(iii) makes mandatory arbitration clauses null and void, subject to the condition that section 7515 as applied is not "inconsistent with federal law."  The requirements of common sense and reasonable pleading dictated by *Devinny* compel the conclusion that section 7515 defendants, not plaintiffs, bear the burden of pleading and proving inconsistency with federal law.  The corpus of federal law fills many courtrooms.  It would be unreasonable and unmanageable to saddle section 7515

5

plaintiffs with the burden of pleading and proving the absence of inconsistency with every federal statute, regulation, or judicial decision expounding federal law.

The FAA itself is also informative. The Act makes enforceable mandatory arbitration contracts in commerce "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The burden of proving the exception is on defendants who claim its benefits in seeking to avoid arbitration.  "The party seeking arbitration bears the burden of proving the existence of an arbitration agreement, and the party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Pinnacle Museum Tower Assn. v. Pinnacle Market Development, LLC*, 282 P.3d 1217, 1224-25 (Cal. Sup. Ct. 2012).

Respondents incorrectly maintain that *Rhode Island Fisherman's Alliance, Inc. v. Rhode Island Department of Environmental Management*, 585 F.3d 42, 49 (1st Cir. 2009) was "a case where the First Circuit found that wording extremely similar to section 7515's language made consistency with federal law an essential element of plaintiff's case." Op. Mem. 9.  However, the statutory text at issue in that non-biding ruling is substantially different.  The relevant statutory text in *Rhode Island Fisherman's Alliance* provided: "retroactive control dates are prohibited and shall not be used or implemented, unless expressly required by federal law, regulation or court decision."  585 F.3d at 49. In contrast, the relevant CPLR § 7515(b)(iii) text provides: "Except where inconsistent with federal law, [mandatory arbitration clauses covering sexual harassment claims] shall be null and void."

### C.    An Immediate Appeal may Materially Advance the Litigation

Respondents misstate the third requirement for interlocutory review under section 1292(b).  Respondents argue that "an immediate appeal ***must*** materially advance ultimate termination of the litigation."  Op. Mem. 10 (emphasis added).  The statute is less demanding.  It

requires only that immediate appeal ***may*** accelerate termination, which acknowledges the countless imponderables that influence how long litigation endures.

Respondents concede that an immediate appeal and reversal of this Court's Order would instantaneously end the federal case.  It would return to Judge Cohen for prompt resolution based on his interpretation of state law and the FAA.  No trial would be necessary. Judge Cohen knows all the facts and background of this protracted litigation and is well-positioned to oversee its ultimate resolution.

Contrary to Respondents' insinuation (Op. Mem. 11), *Lewis v. Lycoming*, No. 11-6475, 2012 U.S. Dist. LEXIS 195250 (E.D. Pa. Aug. 6, 2012) did not frown on interlocutory review of orders denying remand motions.  It simply found that given the complicated facts of the case and necessity of a trial, interlocutory review would prolong termination of the litigation.  Here, in contrast, there are no factual issues in dispute and no trial in waiting.

Equally unavailing is the reliance of Respondents on *Karagjozi v. Bruck*, No. 17-63, 2017 U.S. Dist. LEXIS 130762 (D.N.J. Aug. 16, 2017).  The case involved a bankruptcy provision, 28 U.S.C. § 158, not section 1292(b).  The plaintiff failed to show a substantial ground for difference of opinion over application of the correct legal standard. And a remand would not have obviated the need of a trial.  Neither of those circumstances is present here.  The companion cases cited by Respondents are similarly unpersuasive because they involve circumstances peculiar to the respective litigations, including failure to satisfy any of the section 1292(b) requirements and the need for a trial. Op. Mem. 11-12.

Petitioner's case is different because no trial is in store, all three section 1292(b) tests have been satisfied, and a remand order would hand the case to Judge Cohen, who is well-

equipped to interpret CPLR § 7515 correctly and promptly because of his prior deep engagement
with the parties and conversance with state law.

Respondents make yet another infirm argument that orders denying remand *never* qualify
for interlocutory review because otherwise every denial would be immediately appealable, citing
*In re Extended Stay, Inc.*, No. 11 Civ. 7782, 2012 U.S. Dist. LEXIS 18448 (S.D.N.Y. Feb. 14,
2012). Op. Mem. 12.  First, *Extended Stay* is readily distinguishable because the court ruled that
a bankruptcy court order denying a motion to remand was not subject to an interlocutory appeal
when resolution of the issues at hand would "merely affect the standard of review given the
Bankruptcy Court's determination," and thus would not "advance the termination of this
litigation." 2012 U.S. Dist. LEXIS 18448, at *10.  Second, denials of remand motions do not
qualify for interlocutory review unless all three tests of section 1292(b) are satisfied, including
but not limited to the possibility of accelerating ultimate termination of the litigation.  Moreover,
Petitioner is not arguing that a denial of a remand motion *automatically* satisfies the third prong
of the section 1292(b) test.  But the Court's denial in this case does satisfy the threshold because
of Judge Cohen's prior involvement and mastery of the complicated case background combined
with his expertise in interpreting state law.

### D.    The Court Should Exercise its Discretion to Certify the Order

Respondents unwittingly state why this Court should exercise its discretion to certify its
Order for interlocutory review.  Op. Mem. 13-14.  If this Court fails to certify, Respondents will
move to dismiss Petitioner's declaratory judgment action.  That motion will confront this Court
with knotty state law issues such as waiver, retroactivity of CPLR § 7515, FAA preemption, and
procedural and substantive unconscionability under New York law, among others.  New York

Supreme Court Judge David Cohen is the ideal jurist to consider these issues of New York state law.

Moreover, if this Court dismisses Petitioner's action, an appeal to the United States Court of Appeals for the Second Circuit will ensue. Among other things, Petitioner will argue that this Court had no subject matter jurisdiction to interpret CPLR § 7515. If the Second Circuit agrees, this Court's arduous labors in interpreting the state law and applying it to Petitioner's case will have been in vain. Precious federal judicial resources and time would have been squandered. The case will return to square one before Judge Cohen where it began nearly four years ago.

This serious risk of wasted time and judicial resources will be avoided, however, if this Court's certifies its Order denying Petitioners' motion to remand for immediate appeal under section 1292(b).

<u>**CONCLUSION**</u>

For the reasons above and in Petitioner's opening memorandum of law, Petitioner respectfully requests the Court certify for interlocutory review, pursuant to Section 1292(b), its December 17, 2019 Order denying Petitioner's motion for remand and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
         March 24, 2020

                                    **WOLF HALDENSTEIN ADLER**
                                    **FREEMAN & HERZ LLP**

                                    /s/ Demet Basar
                                    Demet Basar
                                    270 Madison Avenue
                                    New York, New York 10016
                                    Tel.: (212) 545-4600
                                    Fax: (212) 686-0114
                                    basar@whafh.com

                                    FEIN & DELVALLE, PLLC
                                    Bruce Fein (*pro hac vice motion forthcoming*)

9

300 New Jersey Avenue NW
Washington, DC 20001
Tel.: 202-465-8727
bruce@feinpoints.com

*Counsel to Petitioner, Andrea Tantaros*

808520