# Exhibit 9

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT, IN AND FOR PALM BEACH
COUNTY FLORIDA

IN RE: ESTATE OF ROGER AILES,

                **Deceased.**

_____/

**PROBATE DIVISION**
**CASE NO. 50-2017-CP-003091-MB**
**SECTION NO.:**

## MOTION FOR REHEARING AND RECONSIDERATION OF MARCH 13, 2018 ORDER STRIKING CLAIM AND AMENDED CLAIM OR TO TREAT TANTAROS' MARCH 22, 2018 PLEADING AS A TIMELY FILED MOTION FOR REHEARING

      Claimant, ANDREA TANTAROS ("Tantaros" or Claimant), by and through undersigned counsel, hereby files this Motion for Rehearing of the Court's March 13, 2018 Order Striking Claim. Given that the Order was entered without Notice to Tantaros and that Tantaros was deprived of an opportunity to be heard, Tantaros respectfully requests the Court's indulgence in considering Tantaros' first opportunity to respond to Petitioner, ELIZABETH AILES' (Personal Representative or "Ailes") Petition (sic, the pleading is more properly described as a motion) for Order Striking Untimely Filed Amended Claim (the "Petition").

      There is good cause to grant this motion. Tantaros was not given notice that an order had been entered, as the order was inexplicably not copied to, or served on, counsel of record for Tantaros. Even more critically, the entry of the order amounts to a significant due process violation, as the Court's March 13, 2018 Order ("Order") was entered without providing Tantaros notice and an opportunity to be heard. The Court neither scheduled a hearing on the Petition, nor entered an order providing Tantaros a time frame to respond, which order would have constituted notice of the Court's intent to rule. This failure will require reversal on its own. It is axiomatic that dismissal of a party's claims without notice or an opportunity to be heard violates due process. *See Fed. Nat'l Mortg. Ass'n v. Sanchez*, 187 So. 3d 341, 342 (Fla. 4th

3482392.1

DCA 2016) ("Due process requires notice and an opportunity to be heard prior to dismissal.")(finding due process violation where lower court did not provide claimant notice of its intent to dismiss or allow for an opportunity to be heard prior to dismissal).

## I.    STATEMENT OF FACTS

1.    On May 11, 2016, Claimant Fox News Network, LLC filed a Demand for Arbitration naming Tantaros as Respondent, Case No. 01-16-0001-7288.

2.    On August 22, 2016, Tantaros filed a Complaint in the Supreme Court of the State of New York asserting claims for sexual harassment, retaliation and tortious interference with business expectancy against Roger Ailes and others including Fox News Network, William Shine, Dianne Brandi, Irena Briganti, and Suzanna Scott, Index No. 157054/2016 (the "New York Complaint").

3.    On March 9, 2017, Justice David B. Cohen granted Defendants Fox News Network, LLC, Roger Ailes, William Shine, Dianne Brandi, Irena Briganti, and Suzanna Scott's motion to compel arbitration of the New York Complaint.

4.    On April 4, 2017, Claimant Fox News Network, LLC filed an Amended Demand for Arbitration.

5.    On May 5, 2017, Tantaros filed an Answer to Amended Demand for Arbitration and Counterclaims.  The Counterclaim names as Counter-Respondents Roger Ailes and others.

6.    Defendant, Roger Ailes, passed away on May 18, 2017.

7.    No notice was ever given to Tantaros of any probate proceedings relating to Ailes.

8.    In the arbitration proceeding there were some amendments and confusion about the proper parties upon the death of Ailes, which was due to a lack of notice to creditors being sent to counsel.  As a result, on November 17, 2017, Tantaros filed a request to join the Estate of

Roger Ailes in the arbitration.  That request was unopposed and was duly granted on December 14, 2017.

9.      On January 5, 2018, Tantaros amended her Counterclaims to substitute the Estate of Roger Ailes as a Counter-Respondent.  Notice was timely provided to the Estate of Roger Ailes.

10.      On January 31, 2018, Tantaros filed with this Court a Statement of Claim ("Statement of Claim") which was amended on February 21, 2018 (the "Amended Statement of Claim").  The Amended Statement of Claim is attached hereto as Exhibit "A."

11.      To date, Tantaros has never received any actual notice of these probate proceedings.

12.      In her February 26, 2018 Petition, the Personal Representative provided this Court with a verified assertion that Tantaros "had actual knowledge of [decedent's] death and was aware that the estate was opened."  The Personal Representative provided no details as to how she knows Tantaros had actual knowledge of decedent's death, or that an estate was opened, or how Tantaros would have known the jurisdiction in which the estate was opened.

