UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA TANTAROS,<br><br>    Petitioner,<br><br> -against-<br><br>FOX NEWS NETWORK, LLC., WILLIAM SHINE, THE ESTATE OF ROGER AILES, SUZANNE SCOTT, IRENA BRIGANTI, AND DIANNE BRANDI,<br><br>    Respondents. | Case No. 1:19-cv-07131-ALC-RWL |

**<u>RESPONDENTS FOX NEWS NETWORK, LLC,</u>**
**<u>SUZANNE SCOTT, DIANNE BRANDI AND IRENA BRIGANTI'S OPPOSITION TO</u>**
**<u>PETITIONER'S MOTION TO STAY SCHEDULING ORDER</u>**

JONES DAY
250 Vesey Street
New York, 10281-1047
Tel: 212.326.3939

*Attorneys for Respondents*
*Fox News Network, LLC,*
*Suzanne Scott, Dianne Brandi,*
*and Irena Briganti*

Petitioner's stay motion is just the latest tactic in her ongoing effort to avoid an adverse award in her arbitration. Petitioner stalled the ongoing arbitration by filing this case. Now, she piles on another delay strategy by seeking to indefinitely stall this case so she can pursue her specious Petition for Writ of Mandamus ("Mandamus Petition"). Tellingly, Petitioner does not even attempt to demonstrate in her stay motion that the Mandamus Petition is likely to succeed, choosing to default on a critical element of her burden rather than try to justify her indefensible mandamus request. And the relief she seeks in her stay motion—suspending operation of a *scheduling order* that authorized the *filing* of the Respondents' motion to dismiss—is just as unjustifiable. Petitioner asks the Court to modify the manner in which it chose to consider her previously filed motion to certify the remand order for interlocutory appeal, *i.e.*, along-side the Respondents' motions to dismiss, even though such a decision is the type of routine docket management prerogative that district courts exercise daily. And the fact that Petitioner has decided to prematurely pursue mandamus relief before the Court even decides her motion to certify an interlocutory appeal likewise does not justify putting a hold on these proceedings. The Court should reject Petitioner's latest delay attempt and deny her request for a stay.

## BACKGROUND

Petitioner's stay motion centers on the Court's denial of her motion to remand ("Remand Order"). The Court denied the remand motion—after full briefing and oral argument, ECF 10, 12, 19, 22, 39—because it concluded that Petitioner's action "necessarily raises a disputed and substantial federal issue." ECF 40 at 6. Petitioner then moved to certify the Remand Order for interlocutory appeal. ECF 46. After Petitioner's motion to certify was fully briefed, ECF 47, 48, 51, 56, the Court issued an order on April 27, 2020 that granted Respondents leave to file motions to dismiss and set a briefing schedule for the motions to dismiss. ECF 57. In the April 27, 2020

Order, this Court stated that, after briefing on the motion to dismiss was complete, it would consider the motion to dismiss and the motion to certify the Remand Order for interlocutory appeal at the same time.  ECF 57.  Pursuant to that schedule, Respondents filed motions to dismiss on May 22, 2020.  ECF 59, 60.  Petitioner's oppositions are due June 12, 2020, and Respondents' replies are due June 26, 2020.  ECF 57.

On May 20, 2020, rather than simply await the Court's decision on her interlocutory appeal motion, Petitioner instead opted to file a Petition for Writ of Mandamus in the U.S. Court of Appeals for the Second Court.  2d Cir Dkt. 1-2.  The Petition requests that the Second Circuit "issue a writ of mandamus to the District Court directing remand of this case to the New York Supreme Court for lack of federal question subject matter jurisdiction."  *Id.* at 18.

On May 22, 2020—the same day Respondents filed their motions to dismiss—Petitioner filed a motion in this Court[1] seeking to stay the "order entered on April 27, 2020 setting a briefing schedule for Respondent[s'] . . . motion to dismiss, and, deferring ruling on petitioner's motion to certify [the District Court's] federal subject matter jurisdiction order . . . for interlocutory review."  ECF 58.  Less than an hour later, without awaiting this Court's disposition of the stay motion, Petitioner also filed a virtually identical motion in the Second Circuit.  2d Cir. Dkt. 12 (stay motion filed at 9:26 a.m. on May 22); see ECF 58 (stay motion filed in District Court at 8:48 a.m. on May 22).  Respondents Fox News Network, LLC, Dianne Brandi, Irena Briganti and Suzanne Scott ("Fox Respondents") have opposed the Second Circuit stay motion because it is both procedurally improper and substantively unwarranted.  2d Cir. Dkt. 27.

---

[1] Petitioner's stay motion is procedurally defective because she did not request a pre-motion conference before filing, as required by Your Honor's rules of individual practice.

**ARGUMENT**

**I.    PETITIONER HAS NOT SATISFIED HER BURDEN TO SHOW THAT A STAY OF PROCEEDINGS IS WARRANTED**

A stay is the exception, not the rule.  "[A] 'stay is an intrusion into the ordinary processes of administration and judicial review.'"  *Royal Park Inv. SA/NV v. U.S. Bank Nat'l Ass'n*, 356 F. Supp. 3d 287, 298–99 (S.D.N.Y. 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 427, 433 (2009)).  Accordingly, the party seeking a stay "bears the burden of showing that the circumstances justify [it]."  *Nken*, 556 U.S. at 433-34.

