UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA TANTAROS,<br><br>     Petitioner,<br><br> -against-<br><br>FOX NEWS NETWORK, LLC,<br>THE ESTATE OF ROGER AILES,<br>WILLIAM SHINE, SUZANNE SCOTT,<br>DIANNE BRANDI, and ANDREA BRIGANTI,<br><br>     Respondents. | Case No. 1:19-cv-07131-ALC-RWL |

**PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO MOTION TO STAY**

Bruce Fein
FEIN & DELVALLE, PLLC
300 New Jersey Avenue, N.W., Suite 900
Washington, D.C. 20001
Phone:  202-465-8728
Email: bruce@feinpoints.com

Counsel for Petitioner Andrea Tantaros

## INTRODUCTION

Petitioner consulted with Respondents before filing her Motion to Stay. Respondents uniformly communicated opposition. That opposition was disclosed in the Motion.

This Court granted Petitioner's motion for leave to move this Court to certify the federal question subject matter jurisdiction issue decided by this Court's December 17, 2020 Order for interlocutory review under 28 U.S.C. 1292 (b). The motion was filed, and the certification issue was fully briefed and ready for decision on March 24, 2020.

Over one month later on April 27, 2020, this Court, *sua sponte*, granted Respondents leave to file a motion to dismiss on the merits, set a briefing schedule for the motion, and stated the motion to certify and motion to dismiss would be decided together.

Respondents do not dispute that the instant this Court decides their motion to dismiss, the order will qualify as a final judgment subject to appeal under 28 U.S.C. 1291, and Petitioner's right to seek interlocutory review of the federal question subject matter jurisdiction issue under 28 U.S.C. 1292 (b) will have been a snare and a delusion. This Court's nonfeasance in deciding Petitioner's fully briefed section 1292 (b) motion will have *de facto* repealed the statute, an exercise of legislative power outside the authority of Article III courts.

## ARGUMENT

The dispositive stay motion question before this Court is whether Petitioner has a right to *seek* interlocutory review under 28 U.S.C. 1292 (b) of this Court's December 17, 2019 order asserting federal question subject matter jurisdiction over Petitioner's state law claim arising under CPLR 7515. Petitioner's likelihood of success on that issue is 100 percent. Indeed, every party has a right to *seek* certification under section 1292 (b). There is no statutory exception for litigation against Respondents, as though they are above the law.

It is self-evident that Petitioner will be irreparably harmed by the absence of a stay. Her right to *seek* interlocutory review of the federal question subject matter jurisdiction issue will have been annihilated the moment this Court decides Respondents' motion to dismiss. Respondents concede the same. But they argue that annihilation of Petitioner's right will be harmless because she can raise the subject matter jurisdiction issue after a final judgment under 28 U.S.C. 1291. But Congress would never have enacted section 1292 (b) if it agreed with Respondents. Congress concluded interlocutory review will be necessary on occasion to save a party the time and expense of needless litigation. To be sure, Congress made section 1292 (b) certification discretionary with the district court and court of appeals. But it is one thing to exercise discretion. It is quite another to refuse to exercise it at all—leaving it in limbo until the issue becomes moot. That latter is what this Court did in its April 27, 2020 Order.

In an ultimate display of hypocrisy, Respondents whine and grumble about delay if a stay is granted while they have forum-shopped this case, hoping to find a friendly ear and costing Petitioner priceless time and delay from her career in dragging this litigation on for more than four years. Respondents delayed this case interminably by their mercury-footed notice of removal from the New York Supreme Court filed with this Court nearly one year ago on July 30, 2019. Respondents could have had Petitioner's CPLR 7515 state law claim decided by the New York Supreme Court (with concurrent jurisdiction over the Federal Arbitration Act) long ago but for their notice of removal. Self-inflicted wounds are not cognizable as prejudicial in any court.

Finally, the public interest lies in the rule of law. It is difficult to imagine a higher public interest. Granting Petitioner's motion to stay would serve the public interest by preventing this Court's *de facto* repeal of Petitioner's right to *seek* section 1292 (b) interlocutory review of the

federal question subject matter jurisdiction issue decided by this Court's December 17, 2019 Order, an unconstitutional judicial usurpation of legislative power.

## CONCLUSION

For the reasons set forth above and in her initial motion to stay, this Court should grant the motion.

June 5, 2020

Respectfully submitted,

/s/ Bruce Fein
Bruce Fein
FEIN & DELVALLE, PLLC
300 New Jersey Avenue, N.W., Suite 900
Washington, D.C. 20001
Phone:  202-465-8728
Email: bruce@feinpoints.com

Counsel for Petitioner Andrea Tantaros

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 5, 2020, I caused a true and correct copy of the foregoing Reply to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

/s/ *B*ruce Fein
Bruce Fein