USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __6/8/2020____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ANDREA TANTAROS,**

                                  **Plaintiff,**

        **-against-**

**FOX NEWS NETWORK, LLC., THE**
**ESTATE OF ROGER AILES, WILLIAM**
**SHINE AND IRENA BRIGANTI,**

                           **Defendants.**

**1:19-cv-7131 (ALC)**

<u>**OPINION & ORDER**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

On December 17, 2019, this Court issued an Opinion & Order denying Petitioner Andrea

Tantaros's motion to remand this action to state court.  Petitioner now moves this Court to certify

its Opinion & Order for interlocutory review pursuant to 28 U.S.C. § 1292(b).  Respondents

oppose.  For the reasons set forth below, Petitioner's motion for certification is **GRANTED**.

**BACKGROUND**[1]

Petitioner filed an action in state court seeking a declaratory judgment that her arbitration

agreement with Fox News was void pursuant to Section 7515 of the New York Civil Practice Law

and Rules ("§7515").  Respondents removed the action to federal court pursuant to 28 U.S.C. §

1441.  Petitioner moved to remand the case to state court for lack of subject matter jurisdiction.

On December 17, 2019, this Court denied Petitioner's motion to remand, concluding that the

*Gunn-Grable* doctrine provides the Court subject matter jurisdiction because Petitioner's state

action necessarily raises a disputed and substantial federal issue: whether §7515's prohibition on

---

[1] A more detailed account of the facts and procedural history of this case can be found in the
Court's Opinion & Order on Petitioner's motion to remand. *See* ECF No. 40.

mandatory arbitration clauses for sexual harassment claims conflicts with the Federal Arbitration Act ("FAA"). *See* Opinion & Order (ECF No. 40).

The Court granted Petitioner leave to file a motion for an order authorizing interlocutory review of the Court's decision. (ECF No. 46).  Petitioner filed her motion on February 6, 2020. ECF Nos. 47-48.  Respondents filed their opposition on March 9, 2020. (ECF No. 51).[2]  Petitioner filed her reply on March 24, 2020. (ECF No. 56).

## STANDARD OF REVIEW

28 U.S.C. § 1292(b) authorizes a district court to certify an order for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  "Courts place particular weight on the last of these three factors" which is satisfied "if that appeal promises to advance the time for trial or to shorten the time required for trial." *Florio v. City of N.Y., N.Y.*, No. 06-CV-6473, 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008) (citations and quotation marks omitted). "The moving party has the burden of establishing all three elements." *Youngers v. Virtus Inv. Partners Inc.*, 228 F.Supp.3d 295, 298 (S.D.N.Y. 2017) (citation and quotation marks omitted).  Given the general policy of deferring appellate review until after the entry of a final judgment, interlocutory review is granted only in "exceptional circumstances." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citation and quotation marks omitted).  However, "[w]hen a ruling satisfies these criteria and involves a new legal question or is of special consequence, then the district court should not hesitate to certify

---

[2] The opposition was filed by Respondents Fox News Network LLC, Suzanne Scott, Dianne Brandi, and Irena Briganti ("Fox Parties").  Respondents William Shine and the Estate of Roger Ailes joined in the opposition filed by the Fox Parties.

an interlocutory appeal." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quotation

marks omitted).

## DISCUSSION

The operative question in this case is whether a claim arising under §7515 necessarily

raises a federal question within the original jurisdiction of this Court pursuant to 28 U.S.C. §1331.

This is a controlling question of law and an immediate appeal would materially advance the

ultimate termination of this litigation.  As to whether there is a "substantial ground for difference

of opinion" on the question is not as clear.  After careful consideration, the Court finds that there

is indeed a substantial ground for difference of opinion.[3]

I. **Controlling Question of Law**

To satisfy prong one of § 1292(b), Petitioner must demonstrate that the question is both

controlling and a question of law. "[A] question of law is controlling if reversal of the district

court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d

Cir. 1990).  A question of law can also be controlling if reversal of the district court's order "could

significantly affect the conduct of the action" or if "the certified issue has precedential value for a

large number of cases." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-CV-6784, 2013 WL

