UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREA TANTAROS,

                Petitioner,

v.

FOX NEWS CHANNEL, LLC, THE ESTATE OF
ROGER AILES, WILLIAM SHINE, SUZANNE
SCOTT, DIANNE BRANDI, and IRENA BRIGANTI,

                Respondents.

19-cv-7131 (ALC)

---

# THE ESTATE OF ROGER AILES'S
# MEMORANDUM OF LAW IN SUPPORT OF ITS
# <u>MOTION TO DISMISS THE PETITION</u>

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..........................................................................................................1
STATEMENT OF FACTS ................................................................................................................2
ARGUMENT.....................................................................................................................................6
I.    PETITIONER'S CLAIMS AGAINST THE ESTATE ARE BARRED BY *RES JUDICATA* ....................................................................................................................6
CONCLUSION................................................................................................................................10

i

The Estate of Roger Ailes (the "Estate") hereby submits this Memorandum of Law in Support of its Motion to Dismiss Andrea Tantaros's ("Petitioner") Petition.

## PRELIMINARY STATEMENT

The Estate joins in the Motion to Dismiss filed by the Fox Parties (Dkts. 100-101) and adopts the arguments and authorities in the Fox Parties' Memorandum of Law for the reasons set forth therein.  In particular, the Petition should be dismissed because it relies entirely on CPLR 7515, which is incompatible with the Federal Arbitration Act, as courts in this District have already held.  *See Latif v. Morgan Stanley & Co. LLC*, No. 18 Civ. 11528 (DLC), 2019 WL 2610985, at *2 (S.D.N.Y. June 26, 2019) (CPLR 7515(b) is "'a state law prohibit[ing] outright the arbitration of a particular type of claim,' which, as described by the Supreme Court, is 'displaced by the FAA'") (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011)). Judge Cote's ruling in *Latif* is both well-reasoned and precedential, and it should be applied here to dismiss the Petition.  *Cf. Rollag v. Cowen Inc.*, 2021 WL 807210, at *5 (S.D.N.Y. Mar. 3, 2021) (applying and discussing *Latif*).    Moreover, even if CPLR 7515 were compatible with the Federal Arbitration Act (it is not), CPLR 7515 is inapplicable because it post-dates the agreement at issue and does not have retroactive effect.  Further, Petitioner waived any rights she might have had under CPLR 7515, because she failed to assert any Section 7515 objections to the enforceability of the arbitration agreement for over a year after Section 7515 became effective.

These are sufficient grounds for dismissal.  However, if the matter proceeds further, the Petition should be dismissed as against the Estate for the further reason that Petitioner's claims against the Estate are barred by *res judicata*.

*Res judicata*, or claim preclusion, precludes a party from relitigating a claim that was the subject of a previously-issued final judgment.  *See Seidenfeld v. Zaltz*, 162 A.D.3d 929, 932 (2d

Dep't 2018) (claim dismissed as time-barred in probate court will be barred on ground of *res judicata* if later raised in another forum).  This doctrine applies here because Petitioner already litigated her claims against the Estate and they were conclusively resolved in the Estate's favor. Specifically, on April 23, 2019, the Florida probate court that is overseeing the administration of the Estate entered an "Order on Motion for Entry of Order Denying Motion for Rehearing and Final Order Striking Claims," confirming a prior order striking all of Petitioner's claims against the Estate and denying Petitioner's Motion for a Rehearing and for Reconsideration.  Declaration of Peter E. Calamari, dated December 6, 2021 ("Calamari Decl."), Ex. 1 ("Final Order").  This order is subject to judicial notice on this Motion to Dismiss.  *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (court may look to public records in deciding a motion to dismiss).  The Final Order stands as a bar to this action against the Estate because the underlying dispute has been disposed of on the merits. Because the Florida probate court has reached a final determination that Petitioner's claims against the Estate are "barred and stricken," it would be a waste of judicial resources to permit Petitioner to proceed any further on her claims against the Estate.

For any of these reasons, the Petition should be dismissed with prejudice.

