# Exhibit 8

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT, IN AND FOR PALM BEACH
COUNTY FLORIDA

IN RE: ESTATE OF ROGER AILES,   PROBATE DIVISION
                                 CASE NO. 50-2017-CP-003091-MB
        Deceased.           SECTION NO.:
_____/

**RESPONSE AND MEMORANDUM IN OPPOSITION TO PETITIONER'S PETITION (sic) FOR ORDER STRIKING UNTIMELY FILED AMENDED CLAIM**

      Claimant, ANDREA TANTAROS ("Tantaros" or Claimant), by and through undersigned counsel, hereby files this Response and Memorandum in Opposition to Petitioner, ELIZABETH AILES' (Personal Representative or "Ailes") Petition (sic, the pleading is more properly described as a motion) for Order Striking Untimely Filed Amended Claim ("Petition"), and in support states as follows:

    **I.**    **RESPONSE TO PERSONAL REPRESENTATIVES MISTATED FACTS**

    1.    Claimant was without knowledge and was never given notice of this probate proceeding or the notice to creditors. Tantaros was a known, ascertainable creditor and the Personal Representative was required to provide actual notice.

    2.    Claimant admits that her initial statement of claim was filed on January 31, 2018, however denies that it was untimely.

    3.    Claimant admits that the amended statement of claim was filed on February 21, 2018, however, denies that it was untimely.

    4.    Claimant denies the allegations in paragraph 4.

    5.    Claimant denies that the claim is untimely based on Florida law as described further below.

CASE NO. 50-2017-CP-003091-MB

**II.     STATEMENT OF FACTS**

1. On May 11, 2016, Claimant Fox News Network, LLC filed a Demand for Arbitration naming Tantaros as Respondent, Case No. 01-16-0001-7288.

2. On August 22, 2016, Tantaros filed a Complaint in the Supreme Court of the State of New York asserting claims for sexual harassment, retaliation and tortious interference with business expectancy against Roger Ailes and others including Fox News Network, William Shine, Dianne Brandi, Irena Briganti, and Suzanna Scott, Index No. 157054/2016 (the "New York Complaint").

3. On March 9, 2017, Justice David B. Cohen granted Defendants Fox News Network, LLC, Roger Ailes, William Shine, Dianne Brandi, Irena Briganti, and Suzanna Scott motion to compel arbitration of the New York Complaint.

4. On April 4, 2017, Claimant Fox News Network, LLC filed an Amended Demand for Arbitration.

5. On May 5, 2017, Tantaros filed an Answer to Amended Demand for Arbitration and Counterclaims. The Counterclaim names as Counter-Respondents Roger Ailes and others.

6. Defendant, Roger Ailes, passed away on May 18, 2017.

7. No notice was ever given to Tantaros of any probate proceedings relating to Ailes.

8. In the arbitration proceeding there were some amendments and confusion about the proper parties upon the death of Ailes, which was due to a lack of notice to creditors being sent to counsel. As a result, on November 17, 2017, Tantaros filed a request to join the Estate of Roger Ailes in the arbitration. That request was unopposed and was duly granted on December 14, 2017.

9. On January 10, 2018, Tantaros amended her Counterclaims to substitute the Estate of Roger Ailes as a Counter-Respondent. Notice was timely provided to the Estate of Roger Ailes.

10. On January 31, 2018, Tantaros filed with this Court a Statement of Claim ("Statement of Claim") which was amended on February 21, 2018 (the "Amended Statement of Claim"). The Amended Statement of Claim is attached hereto as Exhibit "A."

11. To date, Tantaros has never received any actual notice of these probate proceedings.

### III.   ARGUMENT

Ailes argues that Tantaros' Amended Statement of Claim is untimely because it was not filed on or before November 21, 2017, three months after the first publication pursuant to Florida Statute § 733.702. Ailes is simply incorrect. As set forth in further detail below, the case law discussing Florida Statute § 733.702 requires actual notice to ascertainable creditors. Because Tantaros filed a lawsuit against decedent, Roger Ailes, prior to his passing, Tantaros was a known or ascertainable creditor that the Personal Representative was required to give actual notice. Ailes estates' publication is therefore invalid as to this creditor. Ailes' argument that Tantaros' Amended Statement of Claim is untimely has no merit.

Florida law is clear that if a "known or **_reasonably ascertainable_** creditor is not served with a *copy* of the notice, section 733.702(1) does not govern the timeliness of that creditor's claims." *See Jones v. Golden*, 176 So. 3d 242, 243 (Fla. 2015*)*. In *Jones*, the estate was opened for decedent in 2007 and a notice to creditors was published. *Id.* at 243-44. However, decedent's ex-wife (and her guardian) was not given a copy of the notice. *Id.* In 2009, guardian of decedent's ex-wife filed a statement of claim asserting decedent owed his ex-wife money based

3

on a marital settlement agreement executed in 2002. *Id.* The Florida Supreme Court, in overruling similar cases on this issue, found that section 733.702 did not apply, rendering publication ineffective because the ex-wife in *Jones* was a "*known or reasonably ascertainable creditor*" and the personal representative was therefore required to serve a copy of the notice. *Id.* "Instead, the claims of such a creditor are only barred if not filed within the two-year period of repose set forth in section 733.710." *Id.* ("the claim of a known or **_reasonably ascertainable_** creditor who was never served with a copy of the **_notice_** to **_creditors_** is timely if filed within two years of the decedent's death").

Here, similar to the ex-wife in *Jones*, Tantaros is a known or reasonably ascertainable creditor because the lawsuit was filed against the decedent prior to the estate being opened. Ailes' publication therefore did not apply to Tantaros as Ailes was aware of the lawsuit prior to the estate being opened and should have recognized Tantaros was a reasonably ascertainable creditor. *See id.* ("when a creditor is known or reasonably ascertainable, that creditor's claim may not be barred merely by publishing notice of the court proceedings").

Because Tantaros was a reasonably ascertainable creditor, section 733.702 is inapplicable. Instead, Tantaros had two years from decedent's death to file her Amended Statement of Claim. As stated above, decedent passed on May 18, 2017 and Tantaros' Amended Statement of Claim was filed on February 21, 2018. Therefore, Tantaros' Amended Statement of Claim is timely. *See id.* ("In conclusion, as to any creditor required to be served with a copy of **_notice_** to **_creditors_**, the limitations period can only be triggered by service on said creditor").

IV. **CONCLUSION**

For the foregoing reasons, Ailes' motion should be denied.

WHEREFORE, Claimant requests that this Court enter an order denying the motion to strike and determining that the claims are timely and for such other relief that is just and proper.

4

CASE NO. 50-2017-CP-003091-MB

Respectfully submitted,

Kluger, Kaplan, Silverman,
Katzen & Levine, P.L.
201 S. Biscayne Boulevard
Twenty Seventh Floor
Miami, Florida 33131

By: /s *Bruce A. Katzen*
Bruce A. Katzen, Esq.
Fla. Bar No.:
bkatzen@klugerkaplan.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida Courts E-Filing Portal and via email on this 22nd day of March, 2018 on:

Paul Anthony Baldovin

Attorney for Personal Representative
pbaldovin@hodgsonruss.com
Hodgson Russ LLP
440 Royal Palm Way Ste 202
Palm Beach, FL 33480-4142

By: */s/ Bruce A. Katzen*
**BRUCE A. KATZEN**

5