UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA TANTAROS,

                Petitioner,

v.

FOX NEWS NETWORK, LLC., WILLIAM SHINE, THE ESTATE OF ROGER AILES, SUZANNE SCOTT, IRENA BRIGANTI, AND DIANNE BRANDI,

                Respondents.

19-cv-7131 (ALC)

**PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT THE ESTATE OF ROGER AILES'S MOTION TO DISMISS**

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ............................................................. 1

III. ARGUMENT ............................................................................................................................ 2

    A. Estate's Motion to Compel Arbitration Should Be Denied. .................................................. 2

    B. Estate's Motion to Dismiss on the Basis of Res Judicata Should Be Denied........................ 2

        i. The issues adjudicated in Florida Probate Court differ from those present here. ............... 3

        ii. Estate's motion is untimely. ................................................................................................ 4

        iii. The Estate knowingly concealed information necessary to file claims. ............................ 4

    C. Res Judicata Applies Against the Estate, as the New York State Supreme Court
       Has Already Considered and Rejected Its Argument. ............................................................ 7

IV. CONCLUSION ......................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                        **PAGE(S)**

*Asch v. Silverstein*,
 83 N.Y.S.3d 307 (N.Y. App. Div. 2018) ............................................................................... 3

*Channer v. Dep't of Homeland Sec.*,
 527 F.3d 275 (2d Cir. 2008) ................................................................................................ 7, 8

*Cowan v. Ernest Codelia, P.C.*,
 149 F. Supp. 2d 67 (S.D.N.Y. 2001) ....................................................................................... 4

*DDR Const. Servs., Inc. v. Siemens Indus., Inc.*,
 770 F. Supp. 2d 627 (S.D.N.Y. 2011) ..................................................................................... 8

*In re Estate of Roger Ailes*,
 Case No. 50-2017-CP-00309 -MB, Dkt. 52 ........................................................................... 3

*In re Estate of Roger Ailes v. Andrea Tantaros*,
 Index No. 652130/2018 (N.Y. Sup. Ct.) ......................................................................... 1, 2, 7

*Gianatasio v. D'Agostino*,
 862 F. Supp. 2d 343 (S.D.N.Y. 2012) ..................................................................................... 8

*Mason Tenders v. Abatement Int'l/Advatex Ass'n, Inc.*,
 82 F. Supp. 2d 175 (S.D.N.Y. 2000) ....................................................................................... 5

*Ouyang v. Jeng*,
 689 N.Y.S.2d 175 (N.Y. App. Div. 1999) ............................................................................... 4

*Park Irmat Drug Corp. v. Optumrx, Inc.*,
 152 F. Supp. 3d 127 (S.D.N.Y. 2016) ..................................................................................... 6

*Richardson v. Manhattan Transit Auth. NYC Headquarters*,
 No. 16-Civ. 1304, 2019 WL 4256355 (S.D.N.Y. Sept. 9, 2019) ............................................ 4

*S.E.C. v. First Jersey Sec., Inc.*,
 101 F.3d 1450 (2d Cir. 1996) .................................................................................................. 3

*Santiago v. New York City Bd. of Health*,
 779 N.Y.S.2d 474 (N.Y. App. Div. 2004) ............................................................................... 9

*Santos v. Hecht*,
 No. 06 Civ. 783, 2006 WL 2166850 (E.D.N.Y. July 31, 2006) .............................................. 3

*Seidenfeld v. Zaltz*,
 162 A.D.3d 929 (N.Y. App. Div. 2018) .............................................................................. 7, 8

*Tantaros v. Fox News Network, LLC*,
    17 Civ. 2958 (GBD) (S.D.N.Y.) ..................................................................................5

*Unger v. Pascal*,
    625 N.Y.S.2d 898 (1st Dept. 1995) ...........................................................................3

*In re Vebeliunas*,
    332 F.3d 85 (2d Cir. 2003) ........................................................................................5

*Webb v. GAF Corp.*,
    78 F.3d 53 (2d Cir. 1996) ..........................................................................................8

I.  INTRODUCTION

Petitioner Andrea Tantaros's ("Petitioner" of "Ms. Tantaros") requests for declaratory and injunctive relief against arbitration should be granted and Respondent the Estate of Roger Ailes's (the "Estate") Motion to Dismiss should be denied. After three years of participating in the present matter, and having had the opportunity to fully and fairly litigate this issue, the Estate, yet again, seeks to escape liability for the harm it caused, and continues to cause, Ms. Tantaros. In summary, the Estate's Motion to Dismiss should be denied based on the reasons stated in Petitioner's Memorandum of Law in Opposition to Fox News's Motion to Dismiss Petition for Injunctive Relief and Declaratory Judgment. Further, res judicata does not apply because the issue before this Court is not the same as that adjudicated by the Florida Probate Court, the Estate waived the defense, and the Estate should be estopped from arguing Petitioner's claims are barred. Further, the Estate is precluded from arguing that it should be excluded from the present matter because the Parties have already litigated this issue to its final conclusion in *In re Estate of Roger Ailes v. Andrea Tantaros,* Index No. 652130/2018 (N.Y. Sup. Ct.).

