UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA TANTAROS,

                       Petitioner,         19-cv-7131 (ALC)

           v.

FOX NEWS NETWORK, LLC., WILLIAM SHINE, THE ESTATE OF ROGER AILES, SUZANNE SCOTT, IRENA BRIGANTI, AND DIANNE BRANDI,

                       Respondents.

## DECLARATION OF ANDREA TANTAROS IN OPPOSITION TO RESPONDENTS FOX NEWS NETWORK, LLC, WILLIAM SHINE, THE ESTATE OF ROGER AILES, SUZANNE SCOTT, DIANNE BRANDI AND IRENA BRIGANTI'S MOTIONS TO DISMISS

I, Andrea Tantaros, hereby declare, based on personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the Petitioner in the above-captioned action.

2. All acts of sexual harassment described in the *Tantaros v. Fox News Network, LLC*, Index No. 157054/2016 (N.Y. Sup. Ct) Complaint, which occurred while I was employed by Fox News, took place in New York.

3. In September 2014, Fox News renegotiated my employment agreement, and attached and incorporated "Standard Terms and Conditions." These Standard Terms and Conditions were not negotiable.

4. The Standard Terms and Conditions included a mandatory arbitration provision.

5. At the time that I was renegotiating my contract, Roger Ailes and Fox News continued to sexually harass and retaliate against me for my protected complaints.

6. With no leverage to negotiate the Standard Terms and Conditions and fearing further retaliation, I executed the agreement.

7. In the AAA arbitration, I was responsible for filing fees and am responsible for 50% of the ongoing arbitration costs. I had to pay $40,000 in AAA filing fees, as well as a $13,000 administrative fee for my counterclaims of discrimination and retaliation.

8. To date, before substantive motions and any hearing on the matter, my filing fees and portion of the arbitration costs exceed $115,000.

9. As I have been unable to find a comparable job, these exorbitant arbitration expenses have imposed a serious financial hardship on me.

10. On May 18, 2017, while I had a pending action against him, Mr. Ailes passed away.

11. On information and belief, my counsel indicated to Peter Calamari, Mr. Ailes's attorney, that he intended to substitute the Estate as a defendant and requested information regarding the formation of the Estate.

12. On information and belief, Mr. Calamari maintained that he was unaware of who would be representing the Estate.

13. In reliance on this information, on June 5, 2017, my counsel, without my knowledge or permission, voluntarily dismissed, without prejudice, Mr. Ailes as a defendant. The intention was to substitute the Estate once it was formed.

Respectfully submitted,

Dated: January 20, 2022

By: _____
Andrea Tantaros