UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANDREA TANTAROS, | : |
| | : |
| | : 19-cv-7131 (ALC) |
| Petitioner, | : |
| | : |
| v. | : |
| | : |
| FOX NEWS CHANNEL, LLC, THE ESTATE OF | : |
| ROGER AILES, WILLIAM SHINE, SUZANNE | : |
| SCOTT, DIANNE BRANDI, and IRENA BRIGANTI, | : |
| | : |
| Respondents. | |

---

# THE ESTATE OF ROGER AILES'S
# REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
# <u>MOTION TO DISMISS THE PETITION</u>

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...........................................................................................................1
PRELIMINARY STATEMENT ....................................................................................................1
ARGUMENT ..................................................................................................................................2
I. PETITIONER'S CLAIMS AGAINST THE ESTATE ARE BARRED BY *RES JUDICATA* ...........................................................................................................2
    A.    The Final Order Is A Bar To the proceedings against the Estate here. ....................2
    B.    The Estate's Motion Is Not Untimely .......................................................................3
    C.    Equitable Estoppel Does Not Apply .........................................................................5
II. *RES JUDICATA* DOES NOT APPLY AGAINST THE ESTATE. ...................................8
CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ank Shipping Co. of Greece v. Seychelles Nat. Commodity Co., Ltd.*,
   596 F. Supp. 1455 (S.D.N.Y. 1984) ................................................................ 2, 3

*Cowan v. Ernest Cordelia, P.C.*,
   149 F. Supp. 2d 67 (S.D.N.Y. 2001) .................................................................... 3

*Dundon v. Komansky*,
   15 F.App'x 27 (2d Cir. 2001) ............................................................................... 7

*Gonzalez v. City of New York*,
   396 F. Supp. 2d 411 (S.D.N.Y. 2005) ......................................................... 2, 3, 5

*Hatzlachh Supply, Inc. v. Moishe's Electronics Inc.*,
   848 F. Supp. 25 (S.D.N.Y. 1994) ......................................................................... 3

*In re Hunter,*
   4 N.Y.3d 260 (2005) ............................................................................................ 3

*Lopez v. City of New York*,
   2017 WL 4342203 (S.D.N.Y. Sept. 28, 2017) ..................................................... 9

*Ramos v. U.S. Dep't of Hous. & Urb. Dev.*,
   1997 WL 589008 (S.D.N.Y. Sept. 19, 1997) ....................................................... 9

*Town of Concord v. Duwe*,
   4 N.Y.3d 870 (2005) ............................................................................................ 9

*Webb v. GAF Corp.*,
   78 F.3d 53 (2d Cir. 1996) ..................................................................................... 9

*Wellnx Life Scis. Inc. v. Iovate Health Scis. Rsch. Inc.*,
   516 F. Supp. 2d 270 (S.D.N.Y. 2007) .................................................................. 6

## Rules / Statutes

N.Y. Civ. Prac. L. & R. 7515 ................................................................................ 1, 2, 10

Fla. R. App. P. 9.170(b)(18) ......................................................................................... 4

Fla. R. App. P. 9.110(b) ................................................................................................ 4

The Estate of Roger Ailes (the "Estate") hereby submits this Reply Memorandum of Law in Support of its Motion to Dismiss Andrea Tantaros's ("Petitioner") Petition.

## PRELIMINARY STATEMENT

The Estate joined in the Motion to Dismiss filed by the Fox Parties (Dkts. 100-101) and joins now in the Reply submitted by the Fox Parties in support of that Motion to Dismiss. The Court need look no further than the Fox Parties' Motion to Dismiss for sufficient grounds to dismiss the Petition with respect to all Respondents.

In addition, the Petition should be dismissed with respect to the Estate because Tantaros's claims against the Estate have already been subject to a final decision on the merits in another forum. *See* Dkt. 106-1 ("Final Order"). Tantaros's arguments to the contrary are unavailing.

