UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA TANTAROS,<br><br>        Petitioner,<br><br>-against-<br><br>FOX NEWS NETWORK, LLC., WILLIAM SHINE, THE ESTATE OF ROGER AILES, SUZANNE SCOTT, IRENA BRIGANTI, AND DIANNE BRANDI,<br><br>        Respondents. | Case No. 1:19-cv-07131-ALC-RWL |

## **RESPONSE TO PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY**

On April 7, 2022, Petitioner Andrea Tantaros filed a Notice of Supplemental Authority, attaching a copy of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (the "Act") signed into law over one month ago, on March 3, 2022, as well as select legislative history and press comments regarding the Act. The Act, however, has no bearing whatsoever on Respondents Fox News, Suzanne Scott, Irena Briganti, and Dianne Brandi's (collectively, the "Fox Parties") pending Motion to Dismiss (Dkt. 100).

The Act, which amends the Federal Arbitration Act ("FAA"), only applies "with respect to any dispute or claim that *arises or accrues on or after the date of enactment of this Act*." *See* Act at Sec. 3. Ms. Tantaros' alleged claims obviously arose and accrued years ago, not on or after March 2022. The conduct that forms the basis of Petitioner's claims occurred more than six years ago, as Ms. Tantaros last appeared on Fox News in April 2016. And Ms. Tantaros filed her lawsuit against the Fox Parties on August 22, 2016. Further, the pending motion to dismiss on which Petitioner submits the Act as "authority" has been pending since December 6, 2021, well before enactment of the Act. Petitioner tries to avoid the plain language of the statute and history of her

1

own lawsuit by misleadingly quoting Vice President Kamala Harris as suggesting that the Act "will apply retroactively" to claims like hers. But that is simply not true. The Act precludes arbitration of claims that arise or accrue on or after March 3, 2022, and as Petitioner's litigation of her claims makes clear, her claims arose well before the Act became effective. Her claims are unaffected by the Act and must be arbitrated.

Moreover, although Petitioner asserts that there was a "long-existing public policy against forced arbitration of claims relating to sexual harassment," before the March 2022 amendment to the FAA, that assertion is equal parts wrong and irrelevant. Neither the text of the FAA nor any other federal statute reflected such a "public policy" before the recent amendment. Indeed, the very fact that Congress had to amend the FAA with the Act only underscores that federal law did not already prohibit arbitration of sexual harassment and sexual assault claims. That is why, as explained in the Fox Parties' motion to dismiss, courts routinely required the arbitration of sexual harassment claims pursuant to binding arbitration agreements under the pre-amendment FAA, which applies to Petitioner's pending claims. Because the Act expressly does not apply to claims like Petitioners' claims that were already pending when the Act was passed, the Act is inapplicable by its express terms and Ms. Tantaros must arbitrate her many years-old claims.

For these reasons, as well as those set forth in the motion to dismiss and supporting memoranda of law, the Fox Parties respectfully request that the Court grant the motion to dismiss Ms. Tantaros' petition.

Dated: April 11, 2022

Respectfully submitted,

*/s/ Paul Evans*
Paul Evans
BAKER & McKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel: 212.626.4100
paul.evans@bakermckenzie.com

*Attorneys for Respondents Fox News Network, LLC, Suzanne Scott, Dianne Brandi, and Irena Briganti*