**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANDREA TANTAROS,

                              Petitioner,

                    v.

FOX NEWS NETWORK, LLC., WILLIAM
SHINE, THE ESTATE OF ROGER AILES,
SUZANNE SCOTT, IRENA BRIGANTI,
AND DIANNE BRANDI,

                              Respondents.

19-cv-7131 (ALC)

## PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner Andrea Tantaros hereby submits this Notice of Supplemental Authority related to the Respondent's pending Motions to Dismiss seeking to force Petitioner's claims related to sexual harassment to be heard in a confidential arbitration (ECF Nos. 100 & 103).

On May 25, 2022, Hon. Jeffrey B. Beacham, of the Superior Court of New Jersey, held that, in view of the recent amendments to the Federal Arbitration Act ("FAA") prohibiting forced arbitration of cases related to sexual harassment disputes, the FAA in such cases does not preempt Section 12.7 of the New Jersey Law Against Discrimination ("LAD"), which prohibits mandatory arbitration clauses in employment contracts. *See Sellino v. Galiher, et al.*, ESX-L-8519-21, at 47 (N.J. Super. Ct. May 25, 2022) (Exhibit 1). The court reasoned:

> On March 3rd, 202[2,] President Biden signed into law the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ["Act"].
>
> The plaintiff [whose claims arose before the Act] argues that by amending the FAA in this way, congress has completely reversed the federal policy on mandatory arbitration. In this lawsuit, [plaintiff] is pursuing a case that relates to a sexual harassment dispute. As such, this case falls even more squarely within the newly announced congressional intent, because congress clearly abhors arbitration of this very type of a case.

…

> **The ultimate touchdown in every preemption case is congressional purpose. [*Wyeth v. Levine*, 555 U.S. 555 (2009).] The FAA itself now prohibits the enforcement of arbitration agreements in a case filed under the State Law that relates to a sexual harassment dispute.**
>
> And this is such a case and accordingly enforcing section 12.7 in this case will fill rather than frustrate the purpose of congress under the FAA. So the Court in this case holds that the FAA does not preempt Section 12.7 of LAD [.]

*Id*. at 40, 46-47 (emphasis added).

Because the New Jersey law prohibiting mandatory arbitration is analogous to New York's Civil Practice Law and Rules ("CPLR") § 7515, the decision in *Sellino* further invalidates Respondents' argument that the FAA preempts CPLR § 7515 (*see* Petitioner's Mem. in Opp., at 6-9, ECF No. 114).

Therefore, this supplemental authority is directly relevant to Petitioner's arguments in the pending Motions to Dismiss, and we respectfully request that the Court apply its reasoning here as an additional support for the finding that the FAA does not preempt CPLR § 7515 with respect to Petitioner's claims.

Dated: New York, New York
        August 3, 2022

_____
**OUTTEN & GOLDEN LLP**
Cara E. Greene
Aliaksandra Ramanenka
Brittany E. Arnold
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
*Attorneys for Petitioner*