## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ANDREA TANTAROS,

        Petitioner,

  -against-

FOX NEWS NETWORK, LLC., WILLIAM
SHINE, THE ESTATE OF ROGER AILES,
SUZANNE SCOTT, IRENA BRIGANTI,
AND DIANNE BRANDI,

        Respondents.

Case No. 1:19-cv-07131-ALC-RWL

### RESPONSE TO PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY

On August 3, 2022, Petitioner Andrea Tantaros filed a Notice of Supplemental Authority, attaching a copy of the unpublished New Jersey Superior Court decision in *Sellino v. Galiher, et al.*, ESX-L-8519-21 (N.J. Super. Ct. May 25, 2022).  For the third time since the briefing closed on Respondents Fox News, Suzanne Scott, Irena Briganti, and Dianne Brandi's (collectively, the "Fox Parties") pending Motion to Dismiss (Dkt. 100), Petitioner submits inapposite authority and invokes a change in federal law that expressly does not apply to her claims.  Like the "supplemental authority" identified in Petitioners' prior submissions, *Sellino* has no relevance to the Fox Parties' Motion.

In *Sellino,* the Court ruled that the Federal Arbitration Act ("FAA") did not preempt Section 12.7 of New Jersey's Law Against Discrimination ("NJLAD").  However, in that case, it was undisputed that Section 12.7 of the NJLAD precluded arbitration of the plaintiff's claims in the absence of FAA preemption.  This case does not concern the NJLAD, and the New York Civil Practice Law and Rules § 7515 ("CPLR § 7515") on which Petitioner purports to rely to sidestep her agreement to arbitrate, does not apply to Petitioner's claims and therefore does not preclude

enforcement of Petitioner's arbitration agreement.  It is undisputed that Petitioner signed the arbitration agreement at issue in September 2014 and the alleged conduct that forms the basis of her claims occurred more than six years ago (Petitioner last appeared on Fox News in April 2016). CPLR § 7515 became effective July 11, 2018 and explicitly applies only to written contracts "entered into **on or after the effective date** of this section [*i.e.,* July 11, 2018]."  CPLR § 7515(b)(i) (emphasis added).  Thus, as explained in detail in the Fox Parties' Motion to Dismiss and supporting briefs, CPLR § 7515 does not impact the enforceability of Petitioner's agreement to arbitrate because it is not retroactive.  For this reason alone, the Court should grant Respondents' Motion to Dismiss.

To the extent Petitioner suggests that if CPLR § 7515 were applicable to her claims (which it is not), it would not be preempted by the FAA, that is not the case. As detailed in Respondent's Motion and supporting filings, courts in New York have uniformly held that the FAA preempts CPLR § 7515 to the extent that CPLR § 7515 precludes the arbitration of sexual harassment claims. *Sellino* does not address this established jurisprudence because *Sellino* did not involve CPLR § 7515 at all.  Nor does anything in the March 3, 2022 Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (the "Act"), relied upon by the *Sellino* court in its discussion regarding New Jersey law, compel such a result.  To the contrary, as explained in Respondents' Response to Petitioner's April 7, 2022 Notice of Supplemental Authority (Dkt. 127), the Act was signed into law on March 3, 2022 and only applies "with respect to any dispute or claim that **arises or accrues on or after the date of enactment of this Act**."  In other words, the Act expressly does not apply to claims like Petitioners' claims that were already pending when the Act was passed. Moreover, because Congress explicitly chose not to apply the Act retroactively, the Act in no way embodies

a change in Congressional intent that would warrant overriding the longstanding caselaw establishing FAA preemption over CPLR claims that pre-date the Act's enactment.

For these reasons, as well as those set forth in the motion to dismiss and supporting memoranda of law, the Fox Parties respectfully request that the Court grant the motion to dismiss Ms. Tantaros' petition.

Dated:  August 9, 2022                              Respectfully submitted,

                                                    */s/ Paul Evans*
                                                    Paul Evans
                                                    BAKER & McKENZIE LLP
                                                    452 Fifth Avenue
                                                    New York, NY 10018
                                                    Tel:  212.626.4100
                                                    paul.evans@bakermckenzie.com

                                                    *Attorneys for Respondents Fox News*
                                                    *Network, LLC, Suzanne Scott, Dianne Brandi,*
                                                    *and Irena Briganti*