**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ANDREA TANTAROS,**<br><br>                                 **Plaintiff,**<br><br>-against-<br><br>**FOX NEWS NETWORK, LLC., THE ESTATE OF ROGER AILES, WILLIAM SHINE AND IRENA BRIGANTI,**<br><br>                                 **Defendants.** | **1:19-cv-7131 (ALC)**<br><br>**OPINION & ORDER** |

**Andrew L. Carter, Jr., United States District Judge:**

Plaintiff claims that, despite any arbitration agreement between Plaintiff and Defendants, she cannot be compelled to arbitrate her New York state-based discrimination claims because of legislation passed by the state of New York, C.P.L.R § 7515. I agree with other federal courts in this district that C.P.L.R § 7515 is inconsistent with the Federal Arbitration Act. The FAA preempts the New York statute; Plaintiff's case is dismissed.

                                                    **BACKGROUND**

On July 15, 2019, Plaintiff filed a complaint in state court, seeking "an order: 1) issuing a temporary restraining order, restraining Respondents Fox News, LLC, The Estate of Roger Ailes, William Shine, Irene Briganti, Suzanne Scott, Dianne Brandi and the Arbitration Panel…from

1

further activity with respect to claims or defenses that relate to Petitioner's sexual harassment allegations and claims within the remedial ambit of § 7515 pending resolution of the Petition; 2) granting Petitioner's request for a preliminary and permanent injunction against arbitration of Petitioner's sexual harassment allegations and claims shielded from mandatory arbitration under § 7515; and 3) issuing a Declaratory Judgment that Petitioner cannot be compelled under § 7515 to continue to arbitrate her sexual harassment allegations, claims and defense." Complaint p. 1-2.

On July 30, 2019, Respondents removed the action to federal court pursuant to 28 U.S.C. § 1441. Petitioner moved to remand the case to state court for lack of subject matter jurisdiction. On December 17, 2019, this Court denied Petitioner's motion to remand, concluding that the *Gunn-Grable* doctrine provides the Court subject matter jurisdiction because Petitioner's state action necessarily raises a disputed and substantial federal issue: whether §7515's prohibition on mandatory arbitration clauses for sexual harassment claims conflicts with the Federal Arbitration Act ("FAA"). *See* Opinion & Order (ECF No. 40).

The Court granted Petitioner leave to file a motion for an order authorizing interlocutory review. (ECF No. 46). Petitioner filed her motion on February 6, 2020. (ECF No. 47). Respondents filed their opposition on March 9, 2020. (ECF No. 51). Petitioner filed her reply on March 24, 2020. (ECF No. 56). On June 8, 2020, I granted the motion for a certificate of appealability. On October 6, 2020, the Second Circuit granted the petition for immediate appeal. The Second Circuit affirmed my decision denying remand to state court on October 7, 2021. On October 21,

2021, I allowed Plaintiff's attorneys to withdraw since Plaintiff wanted to fire them. (ECF. No. 98)

On December 6, 2021, Defendants filed the instant motions to dismiss. Plaintiff retained new counsel on December 27; her new counsel filed an opposition to the motions to dismiss on January 20, 2022. (ECF. No. 113). Defendants filed reply motions on February 2, 2022. (ECF No. 119, 124). The parties filed notices of supplemental authority on April 11, June 24, August 3 and August 31. Each party responded to the supplemental authority. The motions are fully briefed.

LEGAL STANDARD

Rule 12(b)(6) allows the court to dismiss a claim if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss, the court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims should be dismissed when a plaintiff has not pled enough facts that "plausibly give rise to an entitlement to relief." *Id.* at 679. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While not akin to a "probability requirement," the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, where a plaintiff alleges facts that are

3

"merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 557 (2007)).

DISCUSSION

In interpreting the Federal Arbitration Act, the Supreme Court has stated that the purpose of the Act is to combat historical hostility toward arbitration agreements, putting agreements to arbitrate on the same footing as any other contract. *See Morgan v. Sundance, Inc.*, 212 L.Ed. 2d 753, 759, 142 S.Ct. 1708. (citations omitted). Consequently, courts may not invent new procedural rules that favor or disfavor arbitration. *Id*. Just as the FAA prevents courts from interpreting rules in order to disfavor arbitration, the FAA prevents state legislatures from passing laws that exempt certain claims from arbitration. "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011).

N.Y. C.P.L.R. § 7515(b) reads as follows:

> (i) Prohibition. Except where inconsistent with federal law, no written contract, entered into on or after the effective date of this section shall contain a prohibited clause as defined in paragraph two of subdivision (a) of this section.
>
> (ii) Exceptions. Nothing contained in this section shall be construed to impair or prohibit

4

an employer from incorporating a non prohibited clause or other mandatory arbitration provision within such contract, that the parties agree upon.

(iii) Mandatory arbitration clause null and void. Except where inconsistent with federal law, the provisions of such prohibited clause as defined in paragraph two of subdivision (a) of this section shall be null and void. The inclusion of such clause in a written contract shall not serve to impair the enforceability of any other provision of such contract." N.Y. C.P.L.R. § 7515(b).

"Section 7515 defines prohibited clause as any clause or provision in any contract which requires as a condition of the enforcement of the contract or obtaining remedies under the contract that the parties submit to mandatory arbitration to resolve any allegation or claim of an unlawful discriminatory practice of sexual harassment." *Latif v. Morgan Stanley & Co. LLC*, No. 18CV11528 (DLC), 2019 U.S. Dist. LEXIS 107020 at 7-8 (S.D.N.Y.June 26, 2019), *citing* N.Y. C.P.L.R. § 7515.

By prohibiting the arbitration of discrimination claims, § 7515 directly conflicts with the Supreme Court's interpretation of the FAA.  See *Rollaq v. Cowen Inc*., No. 20-CV-5138 (RA) 2021 U.S. Dist. LEXIS 39942  at 15, (S.D.N.Y. March 3, 2021). "Accordingly, N.Y. C.P.L.R. § 7515 is displaced by the FAA in this case." *Id.*  See also *Latif v. Morgan Stanley & Co. LLC*, No. 18CV11528 (DLC), 2019 U.S. Dist. LEXIS 107020  (S.D.N.Y.June 26, 2019).

CONCLUSION

Accordingly, I grant both Defendants' motions to dismiss the complaint in its entirety.[1]  The Clerk of Court is directed to terminate the motions at ECF 100 and 104 and close this case.

**SO ORDERED.**

**Dated: September 30, 2022**
**New York, New York**

  /s/ Andrew L. Carter, Jr.
**ANDREW L. CARTER, JR.**
**United States District Judge**

---

[1] Although not pleaded in the complaint, Plaintiff also claims that arbitration is prohibited by a federal law, The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021. That law, signed into law on March 3, 2022, well after Plaintiff's arbitration agreement and lawsuit, does not apply retroactively; it cannot be used to shield Plaintiff from arbitration. See *Walters v. Starbucks Corp.*, No. 22CV-1907 (DLC), 2022 U.S. Dist. LEXIS 153228, at *7, (S.D.N.Y. August 25, 2022).  Plaintiff's remaining arguments are without merit.

  Since I am dismissing the complaint based on preemption, I need not discuss the Estate's alternate ground for dismissal, collateral estoppel.