13.      Ten days later, without providing Tantaros notice of the Court's intent to rule, or an opportunity to be heard, the Court entered its Order Striking Claim and Amended Claim, incorrectly noting that Tantaros is an "interested person" to the estate rather than a creditor to the estate.  Although the Order was signed on March 8, 2018, it was not entered on the Court's docket until March 13, 2018.

14.      Not being aware the Order was signed, or entered, but surreptitiously within the 15-day window timely to file a motion for rehearing, Tantaros filed her Response and

Memorandum In Opposition To Petitioner's Petition (sic) For Order Striking Untimely Filed Amended Claim (Response).

## II.   **ARGUMENT.**

### a.   **The Court Should Review this Motion on the Merits or Treat the Response As A Timely Filed Motion For Rehearing.**

Although filed two-days late, the Court should consider the arguments presented in this motion and especially so given the lack of notice and an opportunity to be heard prior to entry of the Order.   Alternatively, the Court should treat the Response as a Motion for Rehearing: it is axiomatic that the title of a document is not controlling.   The Response being directed at the arguments presented by the Personal Representative for entry of the Order, and being filed within 15 days of entry, it is properly deemed a timely motion for rehearing.

### b.   **The Court Denied Tantaros Basic Due Process.**

We begin with the fundamental constitutional principle that every litigant is entitled to due process of law.   Long ago, the Supreme Court said that "[t]he fundamental requisite of due process of law is the opportunity to be heard."   *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). That principle continues to guide courts, including this one, a century later.   *Progressive Am. Ins. Co. v. Goldsmith*, 192 So. 3d 87, 88 (Fla. 4th DCA 2016) ("In this case, the lower court dismissed appellant's case at a case management conference without notice.   Due process requires the trial court to provide notice and an opportunity to be heard prior to dismissal. Because the lower court did not provide appellant with notice, we reverse and remand"); *Sanchez*, 187 So. 3d at 342.   This fundamental grounding of the law is so axiomatic that one

NOT A CERTIFIED COPY

could collect countless Florida decisions holding that due process violations vitiated an order or judgment.[1]

Pertinent here, "[d]ue process requires notice and an opportunity to be heard prior to dismissal." *Sanchez*, 187 So. 3d at 342. Here, although the Personal Representative filed a single page "verified" Petition to strike Tantaros' claim as untimely, the probate court's version of a motion to dismiss, Tantaros had utterly no notice that this Court intended to rule on the Petition a mere ten days after its filing, without a hearing, and without affording Tantaros an opportunity to submit a written opposition memorandum or to present oral argument to the Court.

In these circumstances, the due process violation is no less egregious than that in *Crescenzo v. Marshall*, 199 So. 3d 353, 355-56 (Fla. 2d DCA 2016), where the Second District stated that "a court's failure to provide notice of its intent to dismiss or allow for an opportunity to be heard prior to dismissal violates the plaintiff's due process rights." (internal quotation marks omitted); *see also Sanchez*, 187 So. 3d at 342 (concluding Fannie Mae was denied due process where "the lower court did not provide Fannie Mae notice of its intent to dismiss or allow for an opportunity to be heard prior to dismissal"); *State, Dep't of Revenue, ex rel. Johnson v. Haughton*, 188 So. 3d 32, 34 (Fla. 3d DCA 2016) ("The most basic requirement of procedural

---

[1] *See e.g., Lobree v. ArdenX LLC*, 199 So. 3d 1094, 1098 (Fla. 3d DCA 2016) (reversing a sua sponte dismissal for misjoinder, where plaintiffs were denied an opportunity to be heard); *Corio v. Lopez*, 190 So. 3d 1152, 1153 (Fla. 5th DCA 2016) (in paternity action, alleged father was denied due process when court granted mother's motion to change venue and "entered the order without affording him the opportunity to be heard on the motion"). In *Pro-Art Dental Lab, Inc. v. V-Strategic Group, LLC*, 986 So. 2d 1244, 1253 (Fla. 2008), the Florida Supreme Court reiterated that procedural due process "contemplates that the defendant shall be given fair notice and afforded a real opportunity to be heard and defend in an orderly procedure, before judgment is rendered against him." (quoting *J.B. v. Fla. Dep't of Children & Fam. Servs.*, 768 So. 2d 1060, 1064 (Fla. 2000)).

due process is that a party to the litigation must be provided with notice and an opportunity to be heard.").