In assessing a request for a stay pending mandamus, this Court considers four factors:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007); *see Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, No. 04 CIV. 4991 (RJH), 2004 WL 2734562, at *2 (S.D.N.Y. Nov. 29, 2004) ("In considering a motion for stay pending mandamus, district courts consider the same factors relevant for a stay pending appeal . . . .").  The first two factors—whether the movant has shown a strong likelihood of success of the mandamus petition and that irreparable harm will result in the absence of a stay—"are the most critical."  *Nken*, 556 U.S. at 434.

Petitioner does not even attempt to address all of these factors, let alone meet her burden.  *First*, Petitioner completely ignores the likelihood-of-success factor.  This failure alone warrants denying the stay request.  *See Emp'rs Ins. of Wausau v. News Corp.*, No. 06-CV-1602 (SAS), 2008 WL 4560687, at *1 (S.D.N.Y. Oct. 6, 2008) (denying motion to stay pending mandamus where "plaintiffs have made no showing that their mandamus petition has a likely chance of success").

Regardless, the Mandamus Petition is not likely to succeed because there is a "very high burden" for obtaining mandamus relief. *New York v. U.S. Dep't of Commerce*, 339 F. Supp. 3d 144, 147–48 (S.D.N.Y. 2018). "[A] writ of mandamus is a 'drastic and extraordinary remedy,'" which the court issues only in "really extraordinary cases" involving "judicial usurpation of power or a clear abuse of discretion." *In re the City of N.Y.*, 607 F.3d 923, 939 (2d Cir. 2010) (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 381 (2004)). This Court's well-reasoned Remand Order does not present anywhere close to the sort of extraordinary circumstances meriting mandamus relief. Indeed, federal district courts routinely decide questions of jurisdiction and such determinations rarely—if ever—warrant premature interference. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) ("The United States Supreme Court has long rejected the general availability of mandamus 'as a means of reviewing the action of a district court in denying a motion to remand a cause to the state court from which it had been removed.'" (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 30–31 (1943))); *In re California Pub.*, 79 F. App'x 478, 479 (2d Cir. 2003) (denying mandamus petition seeking review of denial of motion to remand).

*Second*, Petitioner fails to identify any irreparable harm that she would suffer in the absence of a stay. Petitioner claims that, without a stay, she will incur "indefinite delay, time, and resources litigating" this matter. Stay Mot. at 1. But "the prospect of incurring litigation costs, even if substantial, is not sufficient to constitute irreparable injury." *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016).

Petitioner also asserts that a stay is justified because "this Court has declined to rule on her motion to certify which was ready for decision on March 24, 2020." Stay Mot. at 1. Not so. The Court has not "declined" to rule on the motion to certify—it has merely concluded it wants the benefit of the motion to dismiss briefing before issuing a decision. If the Court concludes that the

"exceptional circumstances" justifying interlocutory appeal are absent—and they are—Petitioner can challenge federal jurisdiction in an appeal to the Second Circuit after a final judgment issues. *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). It causes Petitioner no irreparable harm to require her to follow routine appellate procedures in seeking review of the Court's Remand Order.

*Third*, Respondents would be prejudiced by a stay. Respondents engaged in arbitration with Petitioner for more than two years, only for Petitioner to stall that process by improperly commencing litigation to void her arbitration agreement. Petitioner now seeks to further forestall arbitration by filing the Mandamus Petition. A stay would needlessly further delay resumption of the arbitration proceedings in which Petitioner actively participated until she became concerned that an unfavorable outcome was imminent. *See U.S. ex rel. Mikes v. Straus*, 939 F. Supp. 301, 304 (S.D.N.Y. 1996) (denying stay pending appeal because it would "needlessly delay[] proceedings . . . even further"). Petitioner should not be permitted to use improper litigation maneuvers—that come at significant expense to the Fox Respondents—to indefinitely delay resolution of her meritless claims.

*Fourth* and finally, Petitioner fails to explain how a stay would serve the public interest. This case boils down to an attempt by Petitioner to avoid the effect of a binding and valid arbitration agreement she signed with her former employer. Courts have repeatedly emphasized the "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). It would contravene the public interest to allow Petitioner to use litigation tactics to further delay compliance with an arbitration agreement to which the parties mutually agreed.

## CONCLUSION

For all these reasons, the Fox Respondents respectfully request that the Court deny Petitioner's motion to stay the April 27, 2020 Order.

Dated:  June 4, 2020                    Respectfully submitted,

*/s/ Matthew W. Lampe*

Matthew W. Lampe
Kristina A. Yost
Stefan M. McDaniel
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7309
mwlampe@jonesday.com
kyost@jonesday.com
smmcdaniel@jonesday.com

*Attorneys for Respondents*
*Fox News Network, LLC,*
*Suzanne Scott, Dianne Brandi,*
*and Irena Briganti*

## CERTIFICATE OF SERVICE

I hereby certify on June 4, 2020, I caused a true and correct copy of the foregoing Opposition To Petitioner's Motion To Stay to be filed electronically with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

*/s/ Matthew W. Lampe*
Matthew W. Lampe