5405696, at *2 (S.D.N.Y. Sept. 17, 2013) (quoting *Primavera Familienstifung v. Askin*, 139

F.Supp.2d 567, 570 (S.D.N.Y.2001)).  The question of law "must refer to a pure question of law

---

[3] The Court pauses to note that, even when all three prongs of the §1292(b) test are met, it is still within the discretion of the Court to deny a request to certify a question for interlocutory appeal. *See SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-CV-15375, 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007) ("'[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met.'") (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F.Supp.2d 139, 166 (E.D.N.Y.1999)).  In this case, the Court exercises that broad discretion to grant Petitioner's request in light of the three prongs of the test being satisfied.

that the reviewing court could decide quickly and cleanly without having to study the record." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013).

The question of subject matter jurisdiction is controlling in this case.  Reversal of this Court's decision finding it has subject matter jurisdiction would "significantly affect the conduct of the action" by stripping this Court of jurisdiction, terminating the federal case, and remanding the action to state court. *In re Facebook, Inc., IPO Secs. & Derivatives Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) (citations omitted); *see also Klinghoffer*, 921 F.2d at 24 ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action . . . . For example, we have granted certification when the order involved issues of in personam and subject matter jurisdiction.").  This is particularly true because there is no "alternative basis" for jurisdiction over Petitioner's claims aside from *Gunn-Grable* jurisdiction. *Cf. California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95 (2d Cir. 2004) (declining to certify a jurisdictional question on appeal because there was an alternative basis for jurisdiction and thus the question was not "controlling").

Courts also consider whether the certified issue has precedential value for a large number of cases. *See, e.g.*, *S.E.C. v. Credit Bancorp, Ltd.*, 103 F.Supp.2d 223, 227 (S.D.N.Y. 2000) ("Precedential value, while certainly something that should be considered, is not in this Court's view per se sufficient to meet the 'controlling issue of law' standard.").  The question of whether federal courts have subject matter jurisdiction over §7515 claims has wide-reaching precedential impact.  For example, it determines whether Respondents in many of these cases can remove actions from state court to federal court.  Additionally, "[s]ince the Notice of Removal was filed, § 7515 has been amended to expand the prohibition on arbitration to all forms of unlawful

discrimination. Moreover, states have followed New York's lead by passing similar statues . . . Accordingly, the number of cases subject to §7515 (and similar statutes in states across the country) has increased dramatically." (Opinion & Order at 8 n.3).

The question of subject matter jurisdiction in this case is also a "pure" question of law that turns on the statutory interpretation of §7515—i.e., whether the "[e]xcept where inconsistent with federal law" clause of §7515(b)(iii) necessarily raises a disputed and substantial federal issue. *See Laurent v. PricewaterhouseCoopers LLP*, No. 06-CV-2280, 2014 WL 251986, at *1 (S.D.N.Y. Jan. 22, 2014) ("The Court's Order . . . hinged on statutory interpretation—a quintessentially legal determination.").[4]  And since this case was removed from state court, the record before the Court is minimal and the Court made no findings of fact in coming to its decision on subject matter jurisdiction. *See Capitol Records*, 972 F. Supp. 2d at 552 ("Because the issue turns almost exclusively on a question of statutory interpretation, the reviewing court could decide [it] quickly and cleanly without having to study the record.") (citation and quotation marks omitted).[5]  In fact,

---

[4] The Second Circuit has held that a remand order for lack of subject matter jurisdiction may not be certified for interlocutory appeal under 28 U.S.C. §1292(b). *See In re: WTC Disaster Site*, 414 F.3d 352, 366-71 (2d Cir. 2005).  In that case, the Second Circuit applied §1447(c), which states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. §1447(c).  That ruling does not apply to this Court's holding to *deny* remand. *See, e.g.*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 134 (2d Cir. 2006).