## STATEMENT OF FACTS

The following facts, which are reflected on the docket of the Florida court where the Estate is probated, or on the docket of other actions in New York State and this District, provide background to the "Final Order" that serves as a bar to any further proceedings on Petitioner's claims against the Estate.  The Court may take judicial notice of these documents without converting the motion to dismiss into a motion for summary judgment.  *See Blue Tree Hotels* (court may look to public records in deciding a motion to dismiss); *DDR Const. Servs., Inc. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 635 (S.D.N.Y. 2011) (relying on pleadings and orders

in related litigation in a different forum "involving many of the same parties and factual issues" when deciding motions to dismiss) (citing *Blue Tree Hotels*); *Vargas v. Reliant Realty*, No. 13 Civ. 2341 (PGG), 2014 WL 4446165, at *1, n. 2 (S.D.N.Y. Sept. 9, 2014) (court may rely on public records when deciding motion to dismiss).

In August 2016, Petitioner commenced an action against Mr. Ailes and the other Respondents. *Tantaros v. Fox News Network, LLC*, Index No. 157054/2016 (Sup. Ct. N.Y. Cnty.). That action was compelled to arbitration on February 15, 2017. *Id*. Dkt. 69 (order compelling arbitration). On April 25, 2017, Petitioner commenced a second action against Mr. Ailes and the other Respondents. *Tantaros v. Fox News Network, LLC*, 17 Civ. 2958 (GBD) (SDNY).

On May 18, 2017, Mr. Ailes passed away. Calamari Decl., Ex. 2 (*In re Ailes Estate*, Case No. 50-2017-CP-003091-XXXX-MB (15th Jud'l. Cir., Fla.) Dkt. 12) (Letters of Administration). Shortly after his death, on June 5, 2017, Petitioner dismissed her claims against Mr. Ailes in the arbitration. *See Estate of Roger Ailes v. Tantaros*, Index No. 652130/2018 (Sup Ct. N.Y. Cnty.) Dkt. 6 at 1-2 (e-mail chain by which Tantaros's counsel dismissed Mr. Ailes from the arbitration); *id.*, Dkt. 5 at 4 (e-mail chain by which Tantaros's counsel clarified that he was dismissing Mr. Ailes "instead of waiting for his estate to be substituted in"); *see also* Calamari Decl., Ex. 13 at 4:12-17 (transcript of hearing on Final Order) ("Ms. Tantaros' lawyer in the arbitration informed the [Panel] that she was voluntarily dismissing the claims against the decedent, and I quote, 'instead of waiting for his estate to be substituted in[.]'"). By notice filed on June 19, 2017, Petitioner dismissed her claims against Roger Ailes in the Southern District. *Tantaros v. Fox News Network, LLC*, 17 Civ. 2958 (GBD) (SDNY), Dkt. 33 (voluntary dismissal of Roger Ailes).

3

The Estate Representative was appointed on July 27, 2017. Calamari Decl., Ex. 2 (*In re Ailes Estate*, Dkt. 12) (Letters of Administration). The Ailes Estate was probated in Palm Beach County, Florida, where Mr. Ailes was domiciled at the time of his death. Final Order ¶ 6 (Estate is probated in Florida); *see also* Calamari Ex. 2, Letters of Administration (Mr. Ailes was a resident of Palm Beach County). Under Florida probate law, the period for creditors to assert claims against the Estate opened on August 15, 2017 and closed on November 15, 2017. Final Order ¶¶ 3-4. During that period, although Petitioner was represented by counsel who undoubtedly were aware of the probate proceedings in Florida, Petitioner did not file any claim against the Estate in Florida probate court.[1] Final Order ¶¶ 6-7; *see also Tantaros v. Fox News Network, LLC*, 17 Civ. 2958 (GBD) (SDNY), Dkt. 93 at 2 (motion by Tantaros to join the Ailes Estate, identifying *In re Ailes Estate* by case number).