II.  FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2016, Ms. Tantaros brought her original complaint of sexual harassment and discrimination against Fox News, Roger Ailes, *et. al.* in New York Supreme Court (Index No. 157054/2016). On February 15, 2017, the New York Supreme Court compelled her claims to arbitration. Consequently, on December 14, 2017, Ms. Tantaros filed counterclaims against Fox News and the Estate as part of an ongoing AAA action that Fox News previously had initiated (the "AAA Arbitration"). On April 17, 2018, the Panel, over the Estate's objection, joined it as a party to the AAA Arbitration (see April 17, 2018 AAA Order). On May 1, 2018, the Estate filed a motion in the New York Supreme Court for a preliminary and permanent injunction staying the

1

AAA Arbitration as to the Estate, which motion was denied. *In re Estate of Roger Ailes v. Andrea Tantaros,* Index No. 652130/2018 (N.Y. Sup. Ct.). Since that time, the Estate has participated as a party to the AAA Arbitration. After Ms. Tantaros filed a Petition on July 17, 2019 seeking injunctive and declaratory relief to preclude arbitration, Fox News filed a Notice of Removal and the Estate filed the present motions seeking to compel arbitration and dismiss the petition.

### III.   ARGUMENT

**A.   Estate's Motion to Compel Arbitration Should Be Denied.**

Estate makes no independent arguments in support of its Motion to Compel Arbitration and only references Fox News's motion. Therefore, its motion should be denied for the same reasons stated in Petitioner's Memorandum of Law in Opposition to Fox News's Motion to Dismiss Petition for Injunctive Relief and Declaratory Judgment.

**B.   Estate's Motion to Dismiss on the Basis of Res Judicata Should Be Denied.**

Estate's argument that Ms. Tantaros's claims are precluded by res judicata fail for three reasons: (1) the issue in this action differs from than that adjudicated in Florida Probate Court, (2) Estate's motion is untimely, and (3) Estate knowingly misrepresented material facts in connection with the Florida Probate action.

  **i.   *The issues adjudicated in Florida Probate Court differ from those present here.***

Res judicata does not apply here because the issue before this Court is not the same as that adjudicated by the Florida Probate Court. Res judicata only applies where the transaction or occurrence at issue in both litigations is the same, require the same evidence to support each claim, and involve facts in the second action that were present in the first. *See S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463–64 (2d Cir. 1996). It is not enough that both suits involve essentially the same wrongdoing, nor is it dispositive that the two matters involve the same

parties, overlapping facts, or similar legal issues. *Id.* at 1463. The sole issue before this Court is Ms. Tantaros's Petition seeking injunctive and declaratory relief to preclude arbitration – an arbitration to which the Estate is a party. The Florida Probate Court did not give any consideration to that issue and instead considered only Petitioner's status as a creditor of the Estate and her ability to recover for the decedent's wrongdoing. Ex. 15 (Order in *In re Estate of Roger Ailes*, Case No. 50-2017-CP-003091-MB (15th Jud'l. Cir., Fla.) ("In re Ailes Estate")). Because the two cases consider fundamentally different issues, res judicata has no application. *See*, *e.g.*, *Asch v. Silverstein*, 83 N.Y.S.3d 307, 311 (N.Y. App. Div. 2018) (denying res judicata application because the two actions at issue were different); *Santos v. Hecht*, No. 06 Civ. 783, 2006 WL 2166850, at *2 (E.D.N.Y. July 31, 2006) (holding that res judicata did not apply because each matter dealt with a different issues); *Unger v. Pascal*, 625 N.Y.S.2d 898 (N.Y. App. Div. 1995) (res judicata application denied because the two actions raised different issues).

    ii.    *Estate's motion is untimely.*

While res judicata does not apply in the present matter, even if it did, the Estate waived the defense by failing to timely assert it and, thereafter, arbitrating the matter in AAA for three years. A defendant that fails to assert a defense of res judicata in either an Answer or pre-Answer motion waives the defense. *See*, *e.g.*, *Richardson v. Manhattan Transit Auth. NYC Headquarters*, No. 16-Civ. 1304, 2019 WL 4256355, at *2 (S.D.N.Y. Sept. 9, 2019); *Ouyang v. Jeng*, 689 N.Y.S.2d 175, 176 (N.Y. App. Div. 1999) (by failing to plead the defense or timely move to dismiss on grounds of collateral estoppel or res judicata the defense was waived). While one district court recognized a limited exception where res judicata did not exist at the time of the party's Answer and the party asserted the defense "within a reasonable period of time after the defense became available," *Cowan v. Ernest Codelia, P.C.*,149 F. Supp. 2d 67, 73, 74 (S.D.N.Y. 2001), no such exception

exists here. The final Florida Probate Court order, which the Estate asserts precludes Petitioner's claims against it, was issued in April 2019, yet the Estate only raised the res judicata defense for the first time in December 2021, and never asserted the defense in the AAA Arbitration. This inexcusable delay is independent grounds for denying the Estate's motion.