*First*, Tantaros tries to distinguish this case from the preclusive effect of the Final Order by arguing that the question before this Court is procedural (*i.e.*, whether CPLR 7515 serves to stay the pending AAA Arbitration (the "Arbitration")) rather than substantive (*i.e.*, whether the Estate is liable to Tantaros). But if the substantive dispute has already been resolved then procedural questions about where to <u>re</u>-hear the same dispute are barred by *res judicata*. *Second*, Tantaros argues that the Estate waived *res judicata* by raising it "for the first time in December 2021[.]" The premise is false. The Estate raised *res judicata* **in this case** in 2020 and in the Arbitration in 2019. The Estate raised *res judicata* at the earliest practicable opportunity. Petitioner is now represented by her **ninth** set of counsel: and yet they are obligated at least to be familiar with the public docket from this Court, if not also the file from the Arbitration. *Third*, Tantaros attempts to re-argue, on a motion on the pleadings, the fact-laden question of the timeliness of her claim that was previously settled in favor of the Estate in another forum. Tantaros's arguments are conclusively refuted by public filings from this District and they are barred by collateral estoppel. *Finally*, Tantaros asks this Court to give preclusive effect to a

1

ruling on a preliminary injunction. A ruling on a preliminary injunction has no preclusive effect in the court that issued the injunction, much less in any other forum.

The Motion to Dismiss should be granted: both for the reasons common to all Respondents addressed by the Fox Parties, and because the substantive dispute between Tantaros and the Estate has been judged to a final conclusion on the merits in another forum.

## ARGUMENT

I.   **PETITIONER'S CLAIMS AGAINST THE ESTATE ARE BARRED BY *RES JUDICATA***

Petitioner cannot recover on her claims against the Estate because a final decision on the merits was rendered by the Florida Probate Court in 2019. *See* Dkt. 106-1 (Final Order). Further litigation would be a waste of resources for the parties and for the judiciary. *Gonzalez v. City of New York*, 396 F.Supp.2d 411, 423 (S.D.N.Y. 2005) (*res judicata* promotes "legal economy and certainty" and is "essential to the maintenance of social order").

   A.   **The Final Order Is A Bar To the proceedings against the Estate here.**

Tantaros argues that the Final Order does not serve as a basis for dismissal here because the question before this Court is not the substantive dispute of whether the Estate is liable to Tantaros but the procedural question of whether CPLR 7515 applies to stay the Arbitration. But res judicata applies equally to re-litigation or re-arbitration of claims already settled and also to procedural disputes about where to *re*-litigate or *re*-arbitrate those claims. The choice of forum is irrelevant when the matter has already been judged.

When deciding procedural questions such as whether a dispute should be heard in court or in arbitration, courts of this District look to the preclusive effects of a prior judgment. *See, e.g.*, *Ank Shipping Co. of Greece v. Seychelles Nat. Commodity Co., Ltd.*, 596 F. Supp. 1455, 1458 (S.D.N.Y. 1984) ("It is well established that prior adjudication of the merits of disputes in

another forum 'may affect any decision to compel arbitration.'"); *Hatzlachh Supply, Inc. v. Moishe's Electronics Inc.*, 848 F. Supp. 25, 28 (S.D.N.Y. 1994) (vacating order compelling arbitration because a prior judgment, of which the court was previously unaware, "ha[d] a res judicata effect on [the] subsequent arbitration proceeding"). In *Ank Shipping*, this District dismissed a petition to compel arbitration because the claims had already been resolved and so "[t]here was no remaining substantive controversy . . . The only controversy here involved is as to the procedure by which the actual controversy should be determined. The controversy itself having been adjudicated, the proceeding to determine the procedure came too late as there was no controversy to arbitrate." *Ank Shipping*, 596 F. Supp. at 1459.