Indeed, the Second District has ruled that it is a due process violation not to give notice and an opportunity to be heard before striking a claim to an estate, even where notice was actually given, but only two days before the hearing. *Montgomery v. Cribb*, 484 So. 2d 73, 74-75 (Fla. 2d DCA 1986).

> Appellant contends that the court erred in ruling on the motion to strike because appellant did not receive reasonable notice of the hearing. We agree. Florida Rule of Probate and Guardianship 5.041(a), provides that unless the court orders otherwise, every petition or motion for an order determining rights of an interested person shall be served on interested persons. "Interested persons" are those who reasonably may be expected to be affected by the outcome of the particular proceeding. § 731.201(21), Fla.Stat. (1985).
>
> Florida Rule of Probate and Guardianship 5.042(c), provides that unless a motion is to be heard ex parte, a copy of the notice of the hearing on the motion must be served a reasonable length of time prior to the hearing. We find that two-day notice is not a reasonable length of time. *See Reynolds v. Reynolds*, 187 So.2d 372 (Fla. 2d DCA 1966); *see also, Hernandez v. Ward*, 437 So.2d 781 (Fla. 2d DCA 1983).

*Id.* at 74-75.

And, an order entered in violation of due process is void. *See Haughton*, 188 So. 3d at 34 ("The trial court's order setting aside the arrears owed by Haughton was issued without any notice to [Department of Revenue], and therefore, the trial court's order in the instant case was entered in violation of DOR's fundamental due process rights. The order is, therefore, void."); *see also Reyes*, 209 So. 3d at 50 (discussing *Haughton*); *U.S. Bank Nat. Ass'n v. Proenza*, 157 So. 3d 1075, 1076 (Fla. 3d DCA 2015) ("It is undisputed that the final order was entered without notice to the parties. Thus, U.S. Bank's due process rights were violated, and the final order is void.").

The Court should vacate its order on this basis alone.  *See Teffeteller v. Dugger*, 676 So. 2d 369, 371 (Fla. 1996) (declining to reach the merits of a claim where "the hearing below was procedurally flawed and violated the appellants' right to due process"); *Amber Reinforcing, Inc. v. Hubbard Const. Co.*, 801 So. 2d 314, 314 (Fla. 1st DCA 2001) ("Because the notice given Appellant was insufficient under Florida Rule of Civil Procedure 1.440(c) and violated due process, we reverse. As our determination on notice is dispositive and further action by the trial court on the merits of this case is required, we do not address Appellant's remaining grounds for reversal.") (emphasis supplied).

Indeed, the due process violation was so egregious here that the Personal Representative and her counsel may be subject to sanctions if she does not confess error on the inevitable appeal if this motion is denied without consideration of Tantaros' arguments on the merits.  *See Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 569-73 (Fla. 2005); *LBMP Holdings, LLC v. Biarritz GH, LLC*, 2018 WL 522193, *1 (Fla. 3d DCA Jan. 24, 2018) ("Based on the appellees' proper and commendable concession of error, the circuit court order dismissing the appellants' counterclaim with prejudice is reversed.  Dismissal was error because the appellants were not duly noticed or provided with an opportunity to be heard").

### c. The Order Is Wrong On the Merits As Well: As A Reasonably Ascertainable Creditor, Tantaros Was Entitled to Actual Notice of this Probate Proceeding.

Ailes argues that Tantaros' Amended Statement of Claim is untimely because it was not filed on or before November 21, 2017, three months after the first publication pursuant to Florida Statute § 733.702. Ailes is simply incorrect.  As set forth in further detail below, the case law discussing Florida Statute § 733.702 requires actual notice to ascertainable creditors.  Because Tantaros filed a lawsuit against decedent, Roger Ailes, prior to his passing, Tantaros was a known or ascertainable creditor that the Personal Representative was required to give actual

notice.  *In re Estate of Ortolano*, 766 So. 2d 330, 332 (Fla. 4th DCA 2000) ("Here, it is undisputed that the personal representatives knew of the pending litigation against the deceased; therefore, we hold they had actual knowledge of North County's claim against the Estate and, thus, were required to provide it actual notice.  Consequently, we hold the trial court abused its discretion in striking North County's claim for being untimely filed").  *Accord*, NOTICE TO CREDITORS-KNOWN OR READILY ASCERTAINABLE CREDITORS, 18 Fla. Jur. 2d Decedents' Property § 624 (Florida Jurisprudence Second Ed., Feb. 2018 Update) ("The personal representative must promptly make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable, even if the claims are unmatured, contingent, or unliquidated, and must promptly serve a copy of the notice on those creditors."; "A reasonably ascertainable creditor of the estate is one who can be determined by the personal representative through a diligent search."; "Where a creditor's identity is known, or is readily ascertainable, the due process clause of the 14th Amendment requires that the creditor be given notice of the commencement of probate proceedings by mail or by such other means as certain to insure actual notice.").