[5] The Second Circuit has counseled that "the denial of a motion to remand is generally not the proper subject of an interlocutory appeal." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 121 (2d Cir. 2007).  However, "[a]lthough in general the denial of a motion to remand is not the proper subject of an interlocutory appeal . . . in certain circumstances an interlocutory appeal on, for instance, the question of whether a state law claim is completely preempted by ERISA is appropriate . . . . This is particularly so where, as here, the governing issue is subject matter jurisdiction and to proceed may result in a decision that the Court lacked subject matter jurisdiction." *Montefiore Med. Ctr. v. Teamsters Local 272*, No. 09-CV-3096, 2009 WL 3787209, at *6 (S.D.N.Y. Nov. 12, 2009), *aff'd*, 642 F.3d 321 (2d Cir. 2011).

the Court specifically directed the Parties to focus arguments on the threshold question of subject matter jurisdiction rather than delving into the merits of the case. *See* Order (ECF No. 39) ("The Court hereby informs Parties that, while they are free to address other issues, the Court would like Parties to focus on whether this Court has subject matter jurisdiction over the state-law claims in this case.").

## II.   Substantial Ground for Difference of Opinion

Courts have struggled with determining whether the difference of opinion as to a controlling question of law is "substantial" or "merely metaphysical." *Am. Tel. & Tel. Co. v. N. Am. Indus. of New York, Inc.*, 783 F. Supp. 810, 814 (S.D.N.Y. 1992).  On the one hand, "[t]he possibility of a different outcome on appeal is not sufficient to show a substantial ground for difference of opinion, nor is 'the mere presence of a disputed issue that is a question of first impression.'" *Segedie v. The Hain Celestial Grp., Inc.*, No. 04-CV-5029, 2015 WL 5916002, at *3 (S.D.N.Y. Oct. 7, 2015) (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).  On the other hand, when a question meets the standards set forth in §1292(b) and "'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (citing *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)); *see also Zakrzewska v. New Sch.*, 574 F.3d 24, 27 (2d Cir. 2009) (granting a motion for interlocutory appeal based on the District Court noting that its "conclusion is not free from doubt.") (citation and quotation marks omitted).  Indeed, part of Congress's intent in passing §1292(b) was "to assure the prompt resolution of knotty legal problems." *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007).

A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Enron Corp.*, No. 01-CV-16034, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007). "[I]t is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). This Court held that Petitioner's state law claims necessarily raised a disputed and substantial federal issue: whether §7515's prohibition on mandatory arbitration clauses for sexual harassment claims conflicts with the Federal Arbitration Act ("FAA"). Specifically, the Court found that §7515's language prohibiting mandatory arbitration clauses "[e]xcept where inconsistent with federal law" (1) necessarily raises the issue of whether §7515 is inconsistent with the FAA; (2) that this issue is substantial to ensuring proper and uniform enforcement of the FAA; and (3) that federal court resolution of this issue would not disrupt the federal-state balance approved by Congress.

The operative question in this case is a matter of first impression in this Circuit.[6] Moreover, the issue is complex and subject to legitimate dispute. It involves interpretation of a novel issue of state law—namely whether consistency with federal law is a defense to or necessary element of Petitioner's §7515 claim.[7] Also, §7515 only reaches a subset of mandatory arbitration claims,

---

[6] The only other federal court case interpreting §7515 is Judge Cote's Opinion & Order in *Latif v. Morgan Stanley & Co. LLC*, No. 18-CV-11528, 2019 WL 2610985 (S.D.N.Y. June 26, 2019) in which Judge Cote held that §7515 was preempted by the Federal Arbitration Act. In that case, however, federal jurisdiction was clearly present given Plaintiff's Title VII and §1981 federal claims. The Court and Parties agreed that the issue of preemption was to be resolved by the District Court in that case. *Id.* at *1.