On January 31, 2018, nearly three months after the period for filing claims against the Estate closed, Petitioner belatedly filed an untimely notice of claim against the Estate in Florida probate court. Calamari Decl., Ex. 3 (*In re Ailes Estate*, Dkt. 52) (Petitioner's January 31, 2018 statement of claim). The Estate moved to strike Petitioner's claim in probate court as untimely. Calamari Decl., Ex. 4 (*id.* Dkt. 53). Petitioner filed an amended claim, which the Estate also

---

[1]   Instead, on October 5, 2017, Petitioner moved in the Southern District of New York to join the Estate as a party to *Tantaros v. Fox News Network, LLC*, 17 Civ. 2958 (GBD) (SDNY), an action from which she had previously dismissed the Estate's decedent. *Cf.* Dkt. 93 (motion to join) *with* Dkt. 33 (notice of voluntary dismissal). Petitioner's motion to add the Estate in this action was untimely under Federal Rule of Civil Procedure 25(a)(1), which requires substitution of an estate for a decedent within 90 days. The motion was never granted and the Estate was never served. The original complaint in that action was dismissed (Dkt. 134) and the amended complaint (Dkt. 124-2) was dismissed with prejudice because it was "based primarily on speculation and conjecture" (Dkt. 160 at 11) (order dismissing the amended complaint with prejudice).

4

moved to strike. Calamari Decl., Exs. 5 and 6 (*id*. Dkts. 54, 55). On March 13, 2018, the Florida probate court struck both claims as untimely. Calamari Decl., Ex. 7 (*id.* Dkt. 56).

After Petitioner's claims were already stricken, Petitioner filed an opposition to the motion for an order to strike the claims. Calamari Decl., Ex. 8 (*In re Ailes Estate*, Dkt. 57). She then moved for rehearing and reconsideration on the order she had just opposed. Calamari Decl., Ex. 9 (*id*. Dkt. 58). Before the court could rehear or reconsider anything, Petitioner filed a notice of appeal, asking the Florida appellate court to overturn the order striking her claims. Calamari Decl., Ex. 10 (*id*. Dkt. 59). On November 15, 2018, the appellate court dismissed the appeal for lack of prosecution and failure to respond to required status reports. Final Order ¶ 1.

Finally, on April 16, 2019, both the Estate and Petitioner were heard in the Florida probate court, on a motion for a "Final Order Striking Claims," on the grounds that the original claims were untimely filed. Calamari Decl., Ex. 11 (*In re Ailes Estate*, Dkt. 101); *see also id*., Ex. 13 (transcript of April 16, 2019 hearing). On April 23, 2019, the probate court granted the Final Order. *See* Final Order. The court specifically found that, during the period for creditors to assert claims against the Estate, "TANTAROS knew there was an estate administration pending in Florida and should have filed a claim in the Florida Probate Estate." Final Order ¶ 6. The final date for any appeal from the Final Order was May 23, 2019. Fla. R. App. P. 9.170(b)(18); *id*. 9.110(b). No appeal was taken. *See* Calamari Decl., Ex. 12 (docket sheet of *In re Ailes Estate*).

**ARGUMENT**

I.   **PETITIONER'S CLAIMS AGAINST THE ESTATE ARE BARRED BY *RES JUDICATA***

The Court should dismiss Petitioner's claims against the Estate as barred by the doctrine of *res judicata* because the Estate already litigated Petitioner's underlying claims to a final conclusion in Florida probate court.

"Under the doctrine of *res judicata*, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter[;] . . . once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred[.]"  *In re Hunter*, 4 N.Y.3d 260, 269-270 (2005). *Res judicata* promotes "finality in the resolution of disputes" and satisfies the need for "judicial economy[.]"  *Hunter* at 270 (citing *Reilly v. Reid*, 45 N.Y.2d 24, 28 (1978)).  This rule provides "fairness to the parties[,]" who are assured that "at some point, [there will be] an end to [the] litigation."  *Hunter* at 270; *see also Baldo v. Marine Midland Bank, N.A.*, 219 A.D.2d 807, 807 (4th Dep't 1995) (*res judicata* "does not rest wholly on the narrow ground of technical estoppel . . . but on the broad ground of public policy, that requires a limit to litigation . . . like the Statute of Limitations [itself], it is a rule of rest.") (internal citations omitted).