### iii. *The Estate knowingly concealed information necessary to file claims.*

The Estate should be estopped from arguing that Petitioner's claims are barred by res judicata because it purposefully concealed facts necessary for Petitioner to effectuate process against the Estate; Counsel for the Estate purposefully withheld information from Petitioner about the executive of the Estate and the Estate purposefully failed to make Petitioner aware of the pending probate action.

On May 18, 2017, while Petitioner had a pending action against him, Mr. Ailes passed away. Intending to substitute the Estate for Mr. Ailes, Petitioner, through her counsel, contacted Peter Calamari, Mr. Ailes's attorney, on July 5, 2017. Petitioner indicated her intent to substitute the Estate as a defendant and requested information regarding the formation of the Estate. (Declaration of Andrea Tantaros ("Tantaros Decl.") ¶ 11). Mr. Calamari maintained that he was unaware of who would be representing the Estate. (*Id.* ¶ 12). In reliance on this information, on June 5, 2017, Petitioner's counsel voluntarily dismissed, without prejudice, Mr. Ailes as a defendant, intending to substitute the Estate once it was formed. (*Id.* ¶ 13). The Estate was formed on July 27, 2017 (although paperwork establishing the Estate may have been filed as early as May 28, 2017), but Mr. Calamari failed to notify Ms. Tantaros's counsel of the event.

Further, although the Estate was aware of Ms. Tantaros's pending action against Mr. Ailes, the Estate failed to provide Petitioner with notice of her right to assert claims against Estate. On October 5, 2017, well within the November 15, 2017 deadline to file claims in Florida probate

4

court, Petitioner filed pleadings in this Court, seeking to join the Estate to her then-pending litigation. *Tantaros v. Fox News Network, LLC*, 17 Civ. 2958 (GBD)(S.D.N.Y.). Yet, the Estate still did not notify Petitioner of the probate action, nor her right to file her claim in that forum.

Under the doctrine of equitable estoppel, a court may estop a party from "enforcing its rights against another where enforcement would result in fraud or injustice." *Mason Tenders v. Abatement Int'l/Advatex Ass'n, Inc.*, 82 F. Supp. 2d 175, 179 (S.D.N.Y. 2000); *In re Vebeliunas*, 332 F.3d 85, 93 (2d Cir. 2003) ("Equitable estoppel is grounded on notions of fair dealing and good conscience and is designed to aid the law in the administration of justice where injustice would otherwise result."). Specifically, this doctrine is applied where, in justifiable reliance upon the words of conduct of the opposing party, the party seeking estoppel has been misled into acting upon the believe that such enforcement would not be sought. *See id.* (citing *Readco, Inc. v. Marine Midland Bank,* 81 F.3d 295, 301 (2d Cir.1996). Accordingly, in order for the party to be estopped, the party must have (1) engaged in conduct that amounts to a "false concealment of material facts;" (2) intended the other party to act upon the conduct, and (3) had "knowledge of the real facts." *Park Irmat Drug Corp. v. Optumrx, Inc.*, 152 F. Supp. 3d 127, 138 (S.D.N.Y. 2016). Further, the party asserting estoppel much establish that they did not know the real facts and that they made a prejudicial change to their position in reliance on the conduct. *See id.*

Based on the misrepresentations of Mr. Calamari, and the Estate's purposeful failure to notify her of her right to file a claim in probate court, Petitioner missed the filing deadline by one day and, ultimately, the Florida Probate Court striking her claims against the Estate. Mr. Calamari's, a representative of Mr. Ailes, and the Estate's acts constitute concealment of information that was vital to Petitioner's ability to assert her claims. Moreover, it is clear that these acts were intended to prevent Petitioner from asserting her legal claims. Both Mr. Calamari

and the Estate were aware of Petitioner's claims against Mr. Ailes and the Estate, yet they took actions to ensure that Petitioner was unable to vindicate those claims. Now, despite the steps they took to prevent Petitioner from bringing her claim, the Estate seeks removal from the pending action under the doctrine of res judicata. Based on the misrepresentations made by Mr. Calamari and the Estate's blatant failure to provide Petitioner notice of the probate action, the Estate should be estopped from asserting a defense of res judicata.

### C. Res Judicata Applies Against the Estate, as the New York State Supreme Court Has Already Considered and Rejected Its Argument.