Here, the Final Order from Florida Probate Court has resolved the substantive dispute. Tantaros concedes as much: she admits that the Florida Probate Court "considered [] Petitioner's status as a creditor of the Estate ***and her ability to recover for the decedent's [alleged] wrongdoing***." Opp. at 3 (emphasis added). The preclusive effect of the Final Order resolves the "substantive controversy between the parties" and therefore also "the proceeding to determine the procedure" by which the dispute would be putatively re-heard. *Ank Shipping* at 1459.

### B.  The Estate's Motion Is Not Untimely

Res judicata applies "once a claim is brought to a final conclusion[.]" *In re Hunter*, 4 N.Y.3d 260, 269 (2005). *Res judicata* is not available until after entry of the final judgment. *Gonzalez*, at 422 (*res judicata* "did not become available to Defendants" until after final disposition). Courts "do not fault Defendants for not raising [res judicata] . . . when the defense was not available." *Id.*; *see also Cowan v. Ernest Cordelia, P.C.*, 149 F.Supp.2d 67, 73 (S.D.N.Y. 2001) (courts are "especially flexible" about allowing *res judicata* to be raised after the pleadings if "the other action had not yet been concluded") (holding that *res judicata* defense was timely asserted).

3

The Final Order in the Florida Probate Court was entered on April 23, 2019. The deadline for any appeal from the Final Order was May 23, 2019. Fla. R. App. P. 9.170(b)(18), 9.110(b). The Final Order could not have been raised at an earlier time because it did not yet exist. Soon thereafter, Tantaros filed the Petition in New York Supreme Court; the Petition was then removed by the Fox Parties to this District Court (Dkt. 1), and briefing was ordered on subject matter jurisdiction (Dkt. 12). This Court stayed all other deadlines. Dkt. 12. The Arbitration was stayed as well. Nonetheless, in the Arbitration, on November 21, 2019, the Estate volunteered in a status update to the Panel and to all parties—including counsel for Petitioner—that "in April of this year, the Florida probate court that is overseeing the Estate entered a Final Order striking all Ms. Tantaros's claims against the Estate. The time for appeal from that order expired in May. If this case resumes, the Estate intends to move to dismiss the claims against it as barred by *res judicata*[.]" Calamari Feb. 2, 2022 Decl., Ex. 1 ("Ex. 1"). Counsel for Petitioner undoubtedly received that letter because he responded to it on November 26, 2021.

On April 27, 2020, this Court entered an order lifting the stay of deadlines to respond to the Petition and setting a deadline to respond on May 22, 2020. Dkt. 57. On May 22, 2020, the Estate filed a motion to dismiss on the grounds of *res judicata*. Dkts. 62-64. At about the same time, Tantaros filed proceedings in the Second Circuit, seeking a stay in this Court and an interlocutory appeal. *In re: Andrea K. Tantaros*, 20-01606 (2d Cir.); *Tantaros v. Fox News Network, LLC*, 20-01812 (2d Cir.); *Tantaros v. Fox News Network, LLC*, 20-03413 (2d Cir.). The stay was granted while the interlocutory appeal was pursued. Dkt. 72 at 9-10. The Estate ultimately refiled its motion to dismiss on grounds of *res judicata* on December 6, 2021. Dkts. 104-106.

Tantaros's argument that the Estate "waived" *res judicata* rests on the false premise that "the Estate only raised the res judicata defense for the first time in December 2021, and never asserted the defense in the AAA Arbitration." That premise is not only false, it is plainly contradicted by the public filings in this case. The Estate first raised *res judicata* **in this Court** on May 22, 2020. *See* Dkts. 62-64. Any obligation to file the defense earlier was stayed by this Court's August 5, 2019 Scheduling Order. Dkt. 12 ("All pending deadlines to answer Plaintiff's Petition are hereby STAYED.") (emphasis in original). The Estate volunteered in the AAA Arbitration, on November 21, 2019, that if proceedings resumed in the Arbitration, the Estate would raise *res judicata* there. Ex. 1. The time to appeal from the Final Order did not expire until May 23, 2019; and, on July 15, 2019, Petitioner filed the Petition at issue in this case. Without violating the confidentiality of the Arbitration, the Estate avers that there was no opportunity to present dispositive briefing on *res judicata* between May 23, 2019 and July 15, 2019; and, in any event, a period of weeks could not constitute prejudicial delay or waiver. *See Gonzalez*, at 422 (waiting from September 2004 to March 2005 to assert *res judicata* was not a prejudicial delay).