Indeed, even if the Personal Representative could conjure facts not presented in her Petition to establish Tantaros' knowledge of the opening of this probate estate, such would be insufficient given the actual pendency of the lawsuit.  *Foster v. Cianci*, 773 So. 2d 1181, 1182 (Fla. 2d DCA 2000) ("We are left with a situation whereby Foster had knowledge of Cianci's claim and did not give her actual notice with respect to the necessity of filing her claim in the probate proceeding. On the other hand, Cianci was aware that the estate was being probated but failed to file her claim in the probate proceeding."; "We therefore conclude that Cianci's tort cause of action was not a contingent claim so as to relieve Foster of the responsibility of giving

Cianci actual notice of the necessity of filing her claim."). Ailes estates' publication is therefore invalid as to this creditor.

Florida law is clear that if a "known or ***reasonably ascertainable*** creditor is not served with a *copy* of the notice, section 733.702(1) does not govern the timeliness of that creditor's claims." *See Jones v. Golden*, 176 So. 3d 242, 243 (Fla. 2015). In *Jones*, the estate was opened for decedent in 2007 and a notice to creditors was published. *Id.* at 243-44. However, decedent's ex-wife (and her guardian) was not given a copy of the notice. *Id.* In 2009, guardian of decedent's ex-wife filed a statement of claim asserting decedent owed his ex-wife money based on a marital settlement agreement executed in 2002. *Id.* The Florida Supreme Court, in overruling similar cases on this issue, found that section 733.702 did not apply, rendering publication ineffective because the ex-wife in *Jones* was a "*known or reasonably ascertainable creditor*" and the personal representative was therefore required to serve a copy of the notice. *Id.* "Instead, the claims of such a creditor are only barred if not filed within the two-year period of repose set forth in section 733.710." *Id.* ("the claim of a known or ***reasonably ascertainable*** creditor who was never served with a copy of the ***notice*** to ***creditors*** is timely if filed within two years of the decedent's death").

Here, similar to the ex-wife in *Jones*, Tantaros is a known or reasonably ascertainable creditor because the lawsuit was filed against the decedent prior to the estate being opened. *Accord, In re Estate of Ortolano*, 766 So. 2d at 332; *Foster*, 773 So. 2d at 1182. Ailes' publication therefore did not apply to Tantaros as Ailes was aware of the lawsuit prior to the estate being opened and should have recognized Tantaros was a reasonably ascertainable creditor. *See Jones,* 176 So. 3d at 243-44 ("when a creditor is known or reasonably

CASE NO. 50-2017-CP-003091-MB

ascertainable, that creditor's claim may not be barred merely by publishing notice of the court proceedings").

Because Tantaros was a reasonably ascertainable creditor, section 733.702 is inapplicable. Instead, Tantaros had two years from decedent's death to file her Amended Statement of Claim. As stated above, decedent passed on May 18, 2017 and Tantaros' Amended Statement of Claim was filed on February 21, 2018. Therefore, Tantaros' Amended Statement of Claim is timely. *See id.* ("In conclusion, as to any creditor required to be served with a copy of ***notice*** to ***creditors***, the limitations period can only be triggered by service on said creditor").

## III.  CONCLUSION

For the foregoing reasons, the Court should grant rehearing, vacate its March 13 Order, and enter an order denying the Petition.

WHEREFORE, Claimant requests that this Court enter an order denying the motion to strike and determining that the claims are timely and for such other relief that is just and proper.

Respectfully submitted,

Kluger, Kaplan, Silverman,
Katzen & Levine, P.L.
201 S. Biscayne Boulevard
Twenty Seventh Floor
Miami, Florida 33131


By:  _/s Bruce A. Katzen_____
        Bruce A. Katzen, Esq.
        Fla. Bar No.:
        bkatzen@klugerkaplan.com

CASE NO. 50-2017-CP-003091-MB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida Courts E-Filing Portal and via email on this 30th day of March, 2018 on:

Paul Anthony Baldovin

Attorney for Personal Representative
pbaldovin@hodgsonruss.com
Hodgson Russ LLP
440 Royal Palm Way Ste 202
Palm Beach, FL 33480-4142

By: */s/ Bruce A. Katzen*
         **BRUCE A. KATZEN**

NOT A CERTIFIED COPY