[7] Petitioner suggests that this question should be certified to the New York Court of Appeals for resolution. As Petitioner acknowledges, this Court does not have the authority to certify a question to the New York Court of Appeals. *See* N.Y.C.R.R. § 500.27(a) ("Whenever it appears to the

which potentially undermines its importance to uniform enforcement of the FAA. *See* Memorandum in Support of Motion for Certificate of Appealability (ECF No. 48) at 8 ("Mandatory arbitration of sexual harassment claims is uniquely procedurally and substantively unconscionable. The terms are dictated by employers. And arbitral secrecy and expense hugely handicap sexual harassment victims to the benefit of culpable employers."). Finally, Congress gave concurrent jurisdiction to state and federal courts under the FAA, and "[t]hat federal-state balance would be disrupted if every CPLR § 7515 claim filed in state court could be removed to federal court." *Id.* at 3. Although the Court remains of the view that this case fits into the "special and small category of cases" where a state law requires resolution of a substantial question of federal law, the issue is "particularly difficult and of first impression for the Second Circuit." *In re Enron Corp.*, 2007 WL 2780394 at *1. Petitioner's arguments are not only plausible interpretations of the statute, but the operative question presents knotty legal problems that are subject to legitimate, substantial dispute.

III. **Advance Termination of the Litigation**

To satisfy prong three of § 1292(b), Petitioner must demonstrate that an intermediate appeal will advance the ultimate termination of the litigation. Courts place "particular weight" on this factor, *Transp. Workers Union of Am. v. N.Y.C. Transit Auth.*, 358 F.Supp.2d 347, 350 (S.D.N.Y. 2005), and it is "closely connected" to the first factor, *In re 650 Fifth Ave.*, No. 08-CV-10934, 2012 WL 363118, at *2 (S.D.N.Y. Feb. 2, 2012). In considering this factor, "courts must consider the

---

Supreme Court of the United States, any United States Court of Appeals, or a court of last resort of any other state that determinative questions of New York law are involved in a case pending before that court for which no controlling precedent of the Court of Appeals exists, the court may certify the dispositive questions of law to the Court of Appeals.").

institutional efficiency of both the district court and the appellate court." *Tocco v. Real Time Resolutions, Inc.*, No. 14-CV-810, 2015 WL 5086390, at *2 (S.D.N.Y. Mar. 4, 2015).

Reversal of this Court's Opinion & Order would end this case and would materially advance the ultimate termination of the litigation. *See Montefiore Med. Ctr. v. Teamsters Local 272*, No. 09-CV-3096, 2009 WL 3787209, at *6 (S.D.N.Y. Nov. 12, 2009), *aff'd*, 642 F.3d 321 (2d Cir. 2011) (*sua sponte* certifying an order that denied remand for interlocutory appeal because "the governing issue is subject matter jurisdiction and to proceed may result in a decision that the Court lacked subject matter jurisdiction" to issue further orders in the case). Reversal would also put Petitioner's state law claims back in front of New York Supreme Court Judge David Cohen who is familiar with the complex background and history of this case, which would accelerate the timeline of resolution. *See Klein v. Vision Lab Telecommunications, Inc.*, 399 F. Supp. 2d 528, 537 (S.D.N.Y. 2005) ("Proceeding with the case where the possibility exists that this Court lacks jurisdiction could force plaintiffs to try this case twice, once in federal court and again in state court.").[8]

**CONCLUSION**

For the reasons set forth above, Petitioner's motion for a certificate of appealability pursuant to 28 U.S.C. § 1292(b) is **GRANTED**.  The briefing schedule for Respondents' motion to dismiss that is set forth in the Court's April 27, 2020 Order (ECF No. 57) is hereby **STAYED**

---

[8] Respondents assert that the Court risks opening "the floodgates to interlocutory appeals of every single order denying remand." Memorandum of Law in Opposition to Motion for Certificate of Appealability (ECF No 51) at 12.  This is not true.  That slippery-slope concern would be more troubling if this were a one-factor test centering on whether reversal would ultimately terminate the case.  However, the two other prongs of §1292(b) also support certification in this case—i.e., it is a controlling legal question of first-impression that turns on statutory interpretation of a significant state statute and the issue will have a significant precedential effect.

pending the outcome of such appeal.  If no application is made to the United States Court of Appeals for the Second Circuit to accept the interlocutory appeal within ten (10) days as set forth in §1292(b), or if the Second Circuit should deny any such application, the stay of the briefing schedule will be automatically lifted.


**SO ORDERED.**

**Dated:**      **June 8, 2020**
            **New York, New York**

_____
            **ANDREW L. CARTER, JR.**
            **United States District Judge**

10