*Res judicata* requires three elements: the same parties, the same issues, and a final judgment on the merits.  *Hunter* at 269-270.  As to the last element, it is well-settled under New York law that *res judicata* will bar claims that have been dismissed as untimely.  *Mchawi v. State Univ. of New York, Empire State Coll.*, 248 A.D.2d 111, 112 (1st Dep't 1998) ("plaintiff's [claims of employment discrimination] were dismissed as time-barred, which disposition constitutes a ruling on the merits . . . even if this Court were to regard the [earlier] ruling as erroneous, it would nevertheless operate to bar prosecution of the instant action"); *see also*

*Marinelli Assocs. v. Helmsley-Noyes Co.*, 265 A.D.2d 1, 5 (1st Dep't 2000) (affirming dismissal on grounds of *res judicata* for claims that were previously dismissed as time-barred); *Simmons v. New York City Health & Hosps. Corp.*, 71 A.D.3d 410, 411 (1st Dep't 2010) (claim that was previously dismissed on statute of limitations grounds will then be barred by *res judicata* from further litigation).

New York courts have already addressed the fact pattern where a claim was previously dismissed as time-barred in the competent probate court and later pursued in a court of general jurisdiction: they have consistently held that the claim will be dismissed on grounds of *res judicata*. For example, in *Seidenfeld v. Zaltz*, a plaintiff first pursued claims in New York Surrogate's Court, where they were dismissed as being time-barred; when the claims were pursued again in New York State Supreme Court, they were barred by *res judicata*. *Seidenfeld v. Zaltz*, 162 A.D.3d 929, 931-932 (2d Dep't 2018). Similarly, in *Sciangula v. Montegut*, an estate administrator commenced an action in Surrogate's Court that was deemed barred by the statute of limitations; a few months later, the same estate administrator brought the same claims in New York Supreme Court – the claims were then dismissed as barred by *res judicata*. *Sciangula v. Montegut*, 165 A.D.3d 1188, 1190 (2d Dep't 2018) ("The Surrogate's Court's determination that the [first] proceeding was . . . time-barred under the applicable statute of limitations was on the merits for the purpose of *res judicata*."). *Cf. Lefkowitz v. Bank of New York*, 676 F. Supp. 2d 229, 271-272 (S.D.N.Y. 2009) (various orders and decisions of Surrogate's Court were "binding on plaintiff here").

*Res judicata* bars Petitioner's claims here because Petitioner and the Estate already litigated her claims in Florida probate court, where the court struck her claims as untimely in a final judgment on the merits. In order to pursue claims against the Estate, Petitioner was

required by Florida law to file a notice of claim against the Estate in the probate court. *See* §733.702(1) Fla. Stat. Petitioner failed to file a timely claim in Florida probate court before the window to do so closed on November 15, 2017. Final Order ¶ 7. Despite Petitioner's knowledge of the probate proceeding in Florida, and even though she was represented by counsel during the relevant time period, Petitioner did not file any statement of claim in probate court until January 31, 2018. *Cf.* Calamari Decl., Ex. 3 (*In re Ailes Estate*, Dkt. 52) (January 31, 2018 statement of claim) *with Tantaros v. Fox News Network, LLC*, 17 Civ. 2958 (GBD) (SDNY) Dkt. 93 at 2 (memorandum of law, filed by counsel for Tantaros on October 5, 2017, identifying *In re Ailes Estate* by case number, state, and county); *see also* Final Order ¶¶ 6-7 ("TANTAROS knew there was an estate administration pending in Florida and should have filed a claim in the Florida Probate Estate"). As a result, the Florida probate court granted the Estate's motion to strike Petitioner's Statement of Claim as untimely. Final Order ¶7 ("By not f[]iling a claim during the requisite claims period, the claims as filed by TANTAROS are now barred and stricken.").