The Estate is precluded from arguing that it should be excluded from the present matter because the Parties have already litigated this issue to its final conclusion in *In re Estate of Roger Ailes v. Andrea Tantaros,* Index No. 652130/2018 (N.Y. Sup. Ct.) (the "NYSC Case"). In the NYSC Case, the Estate sued Ms. Tantaros in New York Supreme Court and sought an injunction excluding it from the AAA Arbitration. The Estate argued that the Arbitrators erred in substituting the Estate for decedent Roger Ailes because the Panel did not have the authority to join the Estate, joinder of the Estate was untimely, and participating in an ongoing arbitration would prejudice the Estate. (*See* Ex. 16, Index No. 652130/2018, May 1, 2018 Memorandum of Law in Support of the Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction). During oral argument conducted on May 16, 2018, and in the subsequent Order filed on November 6, 2019, the New York Supreme Court denied the Estate's Petition to Stay Arbitration, upholding the Panel's decision to compel the Estate's participation in this matter. Ex. 17 (Index No. 652130/2018, May 16, 2018 Oral Argument Transcript, Doc. No. 52); Ex. 18 (Index No. 652130/2018, November 6, 2019 Order, Doc. No. 57).

Under the doctrine of res judicata, where the parties have had an opportunity to fully and fairly litigate a matter, a "final judgment on the merits bars a subsequent action between the same parties over the same cause of action." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 502 (2001)); s*ee also Seidenfeld v. Zaltz*, 162 A.D.3d 929, 932 (2d Dep't 2018). Specifically, a party seeking to invoke res judicata must show that the earlier decision was "(1) a final judgment on the merits; (2) by a court of competent jurisdiction; (3) in a case involving the same parties or their privies; and (4) involving the same cause of action." *DDR Const. Servs., Inc. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 646–47 (S.D.N.Y. 2011) (quoting *Esquire Trade Finance, Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir.2009)).

The issue that was before the New York Supreme Court is the same issue the Estate now asks the Court to decide: is the Estate rightly a party to the action? That question was definitely answered by the New York Supreme Court, however, when it denied the Estate's request for a preliminary and permanent injunction staying the Arbitration as to the Estate. (*See* Ex. XX). That decision constitutes a judgment on the merits by a court of competent jurisdiction. *See Webb v. GAF Corp.*, 78 F.3d 53, 56 (2d Cir. 1996) (recognizing a permanent injunction as a "central component" of a final judgment); *Gianatasio v. D'Agostino*, 862 F. Supp. 2d 343, 349 (S.D.N.Y. 2012) (for purposes of res judicata a judgment on the merits includes a myriad of dispositions of a case that do not involve a trial upon contested fact, including default judgments, a judgment by stipulation, or summary judgment.) The Estate brought that action and did not raise any jurisdictional objections.

The NYSC Case also involved the same parties or their privies. *See Channer*, 527 F.3d at 279 (where "the parties have had a full and fair opportunity to litigate the matter, [a] final

judgment on the merits of an action precludes the parties . . . re relitigating"); *see also Seidenfeld*, 162 A.D.3d at 932 (recognizing that the where an individual litigant's interests are affected by prior litigation where they participated in a representative capacity, "res judicata will apply to a subsequent action commenced in the individual's personal capacity"). The Estate instituted the NYSC Case and had a full and fair opportunity to litigate against Petitioner.

Finally, the NYSC Case involved the same cause of action – whether the Estate could be a party to the action – and therefore, the Estate is precluded from asserting that it should be removed from the action. *See Santiago v. New York City Bd. of Health*, 779 N.Y.S.2d 474, 476 (N.Y. App. Div. 2004) ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if they are seeking different remedies.").

In short, the Estate had a full and fair opportunity to present this issue in the NYSC Case and lost. This is the very sort of circumstance for which res judicata rightfully exists, and it should be applied against the Estate and its motion to dismiss should be denied.

### IV.   CONCLUSION

For the foregoing reasons, Petitioner respectfully asks this Court to deny Respondent the Estate of Roger Ailes's Motion to Dismiss.

Dated: New York, New York
January 20, 2022

_____
**OUTTEN & GOLDEN LLP**

Cara E. Greene  
Aliaksandra Ramanenka  
Brittany E. Arnold  
685 Third Avenue, 25th Floor  
New York, New York 10017  
Telephone: (212) 245-1000  
Facsimile: (646) 509-2060  

*Attorneys for Petitioner*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January 2022, this Memorandum of Law in Opposition in Opposition to Respondent the Estate of Roger Ailes's Motion to Dismiss was served, via electronic delivery to the registered participants as identified in the Notice of Electronic Filing (NEF) via CM/ECF, which will forward copies to Counsel of Record.

*/s/ Aliaksandra Ramanenka*
Aliaksandra Ramanenka