Tantaros's entire Opposition on this point is grounded in a serious and obvious misstatement of fact. This argument is frivolous. Tantaros is presently represented by her *ninth* set of counsel in this dispute; and yet they are obligated at least to familiarize themselves with the public filings on the docket, if not also the file from the Arbitration, particularly when they make sweeping representations as to the record in both.

    C.    **Equitable Estoppel Does Not Apply**

Tantaros's Opposition illustrates the policy goals that support *res judicata*. Tantaros improperly attempts to use a motion on the pleadings to re-argue questions of fact that were already decided by the Florida Probate Court. *First*, such questions are not properly presented

5

here.  *Second*, Tantaros's allegations are flatly refuted by dockets in this District and in New York State Supreme Court.  *Third*, this argument itself is barred by collateral estoppel.

Tantaros's Opposition improperly introduces a witness declaration (Dkt. 116).[1]  A witness declaration, introduced on opposition, may not be considered in deciding a Motion to Dismiss.  *Wellnx Life Scis. Inc. v. Iovate Health Scis. Rsch. Inc.*, 516 F. Supp. 2d 270, 279 (S.D.N.Y. 2007) (witness declarations may not be received in opposition to a motion to dismiss).  The declaration should be not be part of the record on this motion.

The essence of Petitioner's allegations is that her failure to file a timely claim in Florida Probate Court should be excused because her counsel were unaware that the Estate existed during the relevant time.  Opp. at 4 ("The Estate was formed on July 27, 2017 . . . but [Quinn Emanuel] failed to notify Ms. Tantaros's counsel of the event.").  And yet it is indisputably true that Tantaros's counsel *were* well-aware of the Estate's existence during the relevant time.  The period for creditors to assert claims against the Estate opened on August 15, 2017 and closed on November 15, 2017.  Final Order ¶¶ 3-4.  On October 5, 2017, in *Tantaros v. Fox News Network, LLC*, 17 Civ. 2958 (GBD) (SDNY), Tantaros's counsel moved a court in this District for leave to join the Estate.[2]  This proves that Tantaros—at a time when she was represented by counsel— was well-aware of the pendency of the Estate.  The motion to join was never granted and the Estate was never served.  No timely claim against the Estate was ever filed.  No claim at all was

---

[1] The declaration makes false and inflammatory allegations "on information and belief" about the actions of the Estate and its counsel.  By not refuting any particular allegation of fact in the Opposition or in the accompanying Tantaros Declaration (Dkt. 116), the Estate does not concede any such allegation and the Estate hereby reserves all rights and waives none with respect to all allegations in the Opposition and the Tantaros Declaration (Dkts. 113-116).

[2] That case was later dismissed because the Complaint was "based primarily on speculation and conjecture."  *Tantaros v. Fox News Network, LLC*, 17 Civ. 2958 (GBD) (SDNY) Dkt. 160 at 11.

filed until January 31, 2018, nearly three months after the deadline to file claims against the Estate had expired.³