Petitioner moved the probate court to rehear and reconsider its order and pursued a simultaneous appeal. Calamari Decl., Ex. 9 (*In re Ailes Estate*, Dkt. 58) (motion for rehearing and reconsideration); *id.* Ex. 10 (*id.* Dkt. 59) (notice of appeal). She subsequently abandoned her appeal, which was dismissed for lack of prosecution and failure to respond to required status reports. Final Order ¶ 1. Then on April 16, 2019, Petitioner appeared for oral argument on the Estate's Motion for Entry of Final Order Striking Claims. Calamari Decl., Ex. 11 (*In re Ailes Estate*, Dkt. 101) (notice of April 16, 2019 hearing); *see also* Final Order (on April 16, 2019, the court "heard argument" of Estate and Petitioner). Both sides were heard. *See id.*, Ex. 13 (transcript of the "Final Order" hearing). On April 23, 2019, the Florida probate court entered the "Final Order" striking all of Petitioner's claims against the Estate as untimely. *See* Final

8

Order at 2.  The deadline to file any appeal from the Final Order passed on May 23, 2019.  Fla. R. App. P. 9.170(b)(18); *id*. 9.110(b).  The Final Order therefore conclusively disposed of Petitioner's claims against the Estate on the merits.

There is no dispute that the claims Petitioner brings against the Estate in the underlying arbitration (which she is seeking to stay) are the same claims she asserted against the Estate in Florida probate court.  *See* Calamari Decl., Ex. 5 (Petitioner's Amended Statement of Claim) at ¶ 1 (attaching a "true and correct copy of the New York State Court complaint") and Ex. A (New York State complaint); *cf.* with *Tantaros v. Fox News Network, LLC*, Index No. 157054/2016 (Sup. Ct. N.Y. Cnty.) Dkt. 2 (Petitioner's New York State Complaint, operating as her demand in the Arbitration).  The parties and issues are therefore the same.  Because there is identity of parties and identity of claims, and because there has been a final judgment on the merits, the disposition in Florida "operate[s] to bar prosecution of the instant action."  *Mchawi*, 248 A.D.2d at 112 (holding that "[g]iven the identity of the claims asserted in each forum, the rendering of a judgment on the merits precludes relitigation in the interest of judicial economy," where employment law claims were previously dismissed in a different forum as time-barred); *see also Sciangula*, 165 A.D.3d at 1190-91 (*res judicata* bars claims in New York Supreme Court that were previously dismissed as untimely in probate court).

Permitting Tantaros to proceed with her time-barred claims against the Estate would waste judicial resources and gravely prejudice the Estate, which already spent years and significant resources litigating these very claims to final resolution in another forum.  It would also unfairly give Petitioner "another bite of the apple" and defeat the "public policy" of New York, which upholds a "rule of rest."  *See Culver v. Culver*, 2012 WL 6200976 at *3 (Sup. Ct. N.Y. Cnty. 2012) (dismissing claims decided in another state and brought again in New York as

9

an improper attempt at "another bite of the apple in the State of New York [which] wastes judicial resources"); *Baldo v. Marine Midland Bank, N.A.*, 219 A.D.2d 807, 807 (4th Dep't 1995) (*res judicata* rests "on the broad ground of public policy, that requires a limit to litigation . . . [l]ike the Statute of Limitations, it is a rule of rest."). The Court should therefore apply *res judicata* to dismiss the Petition against the Estate.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Fox Parties' Motion to Dismiss in which the Estate joins, there is no proper or compelling basis for this Court to adjudicate this dispute as against the Estate. The Estate therefore respectfully requests that the Court dismiss the Petition with prejudice.

Dated: December 6, 2021
New York, New York

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Peter Calamari
Peter Calamari
Kimberly E. Carson
Brendan Carroll
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
petercalamari@quinnemanuel.com
kimberlycarson@quinnemanuel.com
brendancarroll@quinnemanuel.com

*Attorneys for the Estate of Roger Ailes*