The argument that Tantaros presents in her Opposition illustrates the policy goals of *res judicata* and is itself barred by collateral estoppel: her argument was already considered by the Florida Probate Court which made factual findings on this very issue.  Collateral estoppel bars a party from re-litigating a factual question that was determined in a prior proceeding if (1) the same issue was raised before; (2) the issue was litigated and decided; (3) the party against whom collateral estoppel applies had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to the final judgment on the merits.  *Dundon v. Komansky*, 15 F.App'x 27, 29 (2d Cir. 2001) (affirming dismissal of claims on grounds of collateral estoppel).  The Florida Probate Court already "reviewed the file, heard argument of counsel and Andrea Tantaros," and rendered factual findings.  Final Order at 1.  The Florida Probate Court documented the factual findings necessary to its final judgment on the merits, including that: "On October 5, 2017, TANTAROS filed pleadings in the Southern District of New York seeking to join the decedent . . . At that point in time, **TANTAROS knew there was an estate administration pending in Florida and should have filed a claim** in the Florida Probate Estate.  By not f[]iling a claim during the requisite claims period, the claims as filed by TANTAROS are now barred and stricken."  *See* Final Order at ¶¶ 5-7 (emphasis added).

The very question of whether Tantaros knew that the Estate was pending in Florida during the window to file claims has itself already been decided.  This kind of endless re-litigation is exactly what *res judicata* is intended to prevent.  Collateral estoppel—grounded in

---

³ Tantaros asserts in her Opposition that she "missed the filing deadline by one day" to file claims against the Estate.  This is among the many false allegations in the Opposition.

public filings from this very District—serves to resolve the factual questions that Tantaros improperly attempts to introduce on this motion to dismiss.

## II.     *RES JUDICATA* DOES NOT APPLY AGAINST THE ESTATE.

In April 2018, the Arbitration Panel purported to join the Estate to the Arbitration between the Fox Parties and Tantaros. The Estate moved the New York Supreme Court for a stay of the Arbitration as to the Estate. *Estate of Roger Ailes v. Tantaros*, Index No. 652130/2018 (Sup. Ct. N.Y. Cnty.) ("Estate's Petition Action"). The New York Supreme Court denied the Estate's motion for a preliminary injunction but never ruled on the Estate's motion for a permanent injunction. Tantaros now argues that the denial of the preliminary injunction should serve as *res judicata* here to compel the Estate to continue as a party in this case. This argument fails for at least two reasons. *First*, there never was a final judgment on the merits in the Estate's Petition Action and it therefore cannot give rise to *res judicata*. *Second*, the issues in the Estate's Petition Action were not the same as those presented here.

On June 5, 2017, Petitioner chose to dismiss all her claims against Roger Ailes in the Arbitration ***instead of*** waiting for his Estate to be substituted in. *See* Estate's Petition Action Dkt. 6 at 1-2 (e-mail chain by which Tantaros's counsel dismissed Mr. Ailes from the Arbitration); *id*., Dkt. 5 at 4 (e-mail chain by which Tantaros's counsel clarified that he was dismissing Mr. Ailes "***instead of*** waiting for his estate to be substituted in") (emphasis added). In December 2017, Tantaros secretly moved the Arbitration Panel to join the Estate to the Arbitration. *See* Estate's Petition Action, Dkt. 1 ¶15 (the Estate was joined without notice). On April 17, 2018, after realizing that the earlier joinder had been effected without notice, the Arbitration Panel issued a new joinder order. Estate's Petition Action at Dkt. 8 (April 17, 2018 joinder order). The Estate petitioned the New York Supreme Court to stay the Arbitration with respect to the Estate, on the grounds that (1) the AAA Rules gave no authority for joinder; (2)

8

joinder of the Estate was untimely; and (3) joinder at that late stage would prejudice the Estate and was contrary to the arbitration agreement. *Id.*, Dkt. 9 at 7-12. The New York Supreme Court granted a temporary restraining order (*id.*, Dkt. 12) but denied a preliminary injunction (*id.*, Dkt. 25).

Tantaros never Answered the Estate's Petition in that case and the New York Supreme Court never ruled on the Estate's application for a permanent injunction. After Tantaros filed the operative Petition in this case, seeking to stay the Arbitration, the Estate filed a Notice of Discontinuance in the Estate's Petition Action, discontinuing that case. *Id.*, Dkt. 42. There never was any ruling on the Estate's motion for a permanent injunction.

The Opposition asserts that the New York Supreme Court "denied the Estate's request for a preliminary and permanent injunction staying the Arbitration as to the Estate." Opp. at 7. This is false. The New York Supreme Court denied the Estate's request for a *preliminary injunction* but never ruled on the Estate's request for a *permanent injunction*.[4] A preliminary injunction does not even bind the court that issues it as law of the case—it could hardly give rise to preclusive effect in any other forum. *See Lopez v. City of New York*, 2017 WL 4342203, at *9 (S.D.N.Y. Sept. 28, 2017) (preliminary injunction is not a final decision on the merits and therefore will not serve as a basis for *res judicata* or collateral estoppel); *Ramos v. U.S. Dep't of Hous. & Urb. Dev.*, 1997 WL 589008, at *4 (S.D.N.Y. Sept. 19, 1997) (granting or denying a preliminary injunction "does not constitute . . . an adjudication on the merits" because it does not bind the issuing court); *Town of Concord v. Duwe*, 4 N.Y.3d 870, 875 (2005) (denial of a motion

---

[4] Petitioner's Opposition cites to "Ex. XX" (Opp. at 7) in support of its assertion, which is presumably because **there is no exhibit** that could show a ruling on the Estate's request for a permanent injunction. There never was any such ruling. This also renders irrelevant Petitioner's citation to *Webb v. GAF Corp.*, 78 F.3d 53, 56 (2d Cir. 1996), which held that a permanent injunction constituted a final judgment on the merits.

9

for a preliminary injunction is not a judgment on the merits). The Estate's Petition Action cannot possibly serve as a basis for *res judicata* here—or anywhere else—because there never was a final judgment on the merits in that case.

Finally, the issues in the Estate's Petition Action are not the same as those presented here. In the Estate's Petition Action, the Estate petitioned the New York Supreme Court for an order staying the Arbitration as to the Estate on certain grounds, including (1) the Arbitration rules gave no authority for joinder; (2) the Estate had no opportunity to participate in selection of the Arbitration Panel, as the arbitration agreement provided; and (3) the Estate would be prejudiced by being joined belatedly to an Arbitration that had advanced without the Estate's participation. By contrast, Petitioner herself narrowly construes this proceeding as merely concerning whether CPLR 7515 serves to stay the Arbitration. *See* Opp. at 3; *cf.* Dkt. 1-2 at 1 (Petition presents question of application of CPLR 7515). CPLR 7515 was not construed in the Estate's Petition Action. On Tantaros's own version of events, therefore, the Estate's Petition Action did not involve the same issues as those before the Court here. Nor did the Estate's Petition Action resolve the substantive question of any alleged liability between the Estate and Petitioner: the substantive dispute was resolved in Florida Probate Court by the Final Order in 2019, as Tantaros rightly concedes. Opp. at 3 (Florida Probate Court ruled on "Petitioner's status as a creditor of the Estate . . . and her ability to recover [from the Estate]"). Now that the substantive dispute has been ruled on, the Final Order bars further proceedings by Tantaros against the Estate—such as this Petition.

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in the Fox Parties' Motion to Dismiss in which the Estate joins, the Estate respectfully requests that the Court dismiss the Petition with prejudice.

| | |
|---|---|
| Dated: February 2, 2022<br>New York, New York | PETER E. CALAMARI, ESQ.<br><br>By:  */s/ Peter E. Calamari*<br>Peter E. Calamari, Esq.<br>One Vanderbilt, 52nd Floor<br>New York, New York 10017<br>Telephone:  (914) 484-8448<br>petercalamari@gmail.com<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>Kimberly E. Carson<br>Brendan Carroll<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone:  (212) 849-7000<br>Facsimile:  (212) 849-7100<br>kimberlycarson@quinnemanuel.com<br>brendancarroll@quinnemanuel.com<br><br>*Attorneys for the Estate of Roger Ailes* |